IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., Attorney General of the United States, | ) ) ) |
| | ) No. 1:12-cv-00203-CKK-BMK-JDB |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| JAMES DUBOSE, JUNIOR GLOVER, FAMILY UNIT, INC., BRENDA C. WILLIAMS, M.D., and AMANDA WOLF, | ) ) ) |
| | ) |
| Applicants for Intervention. | ) |

### [PROPOSED] ANSWER OF DEFENDANT-INTERVENORS

James Dubose, Junior Glover, Family Unit, Inc., Brenda C. Williams, M.D., and Amanda Wolf (collectively, "Defendant-Intervenors") hereby answer each of the numbered paragraphs of the Complaint (Docket # 1) filed by the Plaintiff in the above-styled action as follows:

**I.  Parties**

1. Defendant-Intervenors admit that this action is brought by the State of South Carolina but deny that it is brought on behalf of its citizens.

2. Defendant-Intervenors admit the allegations in paragraph 2.

**II.  The South Carolina Voter ID Law Enacted in 2011**

3. Defendant-Intervenors admit the allegations in paragraph 3.

4. The allegations in paragraph 4 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 4.

5. Defendant-Intervenors admit the allegations in paragraph 5.

6. Defendant-Intervenors admit the allegations in paragraph 6.

7. Defendant-Intervenors admit the allegations in paragraph 7.

8. Defendant-Intervenors deny the allegation in paragraph 8 that Act R54 will not have a racially discriminatory effect. Defendant-Intervenors are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and demand proof thereof.

9. Defendant-Intervenors admit that Act R54 contains an exemption, but deny the remaining allegations in paragraph 9.

10. Defendant-Intervenors admit that Act R45 provides an exemption, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 and demand proof thereof..

11. Defendant-Intervenors admit that Act R45 provides an exemption, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and demand proof thereof.

12. Defendant-Intervenors admit that Act R54 provides an exemption, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and demand proof thereof.

13. Defendant-Intervenors admit that Sections 4 and 6 of Act R54 provide for the

issuance of a special identification card, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 and demand proof thereof.

14.     Defendant-Intervenors admit that Section 7 of Act R54 mandates certain voter education programs, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 and demand proof thereof.

15.     Defendant-Intervenors admit the allegations in paragraph 15.

16.     Defendant-Intervenors admit the allegations in paragraph 16.

17.     Defendant-Intervenors admit that the South Carolina Department of Motor Vehicles held a "State Identification Card Day" on September 28, 2011, but deny the remaining allegations in the first sentence of paragraph 17. Defendant-Intervenors are without sufficient knowledge or information as to the allegations contained in the second sentence of paragraph 17 and demand proof thereof.

**III.    The Administrative Review of Act R54**

18.     Defendant-Intervenors admit the allegations in paragraph 18.

19.     Defendant-Intervenors admit the allegations in paragraph 19.

20.     Defendant-Intervenors admit the allegations in paragraph 20 only to the extent that the Assistant Attorney General for Civil Rights, on December 23, 2011, formally objected to Section 5 of Act R54 by letter. Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 20.

21.     The allegations in paragraph 21 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 21.

22. The allegations in paragraph 22 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenors aver that Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, speaks for itself, and they deny the remaining allegations in paragraph 22.

23. The allegations in paragraph 23 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 23.

24. Defendant-Intervenors admit the allegation in paragraph 24 only to the extent that it seeks to characterize the relief sought by Plaintiff in this case. Defendant-Intervenors deny Plaintiff is entitled to any relief in this action.

### IV. Jurisdiction and Venue

25. Defendant-Intervenors admit the allegations in paragraph 25 but deny Plaintiff is entitled to any relief.

26. Defendant-Intervenors admit the allegations in paragraph 26.

### V. Cause of Action

27. In response to paragraph 27, Defendant-Intervenors incorporate by reference the responses in paragraphs 1 through 26 of this Answer as if fully set forth herein.

28. Defendant-Intervenors deny the allegations in paragraph 28.

29. Defendant-Intervenors admit that the 1988 law is the benchmark for purposes of Section 5, but deny the remaining allegations in paragraph 29.

30. Defendant-Intervenors deny the allegations in paragraph 30.

31. Defendant-Intervenors deny the allegations in paragraph 31.

32. Defendant-Intervenors deny the allegations in paragraph 32.

33. Defendant-Intervenors deny the allegations in paragraph 33.

34. Defendant-Intervenors deny the allegations in paragraph 34.

35. The allegations in paragraph 35 are statements of law and/or conclusions of law to which no response is required, but Defendant-Intervenors deny Plaintiff is entitled to any relief.

36. The allegations in paragraph 36 are statements of law and/or conclusions of law to which no response is required, but Defendant-Intervenors deny that the application of Section 5 to South Carolina raises constitutional concerns.

37. Defendant-Intervenors deny the allegations in paragraph 37.

38. Defendant-Intervenors deny Plaintiff is entitled to any relief.

## DEMAND FOR JUDGMENT

Defendant-Intervenors deny Plaintiff is entitled to the relief requested.

## DEFENDANT-INTERVENOR PRAYER FOR RELIEF

Defendant-Intervenors respectfully request that this Court:

1. Convene a three-judge court pursuant to 42 U.S.C. § 1973 and 28 U.S.C. § 2284;

2. Deny the State of South Carolina's request for a declaratory judgment stating that Section 4, 5, 7, and 8 of Act R54 neither have the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority and may be administered by South Carolina without impediment on account of Section 5 of the Voting Rights Act;

3. Award Defendant-Intervenors the expenses, costs, fees, and other

disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e); and

    4.    Grant Defendant-Intervenors any other and further relief this Court deems proper and just.

        Respectfully submitted,

/s/ *Arthur B. Spitzer*
ARTHUR B. SPITZER (D.C. Bar. No. 235960)
American Civil Liberties Union of the Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
(202) 457-0800
(202) 457-0805 (fax)
artspitzer@gmail.com

LAUGHLIN McDONALD
NANCY ABUDU
KATIE O'CONNOR
American Civil Liberties Union Foundation, Inc.
230 Peachtree Street, N.W., Suite 1440
Atlanta, Georgia 30303-1227
(404) 523-2721
(404) 653-0331 (fax)
lmcdonald@aclu.org
nabudu@aclu.org
koconnor@aclu.org

SUSAN DUNN
American Civil Liberties Union of South Carolina
Post Office Box 20998
Charleston, South Carolina 29413
sdunn@aclusouthcarolina.org

Attorneys for Defendant-Intervenors