# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>           Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; and<br>ERIC H. HOLDER, JR., in his<br>official capacity as Attorney General,<br><br>           Defendants,<br><br>  and<br><br>JAMES DUBOSE, JUNIOR GLOVER,<br>FAMILY UNIT, INC., BRENDA C.<br>WILLIAMS, M.D., and AMANDA WOLF,<br><br>           Defendant-<br>           Intervenors,<br><br>  and<br><br>LEAGUE OF WOMEN VOTERS OF<br>SOUTH CAROLINA,<br><br>           Proposed Defendant-<br>           Intervenor. | Case No. 1:12-cv-203 (CKK, BMK, JDB) |

**[PROPOSED] ANSWER BY DEFENDANT-INTERVENOR LEAGUE OF
WOMEN VOTERS OF SOUTH CAROLINA TO THE COMPLAINT FOR
<u>DECLARATORY JUDGMENT</u>**

The League of Women Voters of South Carolina (the "Defendant-Intervenor"), by its undersigned attorneys, hereby answers the Complaint filed by the Plaintiff in the above-styled action as follows:

## RESPONSES TO THE COMPLAINT

Defendant-Intervenor denies each and every averment of the Complaint except as specifically admitted in the following responses to the enumerated paragraphs of the Complaint.

### I. PARTIES

1. Defendant-Intervenor admits the allegations in paragraph 1 to the extent that they identify the Plaintiff, that the Voting Rights Act ("VRA") authorizes South Carolina to bring a claim seeking VRA Section 5 ("Section 5") preclearance before this Court, and that 28 U.S.C. Section 2201 grants this Court jurisdiction to issue declaratory relief. Defendant-Intervenor denies that all of the citizens of South Carolina support this action or the relief sought.

2. Defendant-Intervenor admits the allegations in paragraph 2.

### II. THE SOUTH CAROLINA VOTER ID LAW ENACTED IN 2011

3. Defendant-Intervenor admits the allegations in paragraph 3, but denies that the provisions of Act R54 were "reforms" in the sense that they made improvements, or removed defects or corrected errors or wrongs, in previous voter identification law. Defendant-Intervenor also denies that the provisions of Act R54, for which South Carolina seeks a declaratory judgment in this lawsuit, are effective as law.

4. Defendant-Intervenor admits, upon information and belief, that multiple states have enacted laws which establish a variety of procedures by which voters are to identify themselves at the polls. Defendant-Intervenor denies that 15 states require photographic IDs to cast a regular ballot, and avers that this number includes states which

provide other means for obtaining a regular ballot without photographic ID.  Defendant-Intervenor denies all other allegations in paragraph 4 to the extent a response is required.

5.     Upon information and belief, Defendant-Intervenor admits that the allegations in paragraph 5 accurately reflect state law without the amendments contained in Act R54, and otherwise is without sufficient knowledge or information at this time regarding the truth of the remaining allegations, and therefore denies these allegations.

6.     Upon information and belief, Defendant-Intervenor admits that state law provisions regarding voters identifying themselves at the polls so as to cast a regular ballot—which pre-dated the provisions of Act R54—have received Section 5 preclearance insofar as those provisions constituted voting changes subject to Section 5 preclearance.  The remaining allegations in paragraph 6 are statements and/or conclusions of law to which no response is required.

7.     Defendant-Intervenor admits that paragraph 7 accurately summarizes certain portions of Section 5 of Act R54.

8.     Defendant-Intervenor denies the allegations in paragraph 8.

9.     Defendant-Intervenor admits that Act R54 includes certain limited exceptions to the photo identification requirements (which the Complaint alleges are "exemptions"), and specifies certain actions to be taken by state officials (which the Complaint alleges are "remedial affirmative efforts").  Defendant-Intervenor denies that Act R54 imposes only minor inconveniences, denies that the alleged "exemptions" and the alleged "remedial affirmative efforts" will offset the inconveniences imposed, denies that Act R54 does not treat any voter in a discriminatory fashion, denies that Act R54

establishes a mechanism for ensuring the uniform and fair application of the alleged "exemptions," and denies all remaining allegations in paragraph 9.

