IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>UNITED STATES OF AMERICA; and ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>    *Defendants*,<br><br>    and,<br><br>SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, KENYDA BAILEY, CHARMAINE BEAL, KIAKA DAVIS, EVIN PERCIVAL, AND SEQUIOA WALLER,<br><br>    *Proposed Defendant-Intervenors*. | Civ. No. 1:12-cv-00203-CKK-BMK-JDB |

**MOTION TO INTERVENE AS DEFENDANTS**

Proposed Defendant-Intervenors, the South Carolina State Conference of the NAACP, Kenyda Bailey, Charmaine Beal, Kiaka Davis, Evin Percival, and Sequioa Waller, (collectively, "Proposed Defendant-Intervenors"), by and through their undersigned counsel, hereby submit this Motion to Intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), and the accompanying Statement of Points and Authorities and Proposed Answer, pursuant to Local Civil Rule 7. In the alternative, Proposed Defendant-Intervenors seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1). Proposed Defendant-Intervenors move to intervene in this action to oppose Plaintiff State of South Carolina's ("Plaintiff" or "South Carolina")

request for judicial preclearance under Section 5 of the Voting Rights Act ("VRA") of its recently enacted Act R54 (A27 H3003) (2011) ("Act R54," or "voter ID law," or "photo ID law").

This Motion is made with Proposed Defendant-Intervenors' understanding of this Court's interest in the efficient disposition of the proceedings in this matter. To that end, Proposed Defendant-Intervenors are committed to (i) avoiding delays or the unnecessary duplication of efforts in areas satisfactorily addressed and represented by the United States of America and Eric H. Holder Jr., Attorney General of the United States (collectively, "Defendants"), to the extent possible; and (ii) abiding by this Court's March 20, 2012 Order requiring that Intervenors' confer with Defendants prior to filing motions, responses, briefs, or discovery requests, Dkt. Nos. 10 & 11, and its March 21, 2012 Order regarding the parties' obligations to meet and confer and file a Joint Status Report, Dkt. No. 12.

The grounds for this Motion, more fully described in the accompanying Statement of Points and Authorities, are set forth below:

1. Plaintiff brought this declaratory judgment action under Section 5 of the VRA, as amended, 42 U.S.C. § 1973c, and 28 U.S.C. § 2201 to seek judicial preclearance of Act R54. This voter ID law limits the accepted forms of photo identification for in-person voting in South Carolina. Upon implementation, this voter ID law will have a retrogressive effect on minority voters, including African-American student voters, in South Carolina, the entirety of which is covered by Section 5 of the VRA.

2. Proposed Defendant-Intervenors seek to intervene in a timely fashion. Plaintiff filed its Complaint on February 8, 2012. Defendants have not yet filed an answer to the

Complaint. Proposed Defendant-Intervenors submit this Motion and their Proposed Answer before the issuance of an initial scheduling order, the commencement of discovery, and any filing of dispositive motions.

3. Prior to its February filing, South Carolina submitted Act R54 for administrative preclearance to the Department of Justice ("DOJ") on June 28, 2011. *See* Compl. ¶¶ 18 *et seq.* The DOJ denied preclearance of Act R54 on December 23, 2011, finding that South Carolina's data shows that "minority registered voters [are] nearly 20% more likely to lack DMV-issued ID than white registered voters, and thus [would be] effectively disenfranchised by Act R54's new requirements." *See* Ex. 1, Letter from Thomas E. Perez, Asst. Atty. Gen., DOJ, to C. Havird Jones, Jr., Asst. Deputy Atty. Gen., South Carolina (Dec. 23, 2011), at 2.

4. Proposed Individual Defendant-Intervenors are members of a class of persons whom the VRA was specifically designed to protect. Proposed Individual Defendant-Intervenors Kenyda Bailey, Charmaine Beal, Kiaka Davis, Evin Percival, and Sequioa Waller are African-American residents of South Carolina and registered voters in Richland County. Proposed Individual Defendant-Intervenors are also students of Benedict College, one of eight historically Black colleges in South Carolina.

5. Proposed Organizational Defendant-Intervenor South Carolina State Conference of the NAACP ("Proposed Organizational Defendant-Intervenor" or "the South Carolina NAACP") is a nonprofit, nonpartisan organization in South Carolina. Proposed Organizational Defendant-Intervenor is the local branch of the National Association for the Advancement of Colored People ("NAACP"), and, consistent with the mission of the NAACP, Proposed Organizational Defendant-Intervenor seeks to remove all barriers of

racial discrimination through democratic processes and the enactment and enforcement of federal, state and local laws securing civil rights, including laws relating to voting rights. The South Carolina NAACP has held and sponsored voter registration and voter education activities for several years, and has been credited with registering thousands of voters throughout the state. South Carolina's voter ID law will not only undermine the South Carolina NAACP's efforts to make voting more accessible for its members, but it will also require a diversion of the organization's human and financial resources. Thus, the South Carolina NAACP seeks to intervene in this litigation on behalf of itself as an organization, and as a representative of its members.

