## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>      *Plaintiff*<br><br>      v.<br><br>UNITED STATES OF AMERICA; and<br>ERIC H. HOLDER, JR., in his official capacity<br>as Attorney General of the United States,<br><br>      *Defendants*,<br><br>SOUTH CAROLINA STATE CONFERENCE<br>OF THE NAACP, KENYDA BAILEY,<br>CHARMAINE BEAL, KIAKA DAVIS, EVIN<br>PERCIVAL, AND SEQUIOA WALLER,<br><br>      *Proposed Defendant-Intervenors*. | Civ. No. 1:12-cv-00203-CKK-BMK-JDB |

## PROPOSED DEFENDANT-INTERVENORS'
## ANSWER TO PLAINTIFF'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Proposed Defendant-Intervenors the South Carolina State Conference of the

NAACP, Kenyda Bailey, Charmaine Beal, Kiaka Davis, Evin Percival, and Sequioa

Waller (collectively, "Proposed Defendant-Intervenors") submit the following Answer in

response to the Complaint for Declaratory Judgment ("Complaint") filed in this matter by

the State of South Carolina ("South Carolina," or "Plaintiff") on February 8, 2012, Dkt.

No. 1.

### RESPONSES TO COMPLAINT

Proposed Defendant-Intervenors deny each and every averment of the Complaint, including those in the preamble to the Complaint and except as specifically admitted in the following responses to the enumerated paragraphs of the Complaint.

### I.  PARTIES

1.      Proposed Defendant-Intervenors admit the allegation in paragraph 1.

2.      Proposed Defendant-Intervenors admit the allegation in paragraph 2.

### II.  THE SOUTH CAROLINA VOTER ID LAW ENACTED IN 2011

3.      Proposed Defendant-Intervenors admit the allegation in paragraph 3, but deny that provisions of Act R54 were "reforms" in the sense that they were an improvement from South Carolina's previous voter identification law.

4.      Upon information and belief, Proposed Defendant-Intervenors admit that several states have enacted laws establishing voter identification requirements, but deny that 15 states strictly require photo identification (as opposed to other means for obtaining a regular ballot without photo identification) to cast a regular ballot.

5.      Upon information and belief, Proposed Defendant-Intervenors admit that the allegations in paragraph 5 accurately reflect state law prior to the enactment of Act R54.

6.      Upon information and belief, Proposed Defendant-Intervenors admit that South Carolina state law provisions governing voter identification for in-person voting at the polls, which pre-dated Act R54, have received Section 5 preclearance.

7.      Proposed Defendant-Intervenors admit that paragraph 7 accurately summarizes portions of Act R54.

8.      Proposed Defendant-Intervenors deny the allegations in paragraph 8.

9.      Proposed Defendant-Intervenors admit that Act R54 includes limited exceptions to the photo identification requirements, and specifies certain actions to be taken by state officials.  Proposed Defendant-Intervenors deny the remaining allegations in paragraph 9.

10.     Proposed Defendant-Intervenors admit that paragraph 10 accurately quotes and summarizes portions of Act R54.  Proposed Defendant-Intervenors, however, are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations, and therefore deny them.

11.     Proposed Defendant-Intervenors admit that paragraph 11 accurately quotes and summarizes portions of Act R54.  Proposed Defendant-Intervenors, however, are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations, and therefore deny them.

12.     Proposed Defendant-Intervenors admit that paragraph 12 accurately quotes and summarizes portions of Act R54.  Proposed Defendant-Intervenors, however, are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations, and therefore deny them.

13.     Proposed Defendant-Intervenors admit that Sections 4 and 6 of Act R54 provide for the issuance of a photo identification card that would serve as a voter's identification card for casting a regular ballot.  Proposed Defendant-Intervenors deny, however, that these cards are, in fact, "free," or "special," given the costly underlying documentation required to obtain this identification card.

14.     Proposed Defendant-Intervenors neither admit nor deny the allegations in paragraph 14 because they involve prospective, future actions by Plaintiff that have yet to occur.

15.     Proposed Defendant-Intervenors admit that paragraph 15 accurately quotes and summarizes portions of Act R54.  Proposed Defendant-Intervenors, however, are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations, and therefore deny them.

16.     Proposed Defendant-Intervenors admit the allegations in paragraph 16

17.     .Proposed Defendant-Intervenors are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in paragraph 17, and therefore deny them.

