UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>  Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  Defendants. | Civil Action No. 12-203-CKK-BMK-JDB |

**ORDER**
(April 4, 2012)

Before the Court are the following motions:

• The [19, 31] Amended Motion to Intervene as Defendants by the League of Women Voters of South Carolina and Craig Debose (collectively the "League of Women Voters"); and

• The [29] Motion to Intervene as Defendants by the South Carolina State Conference of the NAACP, Kenyda Bailey, Charmaine Beal, Kiaka Davis, Evin Percival, and Sequioa Waller (collectively the "NAACP").

In each instance, the movants seek leave to intervene in this action either as of right, *see* Fed. R. Civ. P. 24(a)(2), or permissively, *see* Fed. R. Civ. P. 24(b)(1).[1] The Family Unit group does not oppose the motions, Defendants do not oppose permissive intervention, and the Plaintiff does not oppose the motions so long as intervention will not delay the proceedings. Mot. to Intervene as Defs., ECF No. [19], at 2; Mot. to Intervene as Defs., ECF No. [29], at 8;

---

[1] The Court previously granted a motion to intervene as defendants filed by James Dubose, Junior Glover, Family Unit, Inc., Brenda C. Williams, M.D., and Amanda Wolf (collectively the "Family Unit group"). 3/20/12 Order, ECF No. [10].

Amendment to Mot. to Intervene as Def., ECF No. [31], at 2 n.1; South Carolina's Resp. to Mots. to Intervene, ECF No. [32], at 1.  Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, it is, this 4th day of April, 2012, hereby

**ORDERED** that the League of Women Voters' [19, 31] Amended Motion to Intervene as Defendants and the NAACP's [29] Motion to Intervene as Defendants are GRANTED pursuant to Rule 24(b)(1) of the Federal Rules of Civil Procedure; it is further

**ORDERED** that the League of Women Voters, the NAACP, and the Family Unit group (collectively "Defendant-Intervenors") shall confer with each other and Defendants prior to the filing of any motion, responsive filing, brief, or discovery request to determine whether Defendant-Intervenors' positions can be set forth in a consolidated fashion so that duplication of effort and redundant filings are avoided.  Separate filings by Defendant-Intervenors shall include certificates of compliance with this requirement and a brief description of the need for separate filings; it is further

**ORDERED** that the League of Women Voters and the NACCP shall file their Answers to the [1] Complaint for Declaratory Judgment by no later than **April 9, 2012**; it is further

**ORDERED** that pursuant to the Court's March 21, 2012 Order, only one representative of the Defendant-Intervenors as defined in this Order shall be permitted to speak during the April 13, 2012 scheduling conference; and it is further

//

//

//

//

**ORDERED** that the League of Women Voters, the NAACP, and the Family Unit group shall review and comply with the meet and confer requirements outlined in the Court's March 21, 2012 Order regarding the Joint Status Report due April 11, 2012.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　**BRETT M. KAVANAUGH**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES CIRCUIT JUDGE


　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　**JOHN D. BATES**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE