IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) No. 1:12-cv-00203-CKK-BMK-JDB |
| Defendants, | ) ) |
| and | ) ) |
| JAMES DUBOSE, et al., | ) ) |
| Defendant-Intervenors. | ) |

**DEFENDANT-INTERVENORS' MEMORANDUM
IN SUPPORT OF MOTION TO ADD PARTIES**

Defendant-Intervenors James Dubose, *et al.,* have moved the Court pursuant to Rule 21 of the Federal Rules of Civil Procedure to add Delores Freelon, Naomi Gordon, Joseph Riley, Raymond Rutherford, and the South Carolina Progressive Network as defendant-intervenors in this action.  Freelon, Gordon, Riley, and Rutherford are residents and registered voters in South Carolina, none of whom currently possesses an acceptable form of photo identification as would be required under South Carolina's voter photo identification law.  These individuals want to vote in the November election but will have difficulty obtaining acceptable photo identification and will likely be unable to vote if the voter photo identification law is precleared and implemented.  South Carolina Progressive Network ("SCPN") is a coalition of grassroots activists seeking to promote social and economic justice in South Carolina.  SCPN lobbied against the voter photo identification bill and sent comments to the Department of Justice during its consideration of the bill under

Section 5 of the Voting Rights Act. SCPN has since been educating voters on the requirements of the bill, and identifying those unable to meet the requirements.

Rule 21 provides that parties may be added by order of the court at any time. Absent prejudice to an existing party, undue delay, or bad faith, leave to add should be freely and routinely given. *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). *See also Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*, 105 F. Supp. 886, 901 (S.D.N.Y. 1952) (the addition of parties is a "matter to be treated liberally"). As the Court observed in *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952), a contrary rule "would entail needless waste and runs counter to effective judicial administration." *See also* Charles Alan Wright et al., 7 Federal Practice and Procedure § 1681, 473 (3d ed. 2001) (Rule 21 "provides the courts with a valuable procedural device that can be used to avoid multiple litigation and to promote liberal joinder of parties").

New parties may even be added after trial. In *Mullaney v. Anderson*, for example, the Court allowed nonresident fishermen to be added as party plaintiffs after defendants challenged on appeal the standing of the existing plaintiff to raise the constitutional claims of nonresident fishermen against a challenged territorial licensing scheme. The Court held that there was no prejudice and no impact on the litigation caused by the addition since there were no new claims made by the added parties. 342 U.S. at 417. Granting defendant-intervenors' motion at this stage would cause neither prejudice nor delay since the putative defendant-intervenors do not seek to raise new claims.

## CONCLUSION

The Court should grant the defendant-intervenors' motion to add parties.

Respectfully submitted,

/s/ *Arthur B. Spitzer*
ARTHUR B. SPITZER (D.C. Bar. No. 235960)
American Civil Liberties Union of the Nation's Capital

2

        4301 Connecticut Avenue, N.W., Suite 434
        Washington, D.C. 20008
        (202) 457-0800
        (202) 457-0805 (fax)
        artspitzer@gmail.com

        LAUGHLIN McDONALD
        NANCY ABUDU
        KATIE O'CONNOR
        American Civil Liberties Union Foundation, Inc.
        230 Peachtree Street, N.W., Suite 1440
        Atlanta, Georgia  30303-1227
        (404) 523-2721
        (404) 653-0331 (fax)
        lmcdonald@aclu.org
        nabudu@aclu.org
        koconnor@aclu.org

        SUSAN K. DUNN
        American Civil Liberties Union of South Carolina
        Post Office Box 20998
        Charleston, South Carolina 29413
        sdunn@aclusouthcarolina.org

        Attorneys for Defendant-Intervenors

April 5, 2012