**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, and ERIC HIMPTON HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>    *Defendants,*<br><br>and<br><br>JAMES DUBOSE, *et al.,*<br><br>    *Defendant-Intervenors.* | Civil Action No.<br><br>1:12-CV-203-CKK-BMK-JDB<br>(Three Judge Court) |

### ANSWER OF DEFENDANTS UNITED STATES OF AMERICA AND ERIC H. HOLDER, JR.

Defendants UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States (hereinafter "Defendants"), hereby answer each paragraph of Plaintiff State of South Carolina's Complaint for Declaratory Judgment, ECF No. 1 (hereinafter "Complaint"), as follows:

The allegations contained in the un-numbered first paragraph of the Complaint contain legal arguments and/or conclusions of law to which no response is required. If deemed to allege facts, Defendants admit that Plaintiff is seeking a declaratory judgment in this action that voting-related changes in sections 4, 5, 7 and 8 of Act R54 (A27 H3003) (2011) comply with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. Defendants deny Plaintiff's allegations that Sections 4, 5, 7, and 8 of Act R54 are entitled to a declaratory judgment of judicial preclearance

under Section 5 of the Voting Rights Act and further deny Plaintiff's allegations that those sections of Act R54 "have neither the purpose nor will they have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority."

The allegations contained in the un-numbered second paragraph in the Complaint contain legal arguments and/or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in the un-numbered second paragraph of the Complaint. Defendants aver that the opinions of the United States Supreme Court, the text of Section 5 of the Voting Rights Act, and the United States Constitution speak for themselves.

### I.   PARTIES

1.   In response to Paragraph 1 of the Complaint, Defendants admit that South Carolina is a state and that it is authorized to bring this action pursuant to Section 5 of the Voting Rights Act and 28 U.S.C. § 2201. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 1 regarding the state's authority to bring this action on behalf of itself and its citizens, and therefore deny those allegations.

2.   Defendants admit the allegations in paragraph 2 of the Complaint.

### II.   THE SOUTH CAROLINA VOTER ID LAW ENACTED IN 2011

3.   Defendants admit the allegations in paragraph 3 of the Complaint insofar as they contend that the South Carolina legislature enacted Act R54 (A27 H3003) ("Act R54") on May 11, 2011, and that Act R54 was signed into law on May 18, 2011. The remaining allegations contained in paragraph 3 of the Complaint contain legal arguments and/or conclusions of law to which no response is required. If deemed to allege facts, those allegations are denied. Moreover, Defendants aver that the text of Act R54 speaks for itself.

4. The allegations in paragraph 4 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 4, and therefore deny those allegations.

5. The allegations in paragraph 5 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants deny that the allegations of paragraph 5 fully describe the history, provisions or requirements of Title 7, Chapter 13 of the South Carolina Code of Laws, Section 710. Defendants aver that the South Carolina statute referenced in paragraph 5 speaks for itself.

6. The allegations in paragraph 6 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants deny that the allegations of paragraph 6 fully describe the history, provisions or requirements of Title 7, Chapter 13 of the South Carolina Code of Laws, Section 710 and the preclearance history under Section 5 of the Voting Rights Act.

7. The allegations in paragraph 7 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants deny that the allegations of paragraph 7 fully describe the requirements of Act R54. Defendants aver that the text of section 5 of Act R54 speaks for itself.

8. In response to Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the purposes behind Act R54's enactment and therefore deny the allegations of paragraph 8. Defendants specifically deny that Plaintiff is entitled to a declaratory judgment that Act R54 will not have a retrogressive effect and deny that Plaintiff is entitled to a declaratory judgment that Act R54 will not have the effect of denying or

abridging the right to vote on account of race, color, or membership in a language minority group.  Defendants aver that the text of section 5 of Act R54 speaks for itself.  Defendants further aver that opinions of the United States Supreme Court speak for themselves.

9.   The allegations in paragraph 9 of the Complaint are legal arguments or conclusions of law to which no answer is required.  If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the purposes behind Act R54's enactment or the degree of inconvenience its enforcement may cause and therefore deny the allegations of paragraph 9.  Defendants specifically deny that Plaintiff is entitled to a declaratory judgment that Act R54 will not have a retrogressive effect and deny that Plaintiff is entitled to a declaratory judgment that Act R54 will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.  Upon information and belief, Defendants aver that various of the procedures to implement Act R54 are not yet final. Defendants aver that the text of section 5 of Act R54 speaks for itself.

10.   The allegations in paragraph 10 of the Complaint are legal arguments or conclusions of law to which no answer is required.  If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore deny those allegations.  Defendants aver that the text of section 5 of Act R54 speaks for itself.

