IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>  *Plaintiff,*<br>v.<br><br>UNITED STATES OF AMERICA, and ERIC HIMPTON HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>  *Defendants,*<br><br>  and<br><br>JAMES DUBOSE, *et al.,*<br><br>  *Defendant-Intervenors.* | Civil Action No.<br><br>1:12-CV-203-CKK-BMK-JDB<br>(Three Judge Court) |

## CONSENT PROTECTIVE ORDER GOVERNING
## CONFIDENTIAL DOCUMENTS AND INFORMATION

Having reviewed and considered the parties' joint consent order relating to electronically stored information, and for good cause shown, the Court hereby enters the following ORDER governing confidential information and documents:

(1) The following is designated as "Confidential Information":

 (a) The identity and/or ethnicity of a person, not including the parties or testifying witnesses in this litigation, who holds a South Carolina driver's license, a U.S. military identification card, or a U.S. passport;

 (b) The identity of the voter registration agency, as that term is contemplated in § 7 of the National Voter Registration Act of 1993, 42 U.S.C. § 1973gg-5 ("NVRA"), that received a

person's voter registration application;

(c) The Social Security, driver's license, or state personal identification card, military identification card, or passport number of an individual;

(d) The month and day of birth of an individual;

(e) The home address, telephone number, or e-mail address provided by an individual;

(f) The digitized signature of an individual;

(g) The maiden name of an individual's mother;

(h) The identity of any person who has submitted comments to the Department of Justice or had any other communication with employees of the Department of Justice during the administrative review of the legislation at issue in this litigation;

(i) All parts of (1) the South Carolina statewide voter registration database or (2) any motor vehicle, felony conviction, or death database (collectively referred to as the "Designated Databases") that are not otherwise available for public inspection and copying pursuant to federal or South Carolina law;

(j) Any other document or information not otherwise discoverable under South Carolina public records laws, the South Carolina Election Code, the NVRA, the federal Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, or any other state or federal law, that a party in good faith designates as "Confidential Information."

(1.1) Information contained within the Designated Databases that is required to be made available for public inspection and copying pursuant to federal or South Carolina law

shall not be considered "Confidential Information."

(1.2) Confidential Information, including information ordinarily exempted from public disclosure pursuant to state or federal confidentiality statutes may be produced within the context of this litigation and as described in this Consent Protective Order, notwithstanding any other provision of law to the contrary.  The Court specifically finds that said Confidential Information is potentially relevant to the claims and defenses in this litigation and therefore necessary to be disclosed among the parties, and that the terms of this Consent Protective Order provide adequate safeguards with respect to the use of such information.

(1.3) The information identified in paragraph (1)(a) – (i) of this Consent Protective Order is automatically deemed to be "Confidential Information" without further designation or action by any party or non-party.  A party may designate information or documents described in paragraph (1)(j) of this Consent Protective Order as "Confidential Information" by stamping or otherwise clearly marking the material prior to production as "CONFIDENTIAL."  Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party shall designate the Confidential Information described in paragraph (1)(j) by informing the receiving party in writing of the appropriate designation of such material. In the case of deposition testimony, a party seeking to invoke the protection of this Consent Protective Order for material described in paragraph (1)(j) shall give prompt notice thereof, at the deposition or within fourteen (14) days after receipt of the deposition transcript, in accordance with the provisions and restrictions of this Consent Protective Order.  Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "Confidential Information" until the expiration of such fourteen (14) day period.

(2) Confidential Information requested by a party, or otherwise produced in this litigation by a party or non-party, whether said information be solicited from documents or by the direct testimony of any person, shall be used solely for the purposes of the captioned lawsuit, including trial preparation, and shall not, without prior written consent of the individual or entity producing the information, be made available to any person other than the Court and its personnel; the parties, their counsel, or individuals working on behalf of the parties or their counsel, such as professional staff, expert witness, and consultants; court reporters, videographers, or other professionals responsible for recording or transcribing testimony in this action; and witnesses or potential witnesses who have been identified in initial disclosures or otherwise specifically noticed for deposition.

(2.1) Notwithstanding the foregoing, a producing party may designate Confidential Information as "Highly Confidential" and thereby restrict its availability to only (a) attorneys-of-record, their associates, staff, and assistants working on this litigation, and (b) experts and experts' staff. Information, documents, and databases so marked, including all copies, shall be returned, to the extent permitted by applicable law, to the producing party at the end of litigation, including appeals. If a receiving party disagrees with a designation of Confidential Information as "Highly Confidential," or disputes the limitations on access to be accorded such information under this paragraph, the objecting party will provide to the producing party written notice of the objection and specifically identify the information and/or restriction on access objected to and will use good faith efforts to attempt to resolve the dispute without intervention by the Court.

(3) A party, upon the providing of Confidential Information and/or documents pursuant to this Protective Order, does not waive any objection to the admissibility of said information or

documents or any portion thereof at trial on the grounds of relevance, privilege, prejudice or competency;

(4) The parties agree that they shall designate as "Confidential Information" or "Highly Confidential" only such documents, electronically stored information ("ESI"), and other things that truly contain private and highly sensitive information relating to a party or to non-parties. The parties agree that if and when disputes arise to the applicability of this Order to any information produced by a party, such disputes shall be resolved, if possible, by agreement of the parties of this action.

(5) Documents, ESI, and other things containing Confidential or Highly Confidential Information shall, when filed with the Court, be redacted to exclude such information, where feasible. The filing party shall also submit an unredacted copy of such materials to the Court under seal..  Where redaction of Confidential or Hightly Confidential Information is unfeasible or impractical, the filing party shall submit and file the document under seal.  All documents containing Confidential or Hightly Confidential Information submitted and filed under seal are to be maintained by the Court and its clerks under seal, and such confidential materials so filed shall not be made available to anyone other than the Court and its clerks. All confidential material used pursuant to this section shall be submitted to the Court under seal stating "CONFIDENTIAL MATERIAL SUBMITIED UNDER SEAL PURSUANT TO THE STIPULATED PROTECTIVE ORDER DATED _____".  The parties are admonished to comply fully with Fed. R. Civ. P. 5.2 in connection with all filings.

(6) This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties,

or upon application and showing of good cause by any of the parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this agreement unless expressly ordered by the Court.

(7) The inadvertent or unintentional disclosure of Confidential Information shall not be construed to be a waiver, in whole or in part, of the Plaintiffs' or Defendants' claims of confidentiality, either as to the specific confidential information or as to related information and documents.

(8) Except as otherwise prohibited by federal law (including but not limited to the Federal Records Act, 44 U.S.C. § 3301 *et seq.*) or the law of South Carolina, at the conclusion of the litigation and the termination of any associated appeal rights, all documents containing "Confidential Information" shall be returned to the party who produced them or securely destroyed by the party who received them within 90 days after the conclusion of all proceedings, including any settlement, trial, or appeal, unless otherwise agreed by the parties or ordered by the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

It is **SO ORDERED**.

This <u>12th</u> day of <u>April</u>, 20<u>12</u>.

                                            /s/
                                    BRETT M. KAVANAUGH
                                    UNITED STATES CIRCUIT JUDGE


                                            /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    UNITED STATES DISTRICT JUDGE


                                            /s/
                                    JOHN D. BATES
                                    UNITED STATES DISTRICT JUDGE