**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF SOUTH CAROLINA, | |
| *Plaintiff*, | |
| v. | |
| UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., in his official capacity as Attorney General, | |
| *Defendants*, | |
| and, | |
| JAMES DUBOSE, JUNIOR GLOVER, FAMILY UNIT, INC., BRENDA C. WILLIAMS, M.D., and AMANDA WOLF, | Case No. 1:12-cv-203 (CKK, BMK, JDB) |
| *Defendant-Intervenors*, | |
| and, | |
| LEAGUE OF WOMEN VOTERS OF SOUTH CAROLINA and CRAIG DEBOSE, | |
| *Defendant-Intervenors*, | |
| and, | |
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, KENYDA BAILEY, CHARMAINE BEAL, KIAKA DAVIS, EVIN PERCIVAL, and SEQUIOA WALLER, | |
| *Defendant-Intervenors*. | |

**RESPONSE OF DEFENDANT-INTERVENORS TO PLAINTIFF
SOUTH CAROLINA'S AFFIDAVIT AND PROPOSED EXPEDITED SCHEDULE**

Defendant-Intervenors join in the "United States' Response to Plaintiff State of South Carolina's Affidavit and its Proposed Expedited Schedule," dated April 12, 2012 (ECF No. 50) ("U.S. Memo"), and respectfully submit the following additional points in opposition to the State's proposed schedule ("Proposed Schedule"):[1]

**I.    The Proposed Schedule is Unworkable Because it Deprives Defendant-Intervenors of the Opportunity to Present Their Case.**

Whether Act R54 is entitled to judicial preclearance under Section 5 of the Voting Rights Act is a fact-bound determination (*see* U.S. Memo at 12 (citing cases)) that will require discovery on the following, non-exhaustive issues:  (1) the steps necessary for voters to comply with Act R54, including the cost imposed on voters to obtain the necessary documentation and the ability of impacted citizens to travel to State and county offices to obtain that documentation; (2) expert analysis of the impact of Act R54 on minority voters; (3) whether Act R54 addresses existing problems of voter impersonation or other fraud; and (4) the intent of the proponents of Act R54 in enacting this legislation.  South Carolina's unreasonable two-month Proposed Schedule would prevent this Court from receiving all of the evidence necessary to fully explore these critical issues and to render a decision on this matter.

Moreover, South Carolina's Proposed Schedule raises the following additional problems:

- The State has not indicated when it will complete document discovery, including the production of relevant databases and electronic documents.  On April 9, Defendants provided the State with detailed topic areas identifying the documents

---

[1] While Intervenors are in complete agreement with the points made by the United States, Invervenors respectfully make this separate filing in the belief that the additional points made herein further support rejection of the State's Proposed Schedule.  A certificate of compliance with the Court's April 4 Order is attached.

they intend to seek.² Moreover, the general nature and scope of the documents to be sought was predictable even before that topic list was provided to the State. There is concern as to whether the State intends to engage in "rolling" production, since the requested documents generally will be needed before depositions can begin; any such rolling production would significantly interfere with the prompt conduct of depositions.

- The State's refusal to take a definitive position on whether it will invoke legislative or other privileges creates uncertainty on a key issue. The State's indecision on this important issue requires that time to brief this issue be factored into the discovery schedule in order to avoid substantial, unanticipated delays.

- Dispositive motions cannot be filed (as the State proposes) before the end of discovery. In order to be of use to the Court, such motions and the opposition thereto must account for *all* discovery.

- Seven days to respond to dispositive motions and four days to reply is not sufficient for the parties to fairly and reasonably brief issues likely to arise in the dispositive motions, especially considering the constitutional "concerns" raised by the State.

- Rebuttal expert reports cannot be meaningful if they are to be filed seven days after receipt of initial reports.

- Any experts on the issue of discriminatory purpose will need time to review the discovery record and prepare a report based in part on that record. The Proposed Schedule does not provide for the necessary time for this to occur.

## II. It Is Doubtful that Act R54 Can be Implemented by November 2012 Even Under the State's Unreasonable Schedule.

South Carolina asserts that its Proposed Schedule must be adopted so that a decision can be issued from this Court regarding Act R54 by August 1, thereby allegedly allowing for the implementation of Act R54 for an election three months later. In reality, however, even if the State can implement Act R54 as to its elections apparatus, the three-month implementation period will likely exacerbate Act R54's retrogressive impact on minority voting. In particular, registered voters who are not now in possession of the requisite photo ID would need to, among other things: (1) be informed about the Act; (2) determine what underlying documents are

---

² *See* Exhibit 3 to the parties' Joint Status Report filed April 11, 2012 (ECF No. 49-3).

necessary to apply for and obtain the requisite photo ID; (3) secure the funds necessary to obtain those underlying documents not in their possession; and (4) obtain the photo ID—assuming that the cost and time (including time away from work) associated with securing those documents is not prohibitive and can be managed in less than three months.  Allowing less than three months[3] for the hundreds of thousands of affected voters to take these steps threatens to undermine the voting rights of a significant number of registered voters, a disproportionate number of whom are voters of color—the very voters that Section 5 was intended to protect.

