IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>   *Plaintiff*,<br><br> v.<br><br>UNITED STATES OF AMERICA and<br>ERIC H. HOLDER, JR.,<br>in his official capacity as Attorney General,<br><br>   *Defendants*,<br><br> and<br><br>JAMES DUBOSE, JUNIOR GLOVER,<br>FAMILY UNIT, INC., BRENDA C.<br>WILLIAMS, M.D., AMANDA WOLF,<br>DELORES FREELON, NAOMI GORDON,<br>JOSEPH RILEY, RAYMOND RUTHERFORD,<br>and the SOUTH CAROLINA PROGRESSIVE<br>NETWORK<br><br>   *Defendant-<br>   Intervenors*,<br><br> and<br><br>LEAGUE OF WOMEN VOTERS OF SOUTH<br>CAROLINA and CRAIG DEBOSE,<br><br>   *Defendant-<br>   Intervenors*,<br><br> and<br><br>SOUTH CAROLINA STATE CONFERENCE<br>OF THE NAACP, KENYDA BAILEY,<br>CHARMAINE BEAL, KIAKA DAVIS, EVIN<br>PERCIVAL, and SEQUIOA WALLER,<br><br>   *Defendant-<br>   Intervenors* | Case No. 1:12-cv-203 (CKK, BMK, JDB) |

### STATEMENT OF DEFENDANT-INTERVENORS ON THE OBSTACLES VOTERS WILL ENCOUNTER UPON IMPLEMENTATION OF ACT R54

Pursuant to this Court's Minute Order of April 20, 2012, the Defendant-Intervenors ("Intervenors") respectfully submit the following information regarding the significant obstacles eligible voters will face if the Court expeditiously grants preclearance as to Act R54 ("the Act"). Assuming the State can, contrary to its own affidavit, implement the Act's infrastructure in less than 4-6 weeks after an early September decision (*i.e.*, by mid-October), tens of thousands of registered voters will face substantial or insurmountable hardships in obtaining the photographic identification ("photo ID") that the Act requires to vote in the November election.

The State takes the position that no funds may be spent on implementing the Act *until* the Act is pre-cleared. (Aff. of Marci Andino, sworn to April 10, 2012 (Dkt. No. 47), at ¶ 26.) In the event of pre-clearance, the State would have to take numerous steps, in a truncated timeframe, to implement the Act, including, but not limited to, (1) holding statewide education seminars (*id.* at ¶ 16), (2) notifying registered voters of the changes to the law (*id.* at ¶ 20), (3) purchasing cameras and other necessary equipment to disseminate statewide (*id.* at ¶ 27), (4) implementing non-discriminatory procedures to provide voters with the requisite photo IDs, and (5) coordinating with "local service organizations" (such as the Intervenor organizations) to further publicize the new voting requirements and steps necessary to comply with the Act (Act R54, § 7(5)). Once this cumbersome infrastructure is established, and the State has educated tens of thousands of eligible voters about the new requirements, those voters who lack accepted IDs must then go about obtaining the newly required photo IDs.

1

Under the Act, a voter must present at the polling place a "valid and current": (1) South Carolina driver's license or other form of ID issued by the Department of Motor Vehicles ("DMV"); (2) U.S. passport; (3) South Carolina voter registration card containing a photograph, which currently does not exist, issued by the State Elections Commission ("SEC"); or (4) U.S. military ID.[1] According to the State, there are at least 178,000 registered voters who lack either a valid driver's license or a DMV-issued photo ID. (Comment Letter (Dkt. No. 19-3, Ex. A), at 3.) Under the Act, each of these 178,000 voters would have to obtain one of the limited number of accepted IDs.

A new U.S. Passport costs $135, and typically takes four to six weeks to process. Expedited service reduces the time to obtain a passport to two to three weeks and costs an additional $60, in addition to delivery costs.[2] A DMV photo ID can be available on the day of application, but can be obtained only by providing proof of citizenship, proof of residence and proof of social security number.[3] At this time, it is unclear, once the SEC creates the mechanisms to provide photo ID, whether the SEC will mandate the same forms of proof as the DMV to issue a photo voter registration card.

The documents that eligible voters currently need to obtain a DMV-issued photo ID (and other accepted forms of ID under the Act) are not readily available, require

---

[1] U.S. military IDs are only available to military personnel and their dependents, and are thus not a viable option for most South Carolina voters.

[2] *See* U.S Dept. of State, *Passports: Processing Times*, Travel.State.gov, http://travel.state.gov/passport/processing/processing_1740.html (last visited April 20, 2012).

[3] The DMV outlines all of this information. *See Form MV-93: United States Citizens' Checklist for First Time Issuance of Driver's License, Beginner's Permit, and Identification Cards*, South Carolina DMV (Feb. 2008), http://www.scdmvonline.com/DMVNew/forms/MV-93.pdf.

