UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>   Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, and ERIC HIMPTON HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>   Defendants,<br><br>JAMES DUBOSE, *et al.*,<br><br>   Defendant-Intervenors. | **Civil Action No. 12-203**<br>**(BMK) (JDB) (CKK)** |

**SCHEDULING AND PROCEDURES ORDER**
(April 26, 2012)

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, this 26th day of April, 2012, hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**.

    1.    **COMMUNICATIONS WITH THE COURT.** In the event the parties need to contact the Court telephonically, they shall call the Chambers of Judge Colleen Kollar-Kotelly. However, the parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

    2.    **DISCOVERY DISPUTES.** The parties are referred to Local Civil Rule 26.2 and are expected to fully comply with its directives. Moreover, counsel are required to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. **The parties shall not file a discovery motion without prior consultation with opposing counsel**. If, in what should be the unusual case, the parties are unable to resolve their discovery dispute, counsel

shall contact the Chambers of Judge Colleen Kollar-Kotelly jointly in order to arrange for a telephonic conference with the Court **prior to the filing of any written discovery motion**.

    3.    **DEPOSITIONS.** The Plaintiff and Defendants shall each be permitted to take a **maximum of twenty (20) depositions**. Defendant-Intervenors as a group shall be permitted to take a **maximum of ten (10) depositions**. Counsel must adhere to the following guidelines when taking any deposition:

    (a)    Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

    (b)    Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

    (c)    Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Federal Rule of Civil Procedure 30(c)(2);

    (d)    Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

    (e)    If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Court for a ruling and remedy. When appropriate, the Court will impose sanctions;

    (f)    All counsel are to conduct themselves in a civil, polite, and professional manner. The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

    (g)    In accordance with Federal Rule of Civil Procedure 30(d)(1), no deposition may last more than seven hours (exclusive of breaks), except by leave of the Court or stipulation of the parties.

    4.    **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

    (a)    Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

    (b)    A party may not file a sur-reply without first requesting leave of the Court.

    (c)    Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**. *See* LCvR 7(b). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x (D.C. Cir. 2004).

    (d)    **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

    (e)    Each submission shall be accompanied by a table of cases and other authorities cited therein.

5.    **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.** The parties shall comply with the following instructions when briefing proposed findings of fact and conclusions of law ("FoFs/CoLs"):

    (a)    South Carolina and Defendants/Defendant-Intervenors (as a group) shall each be allocated a total of one hundred and fifteen (115) pages to brief proposed FoFs/CoLs.

        (i)    South Carolina shall have no more than forty-five (45) pages to set forth its proposed FoFs/CoLs.

        (ii)    Defendants/Defendant-Intervenors shall have no more than forty-five (45) pages to respond to South Carolina's proposed FoFs/CoLs. Defendants/Defendant-Intervenors shall have an additional forty-five (45) pages to set forth their additional proposed FoFs/CoLs.

        (iii)    South Carolina shall have no more than forty-five (45) pages to respond to Defendants/Defendant-Intervenors' proposed FoFs/CoLs. South Carolina shall have an additional twenty-five (25) pages for its reply in support of its proposed FoFs/CoLs.

        (iv)    Defendants/Defendant-Intervenors shall have no more than twenty-five pages (25) pages for their reply in support of their proposed FoFs/CoLs.

        (v)    All text shall be double-spaced and in **thirteen point** Times New Roman, and margins shall be set at one inch.

        (vi)    Each submission shall be accompanied by a table of contents and a table of authorities, neither of which shall count towards page limitations.

(b) The parties shall file a single appendix with **sequentially numbered pages and exhibits**.

    (i) The appendix must include **all the evidence upon which the parties intend to rely**. That evidence may include, among other things: affidavits and declarations; deposition testimony; expert reports; jointly stipulated facts; documents and interrogatory responses; and legislative history.

    (ii) Exhibits shall be **properly edited** to provide the Court with sufficient context, but to exclude irrelevant material.

