# EXHIBIT A

Case 1:12-cv-00203-CKK-BMK-JDB   Document 65-1   Filed 04/30/12   Page 2 of 10

# South Carolina General Assembly
119th Session, 2011-2012

Download This Bill in Microsoft Word format

**A27, R54, H3003**

**STATUS INFORMATION**

General Bill
Sponsors: Reps. Clemmons, Harrell, Lucas, Bingham, Harrison, Cooper, Owens, Sandifer, Allison, Ballentine, Bannister, Barfield, Bowen, Cole, Crawford, Daning, Delleney, Forrester, Frye, Gambrell, Hamilton, Hardwick, Hiott, Horne, Huggins, Limehouse, Loftis, Long, Lowe, Merrill, V.S. Moss, Norman, Parker, G.M. Smith, G.R. Smith, Sottile, Stringer, Toole, Umphlett, Viers, White, Crosby, Thayer, Simrill, Ryan, McCoy, Murphy, Atwater, Henderson, Quinn, Tallon, Patrick, J.R. Smith, Hixon, Taylor, Young, Bedingfield, Corbin, Pitts, Chumley, Spires, Pope, Bikas, Pinson, D.C. Moss, Erickson, Willis, Brady, Herbkersman, Nanney, Brannon and Whitmire
Document Path: l:\council\bills\ms\7070zw11.docx
Companion/Similar bill(s): 1, 3961

Introduced in the House on January 11, 2011
Introduced in the Senate on January 27, 2011
Last Amended on May 11, 2011
Passed by the General Assembly on May 11, 2011
Governor's Action: May 18, 2011, Signed

