**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF SOUTH CAROLINA,

    Plaintiff,

      v.

UNITED STATES OF AMERICA, and
ERIC HIMPTON HOLDER, JR., in his
official capacity as Attorney General of the
United States,

    Defendants,

JAMES DUBOSE, *et al.*,

    Defendant-Intervenors.

**Civil Action No. 12-203**
**(BMK) (JDB) (CKK)**

**ORDER**
(June 8, 2012)

      As part of the discovery issues raised with the Court in advance of the June 1, 2012 hearing, the Defendants and Defendant-Intervenors objected to South Carolina's purportedly untimely assertion of legislative privilege as to a number of documents as part of South Carolina's privilege log. Def.-Intervs.' Stmt. Regarding Disc., ECF No. [74], at 10; Defs.' Br. Outlining Outstanding Disc. Disputes, ECF No. [75], at 10. After hearing limited argument from the parties during the hearing, the Court ordered South Carolina to submit all documents as to which it asserts a claim of legislative privilege to the Court for *in camera* review. 06/2/2012 Order, ECF No. [88], at 3. On June 5, 2012, South Carolina submitted two sets of documents withheld in whole or in part on the basis of legislative privilege for the Court's for review: (1) twenty-two documents included on South

Carolina's May 16, 2012 privilege log[1] (identified herein by "Privilege Log No."); and (2) thirteen documents from South Carolina's post-May 16, 2012 document productions that will be reflected on South Carolina's final privilege log (identified herein by the "Tab No." submitted to the Court).

Given the expedited schedule in this matter, the Court did not provide the parties an opportunity to file briefs concerning the scope (if any) of legislative privilege in Voting Rights Act cases, or waiver of such privilege if it exists. The Court is satisfied, however, that South Carolina is not wholly precluded from raising a claim of legislative privilege in this action. *See, e.g.*, *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 94-96 (S.D.N.Y. 2003), *aff'd*, 293 F. Supp. 2d 302 (S.D.N.Y. 2003); *Texas v. Holder*, No. 12-128 (D.D.C. June 5, 2012) (order on motions to compel, ECF No. [84]). In addition, the Court concludes that it can resolve the issues here without delineating the precise contours of that privilege, particularly given that the documents at issue are, at best, marginally relevant.

Therefore, the Court focused its review of the documents in question on whether the documents fall within the scope of South Carolina's previous waiver of legislative privilege in this case. In its May 26, 2012 correspondence to counsel for the Defendants, South Carolina outlined its position as follows:

> South Carolina does not assert legislative privilege over any matter related to Act R54 or any predecessor voter ID legislation. At no point, in any conversation, has the State suggested that members of the General Assembly are willing to waive legislative privilege with respect to any other subject matter. Where responsive material relates to Act R54 or predecessor voter ID legislation, South Carolina

---

[1] South Carolina's initial privilege log included only twenty-one documents identified as withheld or redacted pursuant to legislative privilege; the log indicates Privilege Log No. 52 was originally withheld on the basis of attorney-client privilege. Pl.'s Priv. Log, ECF No. [75-6], at 8. South Carolina indicated it has since produced Privilege Log No. 52, therefore the privilege issue is moot.

has produced the responsive document, with the non-responsive, privileged information redacted. Where the responsive material relates to potential future legislative initiatives, South Carolina has withheld the document.

05/26/2012 Ltr. C. Bartolomucci to B. Heard, ECF No. [75-1], at 45.  South Carolina also

represented to the Court that it is asserting legislative privilege only as to "potential future

legislative initiatives."  06/01/2012 Tr. at 59:17-22.  Accordingly, the Court will not require

South Carolina to produce any documents (or portions thereof) that (1) relate to previous

legislative matters not related to Act R54 or any predecessor voter ID legislation; or (2) relate to

potential future legislative initiatives after the passage of Act R54.  Many of the documents

submitted to the Court are duplicates, or consist solely of the metadata of an email; in each case,

the Court reaches the same decision on privilege for the original document, the duplicates, and

any separate metadata.

Accordingly, it is, this 8th day of June, 2012, hereby **ORDERED** that

## **DOCUMENTS THAT MUST BE PRODUCED**[2]

South Carolina must produce Privilege Log No. 75.  South Carolina indicates it has

already produced Privilege Log Nos. 48, 49, 51, 52, and 78.

## **DOCUMENTS THAT MAY BE PRODUCED IN REDACTED FORM**

South Carolina shall produce Tab 3, although it may redact the second paragraph of the

parent email before doing so.  South Carolina may produce the following documents with the

redactions indicated to the Court: Tabs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.  South Carolina has

already produced Privilege Log Nos. 55 and 58 in redacted form, and shall not be required to

---

[2]  For ease of reference, the Court's resolution as to each document is also set forth in Appendix A, attached to this Order.

produce either document in full.

## DOCUMENTS THAT MAY BE WITHHELD

South Carolina may withhold the following documents in their entirety: Tabs 1 and 2;

Privilege Log Nos. 44, 45, 46, 47, 53, 54, 56, 57, 76, 77, 82, 83, 84, and 85.

IT IS **FURTHER ORDERED** that by no later than **June 11, 2012 at 5:00 PM**, South

Carolina must produce all documents required by this Order and its final privilege log.

**SO ORDERED**.

_____/s/_____
**BRETT M. KAVANAUGH**
UNITED STATES CIRCUIT JUDGE


_____/s/_____
**JOHN D. BATES**
UNITED STATES DISTRICT JUDGE


_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE

4

## APPENDIX A

| TAB | ORDER | TAB | ORDER |
|---|---|---|---|
| **1** | South Carolina may withhold. | **48** | South Carolina has already produced. |
| **2** | South Carolina may withhold. | **49** | South Carolina has already produced. |
| **3** | South Carolina may redact the second paragraph of the parent email, but otherwise must produce. | **51** | South Carolina has already produced. |
| **4** | South Carolina shall produce as redacted in the version submitted to the Court. | **52** | South Carolina has already produced. |
| **5** | South Carolina shall produce as redacted in the version submitted to the Court. | **53** | South Carolina may withhold. |
| **6** | South Carolina shall produce as redacted in the version submitted to the Court. | **54** | South Carolina may withhold. |
| **7** | South Carolina shall produce as redacted in the version submitted to the Court. | **55** | South Carolina has already produced in redacted form. |
| **8** | South Carolina shall produce as redacted in the version submitted to the Court. | **56** | South Carolina may withhold. |
| **9** | South Carolina shall produce as redacted in the version submitted to the Court. | **57** | South Carolina may withhold. |
| **10** | South Carolina shall produce as redacted in the version submitted to the Court. | **58** | South Carolina has already produced in redacted form. |
| **11** | South Carolina shall produce as redacted in the version submitted to the Court. | **75** | South Carolina must produce. |

| 12 | South Carolina shall produce as redacted in the version submitted to the Court. | 76 | South Carolina may withhold. |
|---|---|---|---|
| 13 | South Carolina shall produce as redacted in the version submitted to the Court. | 77 | South Carolina may withhold. |
| | | 78 | South Carolina has already produced. |
| 44 | South Carolina may withhold. | 82 | South Carolina may withhold. |
| 45 | South Carolina may withhold. | 83 | South Carolina may withhold. |
| 46 | South Carolina may withhold. | 84 | South Carolina may withhold. |
| 47 | South Carolina may withhold. | 85 | South Carolina may withhold. |