10. Defendant-Intervenor admits that paragraph 10 accurately quotes and summarizes a portion of Section 5 of Act R54. To the extent that paragraph 10 implies the actual practices that would be implemented by election officials if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

11. Defendant-Intervenor admits that paragraph 11 accurately quotes and summarizes a portion of Section 5 of Act R54. To the extent that paragraph 11 implies the actual practices that would be implemented by election officials if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

12. Defendant-Intervenor admits that paragraph 12 accurately summarizes a portion of Act R54. To the extent that paragraph 12 implies the actual practices that would be implemented by election officials if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

13. Defendant-Intervenor admits that Sections 4 and 6 of Act R54 provide for the issuance of a special identification card which would serve as a voter's photo identification for casting a regular ballot at the polls, but denies that these cards are cost

"free," due to the requirement, among other things, to present significant underlying documentation to obtain a special identification card. To the extent that paragraph 13 implies the actual practices that would be implemented by election officials if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

  14. Defendant-Intervenor admits that Section 7 of Act R54 directs the State Elections Commission to establish a voter education program. To the extent that paragraph 14 implies the actual practices that would be implemented by the South Carolina Election Commission if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

  15. Defendant-Intervenor admits that paragraph 15 accurately summarizes certain portions of Section 5 of Act R54. To the extent that paragraph 15 implies the actual practices that would be implemented by the South Carolina Election Commission or other officials if the voting changes in Act R54 are precleared, Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of any such allegations and therefore denies these allegations.

  16. Defendant-Intervenor admits the allegations in paragraph 16.

  17. Defendant-Intervenor admits that the South Carolina Department of Motor Vehicles announced it would hold a "State Identification Card Day" on September 28, 2011, but denies the remaining allegations in the first sentence of paragraph 17. Defendant-Intervenor is without sufficient knowledge or information at this time to form

a belief as to the truth of the allegations contained in the second sentence in paragraph 17 and therefore denies these allegations.

### III. THE ADMINISTRATIVE REVIEW OF ACT R54

18. Defendant-Intervenor admits the allegations in paragraph 18.

19. Upon information and belief, Defendant-Intervenor admits the allegations in paragraph 19.

20. Defendant-Intervenor admits the allegations in paragraph 20 only to the extent that, by letter dated December 23, 2011, Assistant Attorney General Thomas E. Perez interposed an objection, pursuant to Section 5 of the Voting Rights Act, to certain voting changes contained in Section 5 of Act R54; that the letter states that South Carolina failed to meet its burden of showing the absence of a retrogressive effect; and that the Attorney General made "no determination" with respect to the voting changes contained in Sections 4, 7, and 8 of Act R54. Defendant-Intervenor refers to the December 23, 2011 letter for a full statement of its contents. Defendant-Intervenor is without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies these allegations.

21. Defendants-Intervenor denies all allegations contained in the first sentence of paragraph 21, and refer to the December 23, 2011 letter for a full statement of its contents. The allegations contained in the second sentence of paragraph 21 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations in the second sentence of paragraph 21.

22. Defendant-Intervenor denies the allegations in paragraph 22 regarding the scope, purpose, and effect of Act R54, particularly the allegations that Act R54 is "aimed at preventing voter fraud," that Act R54 imposes "at most, a minor inconvenience on the exercise of the right to vote," and that Act R54 "has mitigated any potential inconveniences" through its other provisions. The remaining allegations of paragraph 22 are statements of law and/or conclusions of law to which no response is required; however, to the extent a response is required Defendant-Intervenor denies these allegations.

23. Defendant-Intervenor denies the allegations in paragraph 23 regarding the effect of Act R54. To the extent paragraph 23 references specific provisions of Act R54, which the Complaint addressed in paragraphs 10 through 13, Defendant-Intervenor incorporates by reference its responses to those numbered paragraphs as if fully set forth herein. The allegations in paragraph 23 are otherwise statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenor denies all allegations in paragraph 23, and refer to the December 23, 2011 letter for a full statement of its contents.

24. Defendant-Intervenor admits the allegations in paragraph 24 only to the extent that they state the statutory basis for the claims asserted by South Carolina and attempt to characterize the relief sought, but denies that South Carolina is entitled to any relief.

### IV. JURISDICTION AND VENUE

25. Defendant-Intervenor admits the allegations in paragraph 25, but denies that South Carolina is entitled to any relief.