6. The disposition of this litigation will have an impact on Proposed Defendant-Intervenors' interests, and specifically on their access to the polls on Election Day. Proposed Individual Defendant-Intervenors, one of whom has previously voted in South Carolina without the burdens of Act R54, have relied on the state's benchmark practices, which did not require the presentation of one of a limited number of acceptable forms of photo ID to be able to vote at the polls. Proposed Organizational Defendant-Intervenor, the South Carolina NAACP, has itself relied on the state's benchmark practice with respect to photo IDs. Proposed Defendant-Intervenors have a vested interest in protecting their ability to vote in South Carolina.

7. Proposed Defendant-Intervenors have a significant interest in preventing the implementation of Act R54. The questions of law and fact concerning the legality of the voter ID law directly affect the current and future voting rights of Proposed Defendant-Intervenors. As a plurality of the United States Supreme Court observed: "[s]till, racial discrimination and racially polarized voting are not ancient history. Much remains to be

done to ensure that citizens of all races have equal opportunity to share and participate in our democratic processes and traditions. . . ." *Bartlett v. Strickland*, 129 S. Ct. 1231, 1249 (2009) (Kennedy, J.). The Supreme Court also recognized that the VRA remains an effective tool in safeguarding the rights of minority voters. *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504, 2506 (2009) (noting that the "improvements are no doubt due in significant part to the Voting Rights Act itself, and stand as a monument to its success").

8. Courts routinely grant intervention in Section 5 and other voting rights cases to minority voters and organizations representing the interests of voters of color, such as Proposed Defendant-Intervenors. Courts have recognized that minority voters and organizations serving communities of color have strong interests in voting issues and offer important perspectives which bear upon the proper interpretation of Section 5 of the VRA. Courts have also recognized that the interests of minority voters and organizations representing the interests of minority voters may diverge from the positions of institutional parties, such as the United States or Attorney General of the United States. Courts have therefore granted intervention to multiple groups of intervenors in a broad range of voting matters, including many recent and on-going declaratory judgment actions. *See, e.g.*, *Texas v. Holder*, No. 1:12-cv-00203, ECF. No. 16 (D.D.C. Mar. 15, 2012); *Florida v. Holder*, No. 1:11-cv-01428, ECF No. 42 (D.D.C. Oct. 19, 2011) (granting several motions to intervene presented by African-American, Latino, and other minority voters in action for preclearance of voting changes under Section 5, and challenging the constitutionality of Section 5 of the VRA); *Texas v. United States*, No. 1:11-cv-01303, ECF No. 11 (D.D.C. Aug. 16, 2011) (granting intervention to minority

voters in declaratory judgment action to preclear redistricting plan under Section 5 of the VRA); *Georgia v. Holder*, No. 1:10-cv-01062, ECF No. 30 (D.D.C. Aug. 3, 2010) (granting several motions to intervene presented by African-American, Latino, and other minority voters in an action for a declaratory judgment on voting changes, and challenging the constitutionality of Section 5 of the VRA); *Shelby Cnty. v. Holder*, No. 1:10-cv-00651, ECF No. 29 (D.D.C. Aug. 25, 2010) (granting several motions to intervene by African-American voters in case challenging the constitutionality of Section 5 of the VRA); *Nw. Austin Mun. Util. Dist. No. One v. Mukasey*, 573 F. Supp. 2d 221, 230 (D.D.C. 2008) (granting several motions to intervene presented by African-American, Latino, and other minority voters in case seeking bailout under section 4(a) of the VRA, and challenging the constitutionality of Section 5 of the VRA).[1]

9. Proposed Defendant-Intervenors have a right to intervene, pursuant to Fed. R. Civ. P. 24(a)(2), because their interests may not be "adequately represented" by existing Defendants. Fed. R. Civ. P. 24(a)(2). A government entity often cannot adequately represent the interests of private parties. *See Dimond v. District of Columbia*, 792 F. 2d 179, 192 (D.C. Cir. 1986) (Proposed Defendant-Intervenors' burden on this point is "not

---

[1] For additional examples of voting rights cases in which motions to intervene by organizations and individuals represented by the NAACP Legal Defense and Educational Fund, Inc. ("LDF") have been granted by this Court, *see La. House of Representatives v. Ashcroft*, No. 02-62 (D.D.C. June 6, 2002) (granting coalition of organizations, African American voters, and other voters' motion to intervene in a Section 5 declaratory judgment action seeking preclearance of redistricting plan; voters were represented by LDF); *Virginia v. Reno*, 117 F. Supp. 2d 46 (D.D.C. 2000) (LDF represented intervening voters); *Beer v. United States*, 374 F. Supp. 363, 367 n.5 (D.D.C. 1974), *vacated on other grounds*, 425 U.S. 130 (1976) (LDF represented intervening voters); *N.Y. State v. United States*, 65 F.R.D. 10, 12 (D.D.C. 1974) (LDF represented intervening organization). The grants of intervention to minority voters in these cases are informed by the holding in *Allen v. State Board of Elections*, which found an implied cause of action for private citizens to bring suits enforcing Section 5 of the VRA because they were beneficiaries of the Act. 393 U.S. 544, 557 (1969) ("[t]he guarantee of § 5 . . . might well prove an empty promise unless the private citizen were allowed to seek judicial enforcement of the prohibition;" LDF represented appellant).