### III.   THE ADMINISTRATIVE REVIEW OF ACT R54

18.     Proposed Defendant-Intervenors admit the allegations in paragraph 18.

19.     Proposed Defendant-Intervenors admit the allegations in paragraph 19.

20.     Proposed Defendant-Intervenors admit the allegations in paragraph 20 related to Assistant Attorney General Thomas Perez's objection to the voting changes contained in Section 5 of Act R54, but lack sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore deny them.

21.     Proposed Defendant-Intervenors deny the allegations in paragraph 21.

22.     Proposed Defendant-Intervenors deny the allegations in paragraph 22 relating to the purpose and effect of Act R54.  The remaining allegations of paragraph 22 require no response.

23.     Proposed Defendant-Intervenors deny the allegations in paragraph 23 regarding the effect of Act R54.   The remaining allegations in paragraph 23 are statements and/or conclusions of law to which no response is required.

24.     Proposed Defendant-Intervenors admit the allegations in paragraph 24 to the extent that South Carolina states the statutory basis for its asserted claims, but deny that South Carolina is entitled to any relief.

## IV.   JURISDICTION AND VENUE

25.     Proposed Defendant-Intervenors admit the allegations in paragraph 25, but deny that South Carolina is entitled to the requested relief.

26.     Proposed Defendant-Intervenors admit the allegations in paragraph 26.

## V.   CAUSE OF ACTION

### Count One: Declaratory Judgment for Preclearance for
### Sections 4, 5, 7, and 8 of Act R54

27.     Proposed Defendant-Intervenors incorporate herein their responses to South Carolina's averment in paragraphs 1 through 26 above.

28.     Proposed Defendant-Intervenors deny the allegations in paragraph 28.

29.     Proposed Defendant-Intervenors admit that the first sentence of paragraph 29 accurately summarizes portions of South Carolina's benchmark practice under the 1988 law, but deny all remaining allegations in paragraph 29.

30.     Proposed Defendant-Intervenors deny the allegations in paragraph 30.

31.     Proposed Defendant-Intervenors deny the allegations in paragraph 31.

32.     Proposed Defendant-Intervenors deny the allegations in paragraph 32.

33.     Proposed Defendant-Intervenors deny the allegations in paragraph 33.

34.     Proposed Defendant-Intervenors deny the allegations in paragraph 34.

35.     Proposed Defendant-Intervenors deny the allegations in paragraph 35, but admit that in *Crawford* the Supreme Court rejected a facial constitutional challenge to Indiana's photo identification law.

36.     Proposed Defendant-Intervenors respond that the allegations in paragraph 36 are statements and/or conclusions of law to which no response is required.  To the extent that one is required, Proposed Defendant-Intervenors deny all allegations in paragraph 36.

37.     Proposed Defendant-Intervenors deny the allegations in paragraph 37.

38.     Proposed Defendant-Intervenors deny the allegations in paragraph 38.

## DEMAND FOR JUDGMENT

39.     Proposed Defendant-Intervenors respectfully request that this Court deny Plaintiff's request for relief, including, but not limited to, a "declaratory judgment that the covered voting changes in Sections 4, 5, 7, and 8 of Act R54, neither have the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority and shall be administered by South Carolina without impediment on account of Section 5 of the VRA," and South Carolina's request for costs and any other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Proposed Defendant-Intervenors respectfully request that the Court enter a judgment:

A.      Denying Plaintiff's request for a declaratory judgment and determining that the voting changes that are the subject of the Complaint are inconsistent with Section 5 of the Voting Rights Act;

.      B.      Awarding Proposed Defendant-Intervenors reasonable attorneys' fees, litigation expenses (including expert witness fees and expenses), and costs; and

C.      Granting Proposed Defendant-Intervenors such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Joshua Civin
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
Debo P. Adegbile
Elise C. Boddie
Ryan P. Haygood
Dale E. Ho
Natasha M. Korgaonkar
Leah C. Aden
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Joshua Civin (DC Bar No. 494496)
1444 I Street, NW, 10th Floor
Washington, DC 20005
(202) 682-1300
jcivin@naacpldf.org

FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris

7

8

One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Victor L. Goode
NAACP National Headquarters
4805 Mt. Hope Dr.
Baltimore, Maryland 21215

*Counsel for Proposed
Defendant-Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2012, I filed the foregoing with the Clerk of Court and served all counsel of record by electronic mail, pursuant to the ECF User's Manual of the U.S. District Court for the District of Columbia.

/s/ Joshua Civin
Joshua Civin (DC Bar No. 494496)
NAACP Legal Defense &
 Educational Fund, Inc.
1444 I Street, NW, 10th Floor
Washington, DC 20005
(202) 682-1300
jcivin@naacpldf.org

*Counsel for Proposed*
*Defendant-Intervenors*