11.   The allegations in paragraph 11 of the Complaint are legal arguments or conclusions of law to which no answer is required.  If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and therefore deny those allegations.  Defendants aver that the text of section 5 of Act R54 speaks for itself.

12. The allegations in paragraph 12 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and therefore deny those allegations. Defendants aver that the text of section 5 of Act R54 speaks for itself.

13. The allegations in paragraph 13 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 13, and therefore deny those allegations. Defendants aver that the text of sections 4 and 6 of Act R54 speaks for itself. Upon information and belief, Defendants further aver that the procedures to implement section 4 of Act R54 are not yet final, and therefore that section's review by this Court may not be ripe.

14. The allegations in paragraph 14 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief about what actions Defendants may or may not take in the future to implement section 7 of Act R54, and therefore deny the allegations of paragraph 14. Defendants aver that the text of section 7 of Act R54 speaks for itself. Upon information and belief, Defendants further aver that the procedures to implement section 7 of Act R54 are not yet final, and therefore that section's review by this Court may not be ripe.

15. The allegations in paragraph 15 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 15, and therefore deny those allegations. Defendants aver that the text of section 8 of Act R54 speaks for

itself. Upon information and belief, Defendants further aver that the procedures to implement section 8 of Act R54 are not yet final, and therefore that section's review by this Court may not be ripe.

16. The allegations in paragraph 16 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief about Plaintiff's summary characterization of Act R54 with respect to the process for absentee voting by mail and therefore deny the same and aver that the text of Act R54, and relevant laws and administrative procedures regarding the absentee voting process, speak for themselves.

17. The allegations in paragraph 17 of the Complaint contain legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants aver that the text of Act R54 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the specifics of Governor Haley's alleged program to provide South Carolina residents with rides to local DMV offices on September 28, 2011, and therefore deny those allegations.

### III.   THE ADMINISRATIVE REVIEW OF ACT R54

18. In response to paragraph 18 of the Complaint, Defendants deny that South Carolina has been designated as a covered jurisdiction under "Section 5" of the Voting Rights Act. Defendants aver that that South Carolina is a covered jurisdiction under Section 4 of the Voting Rights Act and that it is therefore subject to the preclearance requirements of Section 5 of the Voting Rights Act, and accordingly must obtain administrative preclearance from the Attorney General or a declaratory judgment from this Court before implementing any changes to its voting procedures.

19. In response to paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the allegations of when the State transmitted its submission to the United States Department of Justice, and therefore deny those allegations. Defendants aver that the United States Department of Justice received the State's administrative submission of Act R54 on June 30, 2011. Defendants further aver that the State's initial submission was substantially incomplete.

20. In response to the first sentence of paragraph 20 of the Complaint, Defendants admit that, by letter dated December 23, 2011, the United States Department of Justice notified South Carolina that an objection would be interposed as to section 5 of Act R54 on grounds of a discriminatory effect that violates Section 5. In response to the second sentence of paragraph 20 of the Complaint, Defendants deny the allegations. Defendants aver that the letter noted that, because procedures to implement sections 4, 7, and 8 of Act R54 were not yet final, the United States Attorney General would make no determination as to those sections, pursuant to 28 C.F.R. 51.22(b), 51.35. Defendants aver that the text of the Department's December 23, 2011 letter speaks for itself.

21. The allegations in paragraph 21 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants deny the allegations of Paragraph 21. Defendants aver that the text of the Department's December 23, 2011 letter and opinions of the United States Supreme Court speak for themselves.

22. The allegations in paragraph 22 of the Complaint are legal arguments or conclusions of law to which no answer is required. If deemed to allege facts, Defendants deny the allegations in paragraph 22. Defendants aver that the text of Section 5 of the Voting Rights Act and Act R54 speak for themselves.

23. The allegations in paragraph 23 of the Complaint are legal arguments or conclusions of law to which no answer is required.  If deemed to allege facts, Defendants deny the allegations in paragraph 23.  Defendants aver that the text of Act R54, the December 23, 2011, determination letter, and opinions of the United States Supreme Court speak for themselves.

24.  In response to paragraph 24 of the Complaint, Defendants admit that Plaintiff seeks a declaratory judgment pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 2201.  Defendants deny that Plaintiff is entitled to any relief whatsoever.

## IV.    JURISDICTION AND VENUE

25. The allegations in paragraph 25 of the Complaint are legal arguments or conclusions of law to which no response is required.  If deemed to allege facts, Defendants admit that this Court has subject matter jurisdiction under Section 14(b) of the Voting Rights Act, 42 U.S.C. § 1973*l*(b) and 28 U.S.C. § 1331, and that this Court has the jurisdiction to render declaratory relief under 28 U.S.C. § 2201.  Defendants deny, however, Plaintiff is entitled to any relief whatsoever.