For these reasons and those set forth in the U.S. Memo, Defendant-Intervenors respectfully ask this Court to reject South Carolina's Proposed Schedule.

Dated: April 12, 2012

Respectfully submitted,

| | /s/ Mark A. Posner |
|---|---|
| Arthur B. Spitzer (DC Bar No. 235960) | Jon M. Greenbaum (D.C. Bar No. 489887) |
| AMERICAN CIVIL LIBERTIES UNION OF | Mark A. Posner (D.C. Bar No. 457833) |
| THE NATION'S CAPITAL | Robert A. Kengle |
| 4301 Connecticut Avenue, NW, Suite 434 | LAWYERS' COMMITTEE FOR |
| Washington, DC 20008 |    CIVIL RIGHTS UNDER LAW |
| (202) 457-0800 | 1401 New York Ave. NW |
| (202) 457-0805 (fax) | Ste. 400 |
| artspitzer@gmail.com | Washington, D.C.  20005 |
| | Tel:  (202) 662-8389 |
| Laughlin McDonald | Fax:  (202) 628-2858 |
| Nancy Abudu | mposner@lawyerscommittee.org |
| Katie O'Connor | |
| AMERICAN CIVIL LIBERTIES UNION | Michael A. Cooper *(pro hac vice)* |
| FOUNDATION, INC. | Garrard R. Beeney *(pro hac vice)* |
| 230 Peachtree Street, N.W., Suite 1440 | Theodore A.B. McCombs *(pro hac vice)* |
| Atlanta, GA 30303-1227 | Sambo Dul *(pro hac vice)* |

---

[3]  Even assuming the State's implementation goes perfectly, it will likely be some time before the State's effort is operative.  South Carolina is not likely to be fully prepared to begin implementation by August 1, if preclearance is granted, but would instead require several weeks to complete its preparatory actions.  For this reason, Act R54 by its terms built in significantly more than three months for voters to obtain the requisite documentation and ID.

(404) 523-2721
(404) 653-0331 (fax)
koconnor@aclu.org

Susan Dunn
AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
sdunn@aclusouthcarolina.org

*Attorneys for Defendant-Intervenors James Dubose,* et al.


Debo P. Adegbile
Elise C. Boddie
Ryan P. Haygood
Dale E. Ho (D.D.C. Bar No. NY0142)
Natasha M. Korgaonkar
Leah C. Aden
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris
FRIED, FRANK, HARRIS,
   SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Victor L. Goode
NATIONAL ASSOCIATION FOR THE
   ADVANCEMENT OF
   COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, Maryland 21215


*Counsel for Defendant-Intervenors South*

Sean A. Camoni (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 291-9007
beeneyg@sullcrom.com

Wendy R. Weiser (*pro hac vice*)
Keesha M. Gaskins (*pro hac vice*)
Mimi Marziani (*pro hac vice*)
Elisabeth Genn (*pro hac vice*)
THE BRENNAN CENTER FOR JUSTICE
   AT NYU SCHOOL OF LAW
161 Avenue of the Americas, Floor 12
New York, NY 10013-1205
Tel: (646) 292-8310
Fax: (212) 463-7308
keesha.gaskins@nyu.edu

Armand Derfner (*Bar renewal pending*)
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402
Tel: (843) 723-9804
Fax: (843) 723-7446
aderfner@dawlegal.com

*Counsel for Defendant-Intervenors the League of Women Voters of South Carolina,* et al.

*Carolina State Conference of the NAACP,* et al.

**CERTIFICATION PURSUANT TO THE COURT'S APRIL 4, 2012 ORDER**

Pursuant to the Court's Minute Order of April 4, 2012, the Defendant-Intervenors have conferred with the United States on the substance of this response, but due to the short time frame involved, the parties were unable to consolidate their submissions.

Dated: April 12, 2012

                Respectfully submitted,

                /s/  Mark A. Posner
                Mark A. Posner
                LAWYERS' COMMITTEE FOR
                CIVIL RIGHTS UNDER LAW
                1401 New York Ave. NW, Ste. 400
                Washington, D.C.  20005
                Tel:  (202) 662-8389
                Fax:  (202) 628-2858
                mposner@lawyerscommittee.org

**CERTIFICATE OF SERVICE**

I certify that on April 12, 2012, I filed and served the foregoing Response of Defendant-Intervenors to Plaintiff South Carolina's Affidavit and Proposed Expedited Schedule with the Court's electronic filing system, which will provide notice to all counsel of record.

/s/  Mark A. Posner
Mark A. Posner