2

substantial processing time and are costly (in fees, time, and transportation expense). For those born in South Carolina, a birth certificate requested by mail from the State's Vital Records Services costs $12, and, after the voter obtains, completes and submits the form, the standard processing time is two to four weeks.[4] Voters who have changed their name since birth—such as many married women—must also produce legal documentation explaining the name change. A certified marriage certificate from South Carolina's Vital Records Services also costs $12 and requires two to four weeks to process. Only after receipt of the marriage certificate could such a voter apply for a birth certificate.[5] Once the necessary documents have been procured, in order to obtain the State-issued photo ID, an applicant must travel to a State office during regular business hours, often conflicting with the average workday. The official processing times do not reflect the considerable additional time needed to arrange travel to and from governmental offices during work hours, coordinate work and personal schedules to accommodate an appointment, and—if needed—obtain the money, where feasible, to purchase these documents. Of course, none of these steps can begin until South Carolina informs and educates voters about the existence of the Act and explains the requirements to vote.

These steps may not be insurmountable in places where there is adequate public transportation, understanding employers, available child care, resources necessary to

---

[4] *See How to Obtain a Certified Copy of a Birth Certificate*, S.C. Dept. of Health and Environmental Control, http://www.scdhec.gov/administration/vr/ birth.htm (last visited April 20, 2012). The State also requires one of a limited number of forms of photo ID in order to apply for a birth certificate. *See ID Requirements*, S.C. Dept. of Health and Environmental Control, http://www.scdhec.gov/administration/vr/id.htm (last visited April 20, 2012).

[5] For those who need to obtain birth or marriage certificates from other states, processing times and costs can vary widely.

3

purchase requisite documents, and voters who can navigate the system and correctly fill out necessary forms without challenge. However, the record assembled in the State's administrative preclearance application to the Department of Justice demonstrates that these fundamental conditions for compliance with the Act are lacking in many places in South Carolina.[6] The examples below underscore the challenges faced by individual Intervenors in complying with the Act in time for the November election, if this Court permits the State to implement the Act only a few weeks earlier.[7]

**Junior Glover**, an African-American resident of Sumter County, South Carolina, has voted in past elections and intends to vote in November but lacks photo ID accepted under the Act. Mr. Glover's birth was recorded in a family bible, which was destroyed in a house fire over 25 years ago. Because he has no original birth certificate, Mr. Glover must obtain a delayed birth certificate before applying for the State-issued ID under the Act. To obtain a delayed birth certificate, however, he would need attorney assistance and financial resources to petition a family court, and would then have to await the outcome of that proceeding.

**Kenyda Bailey**, a resident of Richland County, South Carolina, is a twenty-three-year-old African-American senior student at Benedict College. Ms. Bailey lacks all of the Act's accepted IDs, but possesses a Benedict-issued student photo ID, which she used to

---

[6] *See, e.g.*, Comment Letter (Dkt. No. 19-3, Ex. A), at 4-9.

[7] Nor is the "reasonable impediment" exception in Act R54, § 5(D)(1)(b) a reliable option, given that: (1) the Act does not define the term, (2) no clear direction has been provided to local officials as to how to implement the exception, and (3) there is likely to be much confusion as to the scope of the exception and much variability in its application. Thus, voters must generally assume that the exception will not apply to them if they wish to ensure their opportunity to vote in this important election.

register and vote in the 2008 presidential election. To comply with the Act, Ms. Bailey would have to attempt to obtain an out-of-state birth certificate from New Jersey, incurring both cost and time.

In addition, Intervenor organizations—which play an important role in voter education under the Act (*see* Act R54, § 7(5))—would find it virtually impossible to carry out their respective missions of assisting and expanding access to voting in a matter of weeks. For example, Defendant-Intervenors the **League of Women Voters of South Carolina**, **Family Unit, Inc.**, **South Carolina Progressive Network**, and the **South Carolina State Conference of the NAACP** will need a reasonable amount of time *after* the Act is implemented to educate their constituencies and assist eligible voters with obtaining the Act's accepted IDs by, among other things: (1) identifying the voters who lack the requisite ID; (2) determining which alternative ID *each* individual needs; (3) creating and disseminating relevant educational materials; (4) planning and hosting public education events; (5) providing transportation to and from agency offices, or securing attorney representation as needed; and (6) mobilizing additional financial, staff and volunteer resources for all of the above. Sufficient time for these and other organizations to educate and assist voters statewide is all the more crucial given the highly accelerated implementation schedule sought by the State, which will leave significant numbers of voters confused about how to comply with the Act and ultimately deny them the ability to vote.