    (iii) The parties shall use optical character recognition or an analogous technology to convert scanned images of handwritten, typewritten, or printed text into machine-encoded text.

(c) When proposing FoFs/CoLs, a party shall set forth a statement of any and all proposed FoFs/CoLs in **sequentially numbered paragraphs**.

    (i) Each paragraph must include **precise citations** to the relevant support. For proposed FoFs, that should be the appendix. For proposed CoLs, that should be the relevant legal authority. In addition, when setting forth proposed CoLs, the parties should include legal argument, and should cite back to their **supporting proposed FoFs**, correlating their legal argument with the underlying factual support.

    (ii) Each paragraph of the proposed FoFs must be limited to a single factual assertion or a group of **closely related** assertions.

(d) When opposing proposed FoFs/CoLs, the opposing party shall respond to each paragraph of the other side's proposed FoFs/CoLs with a **correspondingly numbered paragraph**.

    (i) For each paragraph, the opposing party must set forth **any and all information directly relevant to its opposition**. That response may include, among other things: any basis for concluding that the materials relied upon do not establish the proffered factual assertion or legal principle; any and all evidentiary objections to the materials relied upon; and precise citations to contradictory or competing evidence in the appendix.

    (ii) If a paragraph is undisputed, in whole or in part, the party must so indicate. **If a party fails to respond to a paragraph, the Court may deem that paragraph to be undisputed**.

        (iii)    **If an evidentiary objection is not expressly identified and argued, it will be deemed to be waived.**

    (e)    At all times and in all submissions, the parties must furnish **precise citations** to the appendix when proposing FoFs and CoLs; the Court need not consider materials not specifically identified.

    (f)    Courtesy copies of all submissions shall be delivered to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers).

        (i)    All hard copies shall be appropriately bound and tabbed for ease of reference.

        (ii)    For the appendix, the parties shall deliver four (4) courtesy copies instead of six, all addressed to the Chambers of Judge Kollar-Kotelly.

    (g)    Within five (5) business days of the deadline for filing their submissions, the parties shall submit hyperlinked versions of their submissions. The hyperlinks should link to the precise page of the appendix or relevant legal authority cited. Should the parties have any questions about the Court's technological capabilities or preferences, they may contact the Chambers of Judge Kollar-Kotelly.

6.    **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions that simply reassert arguments previously raised and rejected by the Court; or (b) arguments that should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993). Motions not in compliance with these instructions may be stricken.

7.    **COURTESY COPIES.** The parties shall deliver six (6) courtesy copies, two (2) addressed to each of the three Judges on the panel, for any submission that is over twenty-five (25) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers). Courtesy copies shall be appropriately bound and tabbed for ease of reference.

8.    **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

9.    **TRIAL AND WITNESSES.** The parties are instructed to reserve July 26-27 and August 1-3 for the presentation of live testimony to the Court. The parties shall exercise their best efforts to secure their witnesses' availability for these dates. Although the parties should endeavor

to present a complete paper record for the Court's consideration, the Court **may** hear live testimony from witnesses whose testimony is contested and from expert witnesses on one or more of these dates.

It is **FURTHER ORDERED** that the parties shall adhere to the following schedule:

| | | |
|---|---|---|
| **April 13, 2012** | • | The discovery period commenced by Court order. |
| **April 20, 2012**  (*See* April 16, 2012 Minute Order) | • | The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). |
| | • | South Carolina shall produce the relevant databases not in dispute between the parties as identified in the United States' March 28, 2012 and April 9, 2012 Letters, ECF Nos. [49-2, 49-3]. |
| **April 30, 2012** | • | If amendment is unopposed, the parties shall file any amended pleadings. |
| | • | If amendment is opposed, the parties shall file any motions to amend. |
| | • | South Carolina shall file with the Court the finalized procedures under Sections 4, 7, and 8 of Act R54. |
| | • | South Carolina shall submit the finalized procedures under Sections 4, 7, and 8 of Act R54 to the Department of Justice for administrative preclearance. |
| **May 4, 2012** | • | Responses to amended pleadings, if necessary, shall be filed. |
| | • | To the extent the parties have not already done so, the parties shall serve document requests and interrogatories. Plaintiff and Defendants shall each be limited to a maximum of thirty (30) interrogatories. Defendant-Intervenors as a group shall be limited to a maximum of twenty (20) interrogatories. There shall be no limit as to the number of document requests a party may serve. |
| **May 9, 2012** | • | The parties shall serve objections to written discovery. |
| **May 16, 2012** | • | The parties shall serve their substantive responses to document requests and interrogatories, including, where appropriate, privilege logs consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5). |

| | | |
|---|---|---|
| **June 4, 2012** | • | Deadline for raising all discovery disputes with the Court, including motions to compel, motions to quash, motions for sanctions under Federal Rule of Civil Procedure 37, etc. The parties are strongly encouraged to raise discovery disputes with the Court as soon as practicable in accordance with the procedures outlined above. |
| **June 15, 2012** | • | The proponents of any expert testimony shall serve their disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| **June 22, 2012** | • | Fact discovery ends. |
| | • | South Carolina, Defendants, and Defendant-Intervenors (as a group) shall each file a Notice with the Court identifying by name (and, if applicable, official title) all witnesses, including experts, the party intends to call as a live witness, and providing (1) a brief summary of the substance of that witness's testimony; and (2) why the witness's testimony should be presented live rather than through the paper record. |
| **June 25, 2012** | • | The proponents of any expert testimony may supplement initial expert reports with additional information obtained during the final week of fact discovery. |
| | • | The parties shall serve requests for admission. Plaintiff and Defendants shall each be limited to a maximum of thirty (30) requests for admission. Defendant-Intervenors as a group shall be limited to a maximum of twenty (20) requests for admission. |
| **June 29, 2012** | • | The parties shall serve all rebuttal expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| **July 3, 2012** | • | Expert discovery closes. |
| | • | The parties shall serve their responses to requests for admission. |
| **July 9, 2012** | • | South Carolina shall file any and all proposed FoFs/CoLs in the format outlined above. |

| | |
|---|---|
| **July 17, 2012** | • In a single submission, Defendants and Defendant-Intervenors shall file their joint (1) opposition to South Carolina's proposed FoFs/CoLs, responding to each paragraph of South Carolina's proposed FoFs/CoLs with a correspondingly numbered paragraph (which shall include asserting any evidentiary objections), and (2) additional proposed FoFs/CoLs, setting forth in sequentially numbered paragraphs continuing from the last number used by South Carolina, any and all additional proposed FoFs/CoLs that are not directly relevant to their opposition but that Defendants and/or Defendant-Intervenors consider relevant. |
| **July 25, 2012** | • In a single submission, South Carolina shall file its (1) reply to Defendants/Defendant-Intervenors' opposition to its proposed FoFs/CoLs, referencing the sequentially numbered paragraphs in South Carolina's original FoFs/CoLs (which shall include responding to any evidentiary objections), and (2) its opposition to Defendants/Defendant-Intervenors' additional proposed FoF/CoLs, responding to each paragraph of Defendants/Defendant-Intervenors' proposed FoFs/CoLs with a correspondingly numbered paragraph (which shall include asserting any evidentiary objections).<br><br>• South Carolina may not set forth any additional proposed FoFs/CoLs in this submission. |
| **July 26 & 27, 2012** | • Reserved for live testimony. |
| **July 31, 2012** | • Defendants/Defendant-Intervenors' shall file their joint reply to South Carolina's opposition to their proposed FoFs/CoLs (which shall include responding to any evidentiary objections), referencing the sequentially numbered paragraphs in Defendants/Defendant-Intervenors' additional FoFs/CoLs.<br><br>• Defendants/Defendant-Intervenors' may not set forth any additional proposed FoFs/CoLs in this submission. |
| **August 1, 2 & 3, 2012** | • Reserved for live testimony. |
| **Early September 2012** | • The Court intends to issue its decision. |

//

//

//

Additional dates will be set as necessary.  The dates identified above are **firm**; the Court expects that the parties will adhere to the schedule set forth above.