Summary: Voter ID

**HISTORY OF LEGISLATIVE ACTIONS**

```
     Date      Body   Action Description with journal page number
-------------------------------------------------------------------------
   12/7/2010   House  Prefiled
   12/7/2010   House  Referred to Committee on Judiciary
   1/11/2011   House  Introduced and read first time (House Journal-page 3)
   1/11/2011   House  Referred to Committee on Judiciary (House Journal-page 3)
   1/12/2011   House  Member(s) request name added as sponsor: Atwater
   1/18/2011   House  Member(s) request name added as sponsor: Henderson,
                        Quinn, Tallon, Patrick, J.R.Smith, Hixon, Taylor,
                        Young, Bedingfield, Corbin, Pitts, Chumley, Spires,
                        Pope, Bikas, Pinson
   1/19/2011   House  Committee report: Favorable with amendment Judiciary
                        (House Journal-page 2)
   1/20/2011   House  Member(s) request name added as sponsor: D.C.Moss
   1/25/2011   House  Member(s) request name added as sponsor: Erickson, Willis
   1/25/2011   House  Objection by Rep. Cobb-Hunter and Sellers
                        (House Journal-page 32)
   1/25/2011   House  Requests for debate-Rep(s). Clemmons, Crawford, JE
                        Smith, Hart, Govan, McEachern, Erickson, Brantley,
                        King, Jefferson, Munnerlyn, Forrester, Parker,
                        Allison, Mack, Mitchell, Bikas, DC Moss, JR Smith,
                        Hixon, Taylor, Young, RL Brown, GA Brown, Anderson,
                        Clyburn, Hosey, Brannon, Hayes, Battle, Gilliard,
                        McCoy, Stringer, Sandifer, Whitmire, VS Moss, Nanney,
                        Bedinfield, Henderson, Allen, Hearn, Dillard, Corbin,
                        Hardwick, Loftis, Pope, Whipper, Ott, and Vick
                        (House Journal-page 32)
   1/26/2011   House  Member(s) request name added as sponsor: Brady,
```

```
                              Herbkersman, Nanney, Brannon, Whitmire
   1/26/2011   House    Amended (House Journal-page 28)
   1/26/2011   House    Read second time (House Journal-page 28)
   1/26/2011   House    Roll call Yeas-74  Nays-45 (House Journal-page 28)
   1/27/2011   House    Read third time and sent to Senate
                           (House Journal-page 34)
   1/27/2011   Senate   Introduced and read first time (Senate Journal-page 17)
   1/27/2011   Senate   Referred to Committee on Judiciary
                           (Senate Journal-page 17)
    2/3/2011            Scrivener's error corrected
    2/8/2011   Senate   Motion For Special Order Failed (Senate Journal-page 14)
    2/8/2011   Senate   Roll call Ayes-25  Nays-15 (Senate Journal-page 14)
    2/9/2011   Senate   Motion For Special Order Failed (Senate Journal-page 23)
    2/9/2011   Senate   Roll call Ayes-26  Nays-14 (Senate Journal-page 23)
   2/10/2011   Senate   Special order, set for February 10, 2011
                           (Senate Journal-page 19)
   2/10/2011   Senate   Roll call Ayes-26  Nays-17 (Senate Journal-page 19)
   2/15/2011   Senate   Debate interrupted (Senate Journal-page 24)
   2/16/2011   Senate   Debate interrupted (Senate Journal-page 23)
   2/17/2011   Senate   Debate interrupted (Senate Journal-page 12)
   2/22/2011   Senate   Debate interrupted (Senate Journal-page 23)
   2/23/2011   Senate   Committee Amendment Amended and Adopted
                           (Senate Journal-page 36)
   2/23/2011   Senate   Read second time (Senate Journal-page 36)
   2/23/2011   Senate   Roll call Ayes-26  Nays-15 (Senate Journal-page 36)
   2/24/2011            Scrivener's error corrected
   2/24/2011   Senate   Read third time and returned to House with amendments
                           (Senate Journal-page 11)
   2/24/2011   Senate   Roll call Ayes-24  Nays-15 (Senate Journal-page 11)
   2/24/2011            Scrivener's error corrected
   2/25/2011            Scrivener's error corrected
    3/2/2011   House    Debate adjourned until Thursday, March 3, 2011
                           (House Journal-page 49)
    3/3/2011   House    Debate adjourned until Tuesday, March 8, 2011
                           (House Journal-page 28)
    3/8/2011   House    Debate adjourned until Wednesday, March 9, 2011
                           (House Journal-page 73)
    3/9/2011   House    Debate adjourned on amendments (House Journal-page 27)
   3/10/2011   House    Debate adjourned on amendments (House Journal-page 30)
   3/29/2011   House    Debate adjourned on Senate amendments until Wednesday,
                           March 30, 2011 (House Journal-page 30)
   3/30/2011   House    Debate adjourned on Senate amendments until Thursday,
                           March 31, 2011 (House Journal-page 33)
   3/31/2011   House    Debate adjourned on amendments (House Journal-page 35)
    4/5/2011   House    Debate adjourned on Senate amendments until Wednesday,
                           April 6, 2011 (House Journal-page 22)
    4/6/2011   House    Senate amendment amended (House Journal-page 36)
    4/6/2011   House    Returned to Senate with amendments
                           (House Journal-page 36)
   4/13/2011   Senate   Non-concurrence in House amendment
                           (Senate Journal-page 35)
   4/13/2011   Senate   Roll call Ayes-28  Nays-15 (Senate Journal-page 35)
   4/14/2011   House    House insists upon amendment and conference committee
                           appointed Reps. Clemmons, Lucas, and Merrill
                           (House Journal-page 2)
   4/14/2011   Senate   Conference committee appointed McConnell, Campsen, and
                           Scott (Senate Journal-page 21)
   4/26/2011   House    Conference report received and adopted
                           (House Journal-page 38)
   4/26/2011   House    Roll call Yeas-71  Nays-36 (House Journal-page 38)
   5/11/2011   Senate   Conference report received and adopted
                           (Senate Journal-page 35)
   5/11/2011   Senate   Roll call Ayes-26  Nays-16 (Senate Journal-page 35)
   5/11/2011   Senate   Ordered enrolled for ratification
                           (Senate Journal-page 47)
```

```
5/17/2011          Ratified R 54
5/18/2011          Signed By Governor
5/24/2011          Effective date See Act for Effective Date
5/24/2011          Act No. 27
```

View the latest legislative information at the LPITS web site

**VERSIONS OF THIS BILL**

12/7/2010
1/19/2011
1/26/2011
2/2/2011
2/3/2011
2/23/2011
2/24/2011
2/25/2011
4/6/2011
5/11/2011

---

(Text matches printed bills. Document has been reformatted to meet World Wide Web specifications.)