26. Defendant-Intervenor admits the allegations in paragraph 26.

## V. CAUSE OF ACTION

### Count One:  Declaratory Judgment for Preclearance for Sections 4, 5, 7, and 8 of Act R54

27. Defendant-Intervenor incorporates by reference the foregoing responses to paragraphs 1 through 26 of this Answer as if set forth fully herein.

28. Defendant-Intervenor denies the allegations in paragraph 28.

29. Upon information and belief, Defendant-Intervenor admits that the first sentence of paragraph 29 accurately summarizes certain portions of South Carolina's voter identification law passed in 1988, and denies all remaining allegations in paragraph 29.

30. Defendant-Intervenor denies the allegations in paragraph 30.

31. Defendant-Intervenor denies the allegations in paragraph 31.

32. Defendant-Intervenor denies the allegations in paragraph 32.

33. Defendant-Intervenor denies the allegations in paragraph 33.

34. Defendants-Intervenor denies the allegations in paragraph 34.

35. The allegations in the first two sentences of paragraph 35 are statements of law and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant-Intervenor denies these allegations, and denies that South Carolina is entitled to receive any relief, except that Defendant-Intervenor admits that, in its *Crawford* decision, the Supreme Court rejected a facial constitutional challenge to a voter identification law enacted by the State of Indiana.  Defendant-Intervenor denies that racial discrimination in South Carolina "was remedied long ago"; denies that Section 5 of

the VRA, reauthorized in 2006, is based on "nearly 50-year-old evidence of discrimination"; and denies all remaining allegations in the third sentence of paragraph 35.

36. The allegations in paragraph 36 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, Defendant-Intervenor denies all allegations in paragraph 36. Defendant-Intervenor specifically denies that the application of Section 5 of the VRA to South Carolina raises any "constitutional concerns" and that non-covered States are "similarly situated" to covered States for purposes of Section 5 and preclearance determinations.

37. Defendant-Intervenor denies that Act R54 will not have any discriminatory effect, denies that the application of Section 5 of the VRA to South Carolina raises any "grave constitutional question," and denies all remaining allegations in paragraph 37.

38. Defendant-Intervenor denies the allegations in paragraph 38, and denies that South Carolina is entitled to any relief.

## PRAYER FOR RELIEF

Defendant-Intervenor respectfully requests that the three-judge district court convened to hear this matter:

A. Deny Plaintiff's request for a declaratory judgment that covered voting changes in Sections 4, 5, 7, and 8 of Act R54 neither have the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, under Section 5 of the Voting Rights Act, and may be administered by South Carolina;

  B. Award Defendant-Intervenor reasonable attorneys' fees, litigation expenses (including expert witness fees and expenses), and costs; and

  C. Grant Defendant-Intervenor such other relief as the Court may deem just and proper.

Dated: March 26, 2012

/s/ Mark A. Posner
Jon M. Greenbaum (D.C. Bar No. 489887)
Mark A. Posner (D.C. Bar No. 457833)
Robert A. Kengle
LAWYERS' COMMITTEE FOR
 CIVIL RIGHTS UNDER LAW
1401 New York Ave. NW
Ste. 400
Washington, D.C.  20005
Tel:  (202) 662-8389
Fax:  (202) 628-2858
mposner@lawyerscommittee.org

Michael A. Cooper *(pro hac vice to be sought)*
Garrard R. Beeney *(pro hac vice to be sought)*
Theodore A.B. McCombs *(pro hac vice to be sought)*
Sambo Dul *(pro hac vice to be sought)*
Sean A. Camoni *(pro hac vice to be sought)*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 291-9007
beeneyg@sullcrom.com

Wendy R. Weiser *(pro hac vice to be sought*
Keesha M. Gaskins *(pro hac vice to be sought)*
Mimi Marziani *(pro hac vice to be sought)*

Elisabeth Genn (*pro hac vice to be sought*)
THE BRENNAN CENTER FOR JUSTICE
   AT NYU SCHOOL OF LAW
161 Avenue of the Americas, Floor 12
New York, NY  10013-1205
Tel:  (646) 292-8310
Fax:  (212) 463-7308
keesha.gaskins@nyu.edu

Armand Derfner (*Bar renewal pending*)
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402
Tel:  (843) 723-9804
Fax:  (843) 723-7446
aderfner@dawlegal.com