onerous," and is satisfied by a showing that the representation of their interests by the present parties "*may* be inadequate, *not* that representation *will* in fact be inadequate.") (emphases added, internal quotation marks and citation omitted); *see also Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (showing burden should be treated as minimal); *accord Natural Res. Def. Council v. Costle*, 561 F.2d 904, 911 (D.C. Cir. 1977); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25 (D.D.C. 2002) (three-judge panel in state redistricting declaratory judgment action granting intervention to African-American voters pursuant to Fed. R. Civ. Proc. 26(a)(2)); 7C Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1909 (2d ed. 1986) (an applicant ordinarily should be permitted to intervene as of right "unless it is *clear* that the party will provide adequate representation for the absentee" (emphasis added)). Even "a partial congruence of interests" is insufficient to "guarantee the adequacy of representation." *Fund for Animals*, 322 F.3d 728, 737 (D.C. Cir. 2003).

10. Proposed Defendant-Intervenors' interests, while complementary, are distinct from those of the Dubose Defendant-Intervenors and from the League of Women Voters, who have filed a Motion to Intervene. *See* Dkt. Nos. 7, 19. For example, prior to the proposed implementation of Act R54, registered student voters could have used—and, in the case of one of the Proposed Individual Defendant-Intervenors, did use—a student ID as one of the types of identification requested from in-person voters. Moreover, prior to the passage of South Carolina's photo ID law, some of the Proposed Individual Defendant-Intervenors planned to vote in South Carolina in November 2012, using, among other forms of ID, their student IDs. However, because Act R54 does not recognize college or university-issued photo IDs, even those issued by public colleges

and universities in South Carolina, as among the types of required identification for in-person voting, these students' voting rights are threatened in the very State where they live and are, or have, registered to vote.

11. Finally, counsel for Proposed Defendant-Intervenors have substantial experience in VRA litigation, *see, e.g.*, *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504 (2009) (mixed claim for bailout and constitutional challenge to the 2006 reauthorization of Section 5 of the VRA); *Shelby Cnty. v. Holder*, No. 1:10-cv-00651 (D.D.C.) (constitutional challenge to the 2006 reauthorization of Section 5), Section 5 declaratory judgment actions before three-judge panels in this district (*e.g.*, *Georgia v. Holder*, No. 1:10-cv-01062 (D.D.C.) (mixed claim for preclearance and constitutional challenge to the application of Section 5 to the State of Georgia), *Florida v. Holder*, No. 1:11-cv-01428 (D.D.C.) (same)); and the congressional record that led both to the initial enactment and subsequent reauthorization of the Act. Counsel's significant experience provides Proposed Defendant-Intervenors with competent, effective representation, and will also very likely benefit the Court in the adjudication of the issues presented in this case.

12. Intervention here is appropriate as of right pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1). Counsel for Defendant Attorney General Eric Holder has advised that they do not oppose permissive intervention by Proposed Defendant-Intervenors. Counsel for Dubose Defendant-Intervenors have advised that they do not oppose intervention as of right or permissively by Proposed Defendant-Intervenors. Counsel for the State of South Carolina could not be reached by the date of filing of these papers.

WHEREFORE, Proposed Defendant-Intervenors respectfully request that their Motion to Intervene as Defendants be granted.

Dated: March 29, 2012

        Respectfully submitted,

        /s/ Joshua Civin
        NAACP LEGAL DEFENSE &
         EDUCATIONAL FUND, INC.
        Debo P. Adegbile
        Elise C. Boddie
        Ryan P. Haygood
        Dale E. Ho
        Natasha M. Korgaonkar
        Leah C. Aden
        99 Hudson Street, Suite 1600
        New York, New York 10013
        (212) 965-2200

        Joshua Civin (DC Bar No. 494496)
        1444 I Street, NW, 10th Floor
        Washington, DC 20005
        (202) 682-1300
        jcivin@naacpldf.org

        FRIED, FRANK, HARRIS,
         SHRIVER & JACOBSON LLP
        Douglas H. Flaum
        Michael B. de Leeuw
        Adam M. Harris
        One New York Plaza
        New York, New York 10004-1980
        (212) 859-8000

        Victor L. Goode
        NAACP National Headquarters
        4805 Mt. Hope Dr.
        Baltimore, Maryland 21215

        *Counsel for Proposed*
        *Defendant-Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2012, I filed the foregoing with the Clerk of Court and served all counsel of record by electronic mail, pursuant to the ECF User's Manual of the U.S. District Court for the District of Columbia.

/s/ Joshua Civin
Joshua Civin (DC Bar No. 494496)
NAACP Legal Defense &
 Educational Fund, Inc.
1444 I Street, NW, 10th Floor
Washington, DC 20005
(202) 682-1300
jcivin@naacpldf.org

*Counsel for Proposed
Defendant-Intervenors*