26. The allegations in paragraph 26 of the Complaint are legal arguments or conclusions of law to which no response is required.  If deemed to allege facts, Defendants admit that that venue is proper since this Court is the only Court in which an action can be brought seeking a declaratory judgment pursuant to Section 5 of the Voting Rights Act, pursuant to 42 U.S.C. § 1973c (and 42 U.S.C. § 1973*l*(b))  and that 28 U.S.C. § 2284 authorizes the convening of three-judge courts when required by an Act of Congress. , Defendants also admit that Plaintiff's statutory judicial preclearance claim is properly determinable by a three-judge court in accordance with Sections 5 and 14 of the Voting Rights Act, 42 U.S.C. §§ 1973c and 1973*l*(b),

and 28 U.S.C. § 2284.  Defendants deny, however, that Plaintiff is entitled to any relief whatsoever.

## V.     CAUSE OF ACTION

27.    In response to paragraph 27 of the Complaint, Defendants incorporate by reference the responses in this Answer to the allegations in paragraphs 1 through 26 of the Complaint as are fully set forth herein.

28.    In response to paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the alleged purpose for which Act R54 was enacted, and therefore deny those allegations. Defendants deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have a retrogressive effect and deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group. Defendants aver that the text of section 5 of Act R54 speaks for itself.

29.    The allegations in paragraph 29 of the Complaint are legal arguments or conclusions of law to which no response is required.  If deemed to allege facts, Defendants deny that the summary of the benchmark and proposed practices in paragraph 29 fully describe the history, provisions or requirements of the various statutes.  Defendants aver that the text of South Carolina's current voter identification law, and the text of section 5 of Act R54 speak for themselves.  Defendants deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have a retrogressive effect and deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.

30. The allegations in paragraph 30 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding the purposes for which sections 4, 5, 6, and 7 of Act R54 were enacted, and therefore deny those allegations. Defendants aver that the text of Act R54 speaks for itself. Upon information and belief, Defendants further aver that the procedures to implement sections 4 and 7 are not final, and therefore their review by this Court may not be ripe.

31. The allegations in paragraph 31 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations of paragraph 31 of the Complaint. Defendants further deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have a retrogressive effect and deny that Plaintiff is entitled to a declaratory judgment that section 5 of Act R54 will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.

32. The allegations in paragraph 32 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in paragraph 32 of the Complaint.

33. The allegations in paragraph 33 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations of paragraph 33 of the Complaint. Defendants aver that the text of section 5 of Act R54 speaks for itself. Defendants further deny that Act R54's photo identification requirements, if implemented, will not have a racially discriminatory effect within the meaning of Section 5 of the Voting Rights Act.

34. The allegations in paragraph 34 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations of paragraph 34 of the Complaint. Defendants further deny that Act R54's photo identification requirements, if implemented, will not have a racially discriminatory effect within the meaning of Section 5 of the Voting Rights Act.

35. The allegations in paragraph 35 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in paragraph 35 of the Complaint. Defendants aver that the text of United States Supreme Court opinions speak for themselves.

36. The allegations in paragraph 36 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in paragraph 36 of the Complaint. Defendants aver that the text of United States Supreme Court opinions speak for themselves.

37. The allegations in paragraph 37 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in paragraph 37 of the Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever.

38. The allegations in paragraph 38 of the Complaint are legal arguments or conclusions of law to which no response is required. If deemed to allege facts, Defendants deny the allegations in paragraph 38 of the Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever.

In response to the un-numbered prayer for relief contained in paragraphs A, B, and C, following paragraph 38 of the Complaint, Defendants admit that a three-judge court should be convened, but deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Any and all allegations in the Complaint not specifically admitted, denied, or otherwise responded to herein are hereby expressly denied.

## AFFIRMATIVE DEFENSES

The Defendants assert that portions of Act R54 may not be ripe for this Court's review.

Respectfully submitted this 9th day of April, 2012.

RONALD C. MACHEN, JR.  
United States Attorney  
District of Columbia

THOMAS E. PEREZ  
Assistant Attorney General  
Civil Rights Division

**s/ Bradley E. Heard**
T. Christian Herren, Jr.  
Richard A. Dellheim  
Bradley E. Heard (DC Bar No. 458309)  
Catherine Meza  
Jared M. Slade  
Anna M. Baldwin (DC Bar No. 998713)

Attorneys, Voting Section  
Civil Rights Division  
U.S. DEPARTMENT OF JUSTICE  
950 Pennsylvania Avenue, N.W.  
Washington, DC 20530  
Telephone:    (202) 305-4196  
Facsimile:    (202) 307-3961  
Bradley.Heard@usdoj.gov

*Attorneys for Defendants United States of America and Eric H. Holder, Jr.*