Dated: April 23, 2012
    New York, New York

Respectfully submitted,

/s/ Garrard R. Beeney_____

| | |
|---|---|
| Arthur B. Spitzer (DC Bar No. 235960) | Jon M. Greenbaum (D.C. Bar No. 489887) |
| AMERICAN CIVIL LIBERTIES UNION | Mark A. Posner (D.C. Bar No. 457833) |
| OF THE NATION'S CAPITAL | Robert A. Kengle |
| 4301 Connecticut Avenue, NW, Suite 434 | LAWYERS' COMMITTEE FOR |
| Washington, DC 20008 |    CIVIL RIGHTS UNDER LAW |
| (202) 457-0800 | 1401 New York Ave. NW |
| (202) 457-0805 (fax) | Ste. 400 |
| artspitzer@gmail.com | Washington, D.C. 20005 |
| | Tel: (202) 662-8389 |
| Laughlin McDonald | Fax: (202) 628-2858 |
| Nancy Abudu | mposner@lawyerscommittee.org |
| Katie O'Connor | |
| AMERICAN CIVIL LIBERTIES UNION | Michael A. Cooper (*pro hac vice*) |
| FOUNDATION, INC. | Garrard R. Beeney (*pro hac vice*) |
| 230 Peachtree Street, N.W., Suite 1440 | Theodore A.B. McCombs (*pro hac vice*) |
| Atlanta, GA 30303-1227 | Sambo Dul (*pro hac vice*) |
| (404) 523-2721 | Sean A. Camoni (*pro hac vice*) |
| (404) 653-0331 (fax) | SULLIVAN & CROMWELL LLP |
| koconnor@aclu.org | 125 Broad Street |
| | New York, New York 10004-2498 |
| Susan Dunn | Tel: (212) 558-4000 |
| AMERICAN CIVIL LIBERTIES UNION | Fax: (212) 291-9007 |
| OF SOUTH CAROLINA | beeneyg@sullcrom.com |
| P.O. Box 20998 | |
| Charleston, SC 29413 | Wendy R. Weiser (*pro hac vice*) |
| sdunn@aclusouthcarolina.org | Keesha M. Gaskins (*pro hac vice*) |
| | Mimi Marziani (*pro hac vice*) |
| *Attorneys for Defendant-Intervenors* | Elisabeth Genn (*pro hac vice*) |
| *James Dubose,* et al. | THE BRENNAN CENTER FOR |
| |  JUSTICE AT NYU SCHOOL OF LAW |
| | 161 Avenue of the Americas, Floor 12 |
| Joshua Civin (D.C. Bar No. 494496) | New York, NY 10013-1205 |
| NAACP LEGAL DEFENSE & | Tel: (646) 292-8310 |
|    EDUCATIONAL FUND, INC. | Fax: (212) 463-7308 |
| 1444 I Street, NW, 10th Floor | keesha.gaskins@nyu.edu |
| Washington, DC 20005 | |
| (202) 682-1300 | Armand Derfner (*Bar renewal pending*) |
| | DERFNER, ALTMAN & WILBORN |
| Debo P. Adegbile (D.C. Bar No. NY0143) | 575 King Street, Suite B |
| Elise C. Boddie | P.O. Box 600 |
| Ryan P. Haygood | Charleston, SC 29402 |

6

Dale E. Ho (D.C. Bar No. NY0142)
Natasha M. Korgaonkar
Leah C. Aden
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris
FRIED, FRANK, HARRIS,
  SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Victor L. Goode
NATIONAL ASSOCIATION FOR THE
  ADVANCEMENT OF
  COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, Maryland 21215

*Counsel for Defendant-Intervenors South
Carolina State Conference of the NAACP*

Tel: (843) 723-9804
Fax: (843) 723-7446
aderfner@dawlegal.com

*Counsel for Defendant-Intervenors the
League of Women Voters of South
Carolina,* et al.

**CERTIFICATION PURSUANT TO THE COURT'S APRIL 4, 2012 ORDER**

Pursuant to the Court's Minute Order of April 4, 2012, the Defendant-Intervenors have consolidated their request for relief into a single motion. Further consolidation with the United States is inappropriate in this limited instance because, unlike the United States, the Defendant-Intervenors include both individuals and organizations directly impacted by Act R54, who can speak to the prejudice of a rushed implementation on South Carolina eligible voters.

Dated: April 23, 2012

                                                            Respectfully submitted,

                                                            /s/ Garrard R. Beeney_____
                                                           Garrard R. Beeney
                                                           SULLIVAN & CROMWELL LLP
                                                           125 Broad Street
                                                           New York, New York 10004-2498
                                                           Tel: (212) 558-4000
                                                          Fax: (212) 291-9007
                                                          beeneyg@sullcrom.com

**CERTIFICATE OF SERVICE**

      I certify that on April 23, 2012, I filed the foregoing Statement with the Court's electronic filing system, which will provide notice to all counsel of record.

                                    /s/ Theodore A.B. McCombs
                                    Theodore A.B. McCombs