**SO ORDERED.**

                                           /s/
                                       **BRETT M. KAVANAUGH**
                                       UNITED STATES CIRCUIT JUDGE


                                         /s/
                                       **JOHN D. BATES**
                                       UNITED STATES DISTRICT JUDGE


                                         /s/
                                       **COLLEEN KOLLAR-KOTELLY**
                                       UNITED STATES DISTRICT JUDGE

**Concurring Statement of Judge Bates, in which Judge Kollar-Kotelly joins:**

I concur in the scheduling order issued by the Court, but write separately to express my concerns about the course this litigation has taken to date.

Act R54 was signed into law on May 18, 2011. Compl. ¶ 3. South Carolina waited six weeks before submitting Act R54 to the Department of Justice ("DOJ") for administrative preclearance. Id. ¶ 19. The DOJ then spent several months prompting South Carolina to supplement its "manifestly incomplete" preclearance submission and to provide basic details about how Act R54 would be implemented. See Gov't Resp. to Aff. and Meet & Confer Stmt. [ECF 50] ("Gov't Resp.") at 3; id. Ex. 3 at 2; Tr. of 4/13/2012 Status Conf. ("Tr.") at 42, 56-57. On December 23, 2011, the DOJ denied preclearance to section 5 of the Act, but declined to make any preclearance decision on sections 4, 7 and 8 because South Carolina had not – despite repeated requests – submitted final versions of the implementing procedures for any of those sections. See Gov't Resp., Ex. 6.

South Carolina took no further action for another almost seven weeks. On February 8, 2012, South Carolina filed this lawsuit. The complaint did not, in any way, mention a need for expedition. After six weeks of silence from the parties, the Court sua sponte entered an order on March 21, 2012 scheduling a status conference for shortly after the due date of an answer. See Order [ECF 12]. The Court's order directed the parties to confer on scheduling issues and propose a schedule. Id. Accordingly, on March 28, defendants sent South Carolina a letter proposing a time for a meeting, attaching a draft schedule, and inquiring about several issues related to electronic discovery. Meet & Confer Stmt. [ECF 49], Ex. 2. When the parties met the following week, however, South Carolina was unprepared to answer the questions in defendants'

letter or to propose a specific schedule.  See id. at 4-6.  South Carolina also did not bring information technology experts to the meeting to discuss the electronic discovery issues that have plagued similar litigation, despite defendants' specific request that it do so.  Id.  After the parties' meeting, on April 9, defendants sent South Carolina a detailed letter asking reasonable questions about various substantive and discovery issues that were relevant to scheduling.  See id., Ex. 3.  South Carolina apparently ignored that letter.

On April 13, 2012, the parties appeared before the panel to discuss their proposed schedules.  South Carolina was unable to answer several of the Court's questions, including basic questions about Act R54 and South Carolina's proposed timeline for this litigation.  South Carolina could not explain why expedition was suddenly required, despite its previous leisurely pursuit of preclearance and its failure to seek any expedition in the instant lawsuit for nearly two months.