(A27, R54, H3003)

AN ACT TO AMEND SECTION 7-1-25, CODE OF LAWS OF SOUTH CAROLINA, 1976, RELATING TO THE DEFINITION OF "DOMICILE", SO AS TO PROVIDE FACTORS TO CONSIDER IN DETERMINING A PERSON'S INTENTION REGARDING HIS DOMICILE FOR VOTING PURPOSES; TO AMEND SECTION 7-5-125, RELATING TO WRITTEN NOTIFICATION OF REGISTRATION, SO AS TO PROVIDE THAT IF AN ELECTOR LOSES OR DEFACES HIS REGISTRATION NOTIFICATION, HE MAY OBTAIN A DUPLICATE NOTIFICATION FROM HIS COUNTY BOARD OF REGISTRATION; TO AMEND SECTION 7-5-230, AS AMENDED, RELATING TO LEGAL QUALIFICATIONS OF APPLICANTS FOR REGISTRATION AND CHALLENGES OF QUALIFICATIONS, SO AS TO REVISE WHAT THE BOARD OF REGISTRATION MUST CONSIDER WHEN A CHALLENGE IS MADE REGARDING RESIDENCE OR DOMICILE OF AN ELECTOR; BY ADDING SECTION 7-5-675 SO AS TO PROVIDE THAT THE STATE ELECTION COMMISSION SHALL IMPLEMENT A SYSTEM TO ISSUE VOTER REGISTRATION CARDS WITH A PHOTOGRAPH OF THE ELECTOR, AND TO PROVIDE WHEN THE PROVISIONS OF THIS SECTION TAKE EFFECT INCLUDING A REQUIREMENT THAT IMPLEMENTATION IS CONTINGENT ON FUNDING TO IMPLEMENT THIS REQUIREMENT; TO AMEND SECTION 7-13-710, AS AMENDED, RELATING TO PROOF OF THE RIGHT TO VOTE, SO AS TO REQUIRE CERTAIN PHOTOGRAPH IDENTIFICATION IN ORDER TO VOTE, TO PROVIDE THAT ONE OF THE POLL MANAGERS SHALL COMPARE THE PHOTOGRAPH CONTAINED ON THE REQUIRED IDENTIFICATION WITH THE PERSON PRESENTING HIMSELF TO VOTE AND SHALL VERIFY THAT THE PHOTOGRAPH IS THAT OF THE PERSON SEEKING TO VOTE, TO PERMIT PROVISIONAL BALLOTS IF THE PHOTOGRAPH IDENTIFICATION CANNOT BE PRODUCED OR IF THE POLL MANAGER DISPUTES THE PHOTOGRAPH, TO PROVIDE EXCEPTIONS FOR A RELIGIOUS OBJECTION TO BEING PHOTOGRAPHED OR IF THE ELECTOR SUFFERS FROM A REASONABLE IMPAIRMENT THAT PREVENTS HIM FROM OBTAINING PHOTOGRAPH IDENTIFICATION, TO PERMIT THE CASTING OF A PROVISIONAL BALLOT IN THESE CASES UPON SPECIFIC REQUIREMENTS INCLUDING AN AFFIDAVIT, TO PROVIDE FOR THE MANNER IN WHICH THE COUNTY BOARD OF REGISTRATION AND ELECTIONS SHALL PROCESS THESE PROVISIONAL BALLOTS, AND TO PROVIDE THAT THE IDENTIFICATION REQUIRED