A state's need to preclear an election law in time for a presidential election is, without question, quite compelling.  But extraordinarily expedited litigation of preclearance cases can have negative consequences.  See, e.g., Florida v. United States, — F. Supp. 2d. — , No. 11-1428, 2011 WL 5114811 at *4 (D.D.C. Oct. 28, 2011) (denying a motion to expedite in a preclearance case).  Here, for instance, South Carolina initially requested that the Court resolve this case by August 1, 2012, based on an affidavit by the head of its election commission stating that August 1 was the latest possible date to begin implementation of the Act before the November election.  See Aff. of Marci Andino [ECF 47].  South Carolina's proposed schedule contained several oddities, including requiring that both expert reports and summary judgment motions be filed before the end of discovery.  See Meet & Confer Stmt., Ex. 1.  Defendants were rightly concerned that such a schedule would compromise their ability to compile the full and

11

fair record necessary to adjudicate this case here and on appeal, a particularly salient concern given that nearly all of the relevant information is in South Carolina's exclusive possession.  See Gov't Resp. at 1-2, 8-15.

After questioning from this Court, South Carolina stated that the Court could instead decide the case by September 7, 2012, although it did not in any way explain why Ms. Andino's earlier affidavit was in error.  A September 7 deadline leaves more time for litigation, but it potentially makes the law more retrogressive, as voters will have less than two months to comply with the new photo ID requirements.  Ms. Andino had averred that actual issuance of photographic voter IDs had to begin by no later than September 1, 2012 "in order to give those without photo voter identification cards a reasonable amount of time to obtain such identification," and South Carolina has not clearly explained why a shorter timeframe is suddenly acceptable.  See Andino Aff. [ECF 47] at ¶ 27.  On the other hand, South Carolina has recently provided some helpful information in response to other implementation issues.  See Notice of South Carolina's Response to April 24, 2012 Order [ECF 63].

The Court has now crafted a schedule that seeks to minimize the harms to the litigation process, on the one hand, and affected South Carolina voters, on the other.  In deciding whether such a schedule is fair and appropriate, I am mindful that the Supreme Court has recognized that Section 5 of the Voting Rights Act burdens state sovereignty.  Nw. Austin Mun. Util. Dist. No. One v. Holder, 129 S. Ct. 2504, 2512 (2009).  As South Carolina has argued, that burden is greater if a state cannot implement a duly enacted election law in time for a presidential election. In light of that concern, and because South Carolina has thus far been able to comply with the rigorous discovery schedule set in place by the Court on April 16, I join in the panel's decision to attempt to resolve this litigation by early September 2012.

I note, however, that South Carolina's own inexplicably dilatory conduct has largely created the difficult situation the Court and the parties now face, and I am uncomfortable with the proposition that state sovereignty functions as some sort of talisman that causes a court automatically to expedite a case. Ultimately, it is the Court's responsibility to set a fair and appropriate pretrial schedule. See United States v. W.R. Grace, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc); In re Vitamins Antitrust Class Action, 327 F.3d 1207, 1210 (D.C. Cir. 2003). Even in a case involving supremely important considerations, litigants who seek prompt equitable relief must show good cause for the request and conduct themselves accordingly. See Nelson v. Campbell, 541 U.S. 637, 650 (2004) (explaining that a court deciding whether to grant a stay of execution must consider "not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim" and that "there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay"); see also Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 79-80 (4th Cir. 1989). A state is not exempt from such basic requirements.

South Carolina has conceded that whether its expedited schedule proves achievable depends to a large extent on its own conduct and whether it can comply with the schedule it has urged. See Tr. at 56. And it has pledged "to move with lightning speed" and to avoid "engaging in . . . dragged out discovery disputes." Id.[1] Even if South Carolina does adhere to the proposed schedule, meeting the early September deadline risks imposing certain burdens on defendants,

---

[1] Such discovery disputes and delays have recently threatened or caused adjustments to schedules set in other preclearance cases. See Texas v. Holder, No. 12-128 (D.D.C.) [ECF 85, 88] (motions seeking to adjust trial schedule); Florida v. United States, No. 11-1428 (D.D.C.), Order filed April 20, 2012 [ECF 94] (adjusting pretrial schedule).

the Court, and the 178,000 affected voters in South Carolina. But on the assumption that South Carolina will do everything it can to minimize those costs, I join the Court's scheduling order.