**ABOVE IS FOR THE PURPOSE OF CONFIRMING THE IDENTITY OF THE ELECTOR AND TO PROVIDE FOR THE MANNER IN WHICH THE ELECTOR'S DOMICILE SHALL BE DETERMINED FOR PURPOSES OF VOTING; TO AMEND SECTION 56-1-3350, AS AMENDED, RELATING TO SPECIAL IDENTIFICATION CARDS ISSUED BY THE DEPARTMENT OF MOTOR VEHICLES TO RESIDENTS OF THIS STATE TEN YEARS OF AGE OR OLDER, SO AS TO REDUCE THIS AGE TO FIVE YEARS OF AGE OR OLDER, TO PROVIDE THAT THESE CARDS MUST BE ISSUED FREE OF CHARGE TO PERSONS SEVENTEEN YEARS OF AGE AND OLDER AND FOR THE FEE TO BE CHARGED TO PERSONS BETWEEN THE AGES OF FIVE AND SIXTEEN, TO DELETE LANGUAGE OF THE SECTION RELATING TO RENEWAL FEES AND WAIVER OF FEES, AND TO REVISE PROVISIONS OF THE SECTION PERTAINING TO USE OF THE FEES COLLECTED; TO PROVIDE THAT THE STATE ELECTION COMMISSION SHALL ESTABLISH AN AGGRESSIVE VOTER EDUCATION PROGRAM CONCERNING THE PROVISIONS OF THIS ACT TO EDUCATE THE PUBLIC IN CERTAIN PARTICULARS OF THIS ACT AND THE COMMISSION ALSO MAY IMPLEMENT ADDITIONAL EDUCATIONAL PROGRAMS IN ITS DISCRETION; TO PROVIDE THAT THE STATE ELECTION COMMISSION IS DIRECTED TO CREATE A LIST CONTAINING ALL REGISTERED VOTERS OF SOUTH CAROLINA WHO ARE OTHERWISE QUALIFIED TO VOTE BUT DO NOT HAVE A SOUTH CAROLINA DRIVER'S LICENSE OR OTHER FORM OF IDENTIFICATION CONTAINING A PHOTOGRAPH ISSUED BY THE DEPARTMENT OF MOTOR VEHICLES AS OF DECEMBER 1, 2011, AND TO PROVIDE THAT THE DEPARTMENT OF MOTOR VEHICLES MUST PROVIDE THE LIST OF PERSONS WITH A SOUTH CAROLINA DRIVER'S LICENSE OR OTHER FORM OF IDENTIFICATION CONTAINING A PHOTOGRAPH ISSUED BY THE DEPARTMENT OF MOTOR VEHICLES AT NO COST TO THE COMMISSION.**

Be it enacted by the General Assembly of the State of South Carolina:

**Factors to consider**

SECTION    1.    Section 7-1-25 of the 1976 Code, as added by Act 103 of 1999, is amended to read:

"Section 7-1-25.    (A)    A person's residence is his domicile. 'Domicile' means a person's fixed home where he has an intention of returning when he is absent. A person has only one domicile.

(B)    For voting purposes, a person has changed his domicile if he (1) has abandoned his prior home and (2) has established a new home, has a present intention to make that place his home, and has no present intention to leave that place.

(C)    For voting purposes, a spouse may establish a separate domicile.

(D)    For voting purposes, factors to consider in determining a person's intention regarding his domicile include, but are not limited to:

(1)    a voter's address reported on income tax returns;

(2)    a voter's real estate interests, including the address for which the legal residence tax assessment ratio is claimed pursuant to Section 12-43-220(C);

(3)    a voter's physical mailing address;

(4)    a voter's address on driver's license or other identification issued by the Department of Motor Vehicles;

(5)    a voter's address on legal and financial documents;

(6)    a voter's address utilized for educational purposes, such as public school assignment and determination

of tuition at institutions of higher education;

(7)   a voter's address on an automobile registration;

(8)   a voter's address utilized for membership in clubs and organizations;

(9)   the location of a voter's personal property;

(10)   residence of a voter's parents, spouse, and children; and

(11)   whether a voter temporarily relocated due to medical care for the voter or for a member of the voter's immediate family."

**Duplicate registration**

SECTION   2.   Section 7-5-125 of the 1976 Code, as added by Act 507 of 1988, is amended to read:

"Section 7-5-125.   (A)   Any person who applies for registration to vote and is found to be qualified by the county board of registration to whom application is made must be issued a written notification of registration. This notification must be on a form prescribed and provided by the State Election Commission.

(B)   If an elector loses or defaces his registration notification, he may obtain a duplicate notification from his county board of registration upon request in person, or by telephone or mail."

**Consideration of challenges**

SECTION   3.   Section 7-5-230 of the 1976 Code, as last amended by Act 103 of 1999, is further amended to read:

"Section 7-5-230.   (A)   The boards of registration to be appointed under Section 7-5-10 shall be the judges of the legal qualifications of all applicants for registration. The board is empowered to require proof of these qualifications as it considers necessary.

Once a person is registered, challenges of the qualifications of any elector, except for challenges issued at the polls pursuant to Sections 7-13-810, 7-13-820, and 7-15-420 must be made in writing to the board of registration in the county of registration. The board must, within ten days following the challenge and after first giving notice to the elector and the challenger, hold a hearing, accept evidence, and rule upon whether the elector meets or fails to meet the qualifications set forth in Section 7-5-120.

(B)   When a challenge is made regarding the residence or domicile of an elector, the board must consider the provisions of Section 7-1-25(D).

(C)   Any person denied registration or restoration of his name on the registration books shall have the right of appeal from the decision of the board of registration denying him registration or such restoration to the court of common pleas of the county or any judge thereof and subsequently to the Supreme Court."

**System to be implemented**

SECTION   4.   Article 7, Chapter 5, Title 7 of the 1976 Code is amended by adding:

"Section 7-5-675.   The State Elections Commission shall implement a system in order to issue voter registration cards with a photograph of the elector. This voter registration card may be used for voting purposes only."

**Photograph identification required, provisional ballots**

SECTION     5.     Section 7-13-710 of the 1976 Code, as last amended by Act 459 of 1996, is further amended to read:

"Section     7-13-710.     (A)     When a person presents himself to vote, he shall produce a valid and current:

(1)     South Carolina driver's license; or

(2)     other form of identification containing a photograph issued by the Department of Motor Vehicles; or

(3)     passport; or

(4)     military identification containing a photograph issued by the federal government; or

(5)     South Carolina voter registration card containing a photograph of the voter pursuant to Section 7-5-675.

(B)     After presentation of the required identification described in subsection (A), the elector's name must be checked by one of the managers on the margin of the page opposite his name upon the registration books, or copy of the books, furnished by the board of registration. One of the managers also shall compare the photograph contained on the required identification with the person presenting himself to vote. The manager shall verify that the photograph is that of the person seeking to vote. The managers shall keep a poll list which must contain one column headed 'Names of Voters'. Before a ballot is delivered to a voter, the voter shall sign his name on the poll list, which must be furnished to the appropriate election officials by the State Election Commission. At the top of each page, the voter's oath appropriate to the election must be printed. The signing of the poll list or the marking of the poll list is considered to be an affirmation of the oath by the voter. One of the managers shall compare the signature on the poll list with the signature on the voter's driver's license, registration notification, or other identification and may require further identification of the voter and proof of his right to vote under this title as he considers necessary. If the voter is unable to write or if the voter is prevented from signing by physical handicap, he may sign his name to the poll list by mark with the assistance of one of the managers.

(C)(1)     If the elector cannot produce the identification as required in subsection (A), he may cast a provisional ballot that is counted only if the elector brings a valid and current photograph identification to the county board of registration and elections before certification of the election by the county board of canvassers.

(2)     If the manager disputes that the photograph contained on the required identification is the person presenting himself to vote, the elector may cast a provisional ballot. A determination of that provisional ballot must be made in accordance with Section 7-13-830.

(D)(1)(a)     If an elector does not produce a valid and current photograph identification due to a religious objection to being photographed, he may complete an affidavit under penalty of perjury at the polling place and affirm that the elector: (i) is the same individual who personally appeared at the polling place; (ii) cast the provisional ballot on election day; and (iii) has a religious objection to being photographed. Upon completion of the affidavit, the elector may cast a provisional ballot. The affidavit must be submitted with the provisional ballot envelope and be filed with the county board of registration and elections before certification of the election by the county board of canvassers.

(b)     If an elector does not produce a valid and current photograph identification because the elector suffers from a reasonable impediment that prevents the elector from obtaining photograph identification, he may complete an affidavit under the penalty of perjury at the polling place and affirm that the elector: (i) is the same individual who personally appeared at the polling place; (ii) cast the provisional ballot on election day;

and (iii) the elector suffers from a reasonable impediment that prevents him from obtaining photograph identification. The elector also shall list the impediment, unless otherwise prohibited by state or federal law. Upon completion of the affidavit, the elector may cast a provisional ballot. The affidavit must be submitted with the provisional ballot envelope and be filed with the county board of registration and elections before certification of the election by the county board of canvassers.

(2)   If the county board of registration and elections determines that the voter was challenged only for the inability to provide proof of identification and the required affidavit is submitted, the county board of registration and elections shall find that the provisional ballot is valid unless the board has grounds to believe the affidavit is false.

(3)   If the county board of registration and elections determines that the voter has been challenged for a cause other than the inability to provide proof of identification as required by subsection (A), the county board of registration and elections shall:

(a)   note on the envelope containing the provisional ballot that the voter complied with the proof of identification requirement; and

(b)   proceed to determine the validity of the remaining challenges before ruling on the validity of the provisional ballot.

(E)   The purpose of the identification required pursuant to subsection (A) is to confirm the person presenting himself to vote is the elector on the poll list. Any address listed on the identification is not determinative of an elector's domicile for the purpose of voting. An elector's domicile for the purpose of voting is determined pursuant to the provisions of Section 7-1-25."

**Special identification card provisions revised**

SECTION    6.    Section 56-1-3350 of the 1976 Code, as last amended by Act 277 of 2010, is further amended to read:

"Section 56-1-3350.   (A)   Upon application by a person five years of age or older who is a resident of South Carolina, the department shall issue a special identification card as long as:

(1)   the application is made on a form approved and furnished by the department; and

(2)   the applicant presents to the person issuing the identification card a birth certificate or other evidence acceptable to the department of his name and date of birth.

(B)(1)   The fee for the issuance of the special identification card is five dollars for a person between the ages of five and sixteen years.

(2)   An identification card must be free to a person aged seventeen years or older.

(C)   The identification card expires five years from the date of issuance.

(D)   Special identification cards issued to persons under the age of twenty-one must be marked, stamped, or printed to readily indicate that the person to whom the card is issued is under the age of twenty-one.

(E)   The fees collected pursuant to this section must be credited to the Department of Transportation State Non-Federal Aid Highway Fund."

**Voter education program**

SECTION    7.    The State Elections Commission must establish an aggressive voter education program concerning the provisions contained in this legislation. The State Elections Commission must educate the public as follows:

(1)    Post information concerning changes contained in this legislation in a conspicuous location at each county board of registration and elections, each satellite office, the State Elections Commission office, and their respective websites.

(2)    Train poll managers and poll workers at their mandatory training sessions to answer questions by electors concerning the changes in this legislation.

(3)    Require documentation describing the changes in this legislation to be disseminated by poll managers and poll workers at every election held following preclearance by the United States Department of Justice or approval by a declaratory judgment issued by the United States District Court for the District of Columbia, whichever occurs first.

(4)    Coordinate with each county board of registration and elections so that at least two seminars are conducted in each county prior to December 15, 2011.

(5)    Coordinate with local and service organizations to provide for additional informational seminars at a local or statewide level.

(6)    Place an advertisement describing the changes in this legislation in South Carolina newspapers of general circulation by no later than December 15, 2011.

(7)    Coordinate with local media outlets to disseminate information concerning the changes in this legislation.

(8)    Notify each registered elector who does not have a South Carolina issued driver's license or identification card a notice of the provisions of this act by no later than December 1, 2011. This notice must include the requirements to vote absentee, early, or on election day and a description of voting by provisional ballot. It also must state the availability of a free South Carolina identification card pursuant to Section 56-1-3350.

In addition to the items above, the State Elections Commission may implement additional educational programs in its discretion.

**Registered voter list**

SECTION    8.    The State Election Commission is directed to create a list containing all registered voters of South Carolina who are otherwise qualified to vote but do not have a South Carolina driver's license or other form of identification containing a photograph issued by the Department of Motor Vehicles as of December 1, 2011. The list must be made available to any registered voter upon request. The Department of Motor Vehicles must provide the list of persons with a South Carolina driver's license or other form of identification containing a photograph issued by the Department of Motor Vehicles at no cost to the commission. The commission may charge a reasonable fee for the provision of the list in order to recover associated costs of producing the list.

**Findings**

SECTION    9.    The General Assembly finds that all the provisions contained in this act relate to one subject as required by Section 17, Article III of the South Carolina Constitution in that each provision relates directly to or in conjunction with other sections to the subject of election reform as stated in the title. The General

Assembly further finds that a common purpose or relationship exists among the sections, representing a potential plurality but not disunity of topics, notwithstanding that reasonable minds might differ in identifying more than one topic contained in this act.

**Time effective**

SECTION   10.   Except for SECTION 4, the provisions of this act are effective upon approval by the Governor.

**Approval and funding**

SECTION   11.   SECTION 4 takes effect upon preclearance approval by the United States Department of Justice or approval by a declaratory judgment issued by the United States District Court for the District of Columbia, whichever occurs first. However, the implementation of the procedures provided for in this SECTION is contingent upon the State Election Commission's receipt of funds necessary to implement these provisions. Until the provisions of this SECTION are fully funded and executed, implementation of the provisions of this SECTION shall not prohibit the State Election Commission from issuing voter registration cards by the methods allowed prior to the implementation of this SECTION.

Ratified the 17th day of May, 2011.

Approved the 18th day of May, 2011.

----------

This web page was last updated on August 19, 2011 at 10:42 AM