**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>    Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA, and ERIC HIMPTON HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>    Defendants,<br><br>JAMES DUBOSE, *et al.*,<br><br>    Defendant-Intervenors. | Civil Action No. 12-203<br>(BMK) (JDB) (CKK) |

**THIRD REVISED SCHEDULING AND PROCEDURES ORDER**
(July 3, 2012)

Over the past two weeks South Carolina identified additional responsive materials that had not been produced during the course of fact discovery. 6/25/12 Order, ECF No. [113], at 1. All parties recognize that this newly-discovered material will require additional discovery and an adjustment to the schedule in this matter. Joint Status Report, ECF No. [115], at 3; 6/25/12 Email C. Bartolomucci to J. Kollar-Kotelly Chambers ("In light of the late discovery of these recordings, the State accepts any modifications to the schedule the Court deems appropriate."). Upon consideration of (1) the need for additional discovery from both fact and expert witnesses; (2) the acknowledgment by the parties, in particular South Carolina, that an extension of the schedule, including date(s) for live testimony, is necessary; and (3) the necessity of adequately developing the record from which the Court will make its decision, it is, this 3rd day of July, 2012, hereby

**ORDERED** that the parties shall adhere to the following schedule:

| | |
|---|---|
| **July 20, 2012** | • Fact discovery ends. |
| | • South Carolina, Defendants, and Defendant-Intervenors (as a group) shall each file an Amended Notice with the Court identifying by name (and, if applicable, official title) all witnesses, including experts, the party intends to call as live witnesses, and providing (1) a brief summary of the substance of each witness's testimony; and (2) why the witness's testimony should be presented live rather than through the paper record. |
| **July 24, 2012** | • The parties shall serve requests for admission. South Carolina and Defendants shall each be limited to a maximum of thirty (30) requests for admission. Defendant-Intervenors as a group shall be limited to a maximum of twenty (20) requests for admission. |
| **July 28, 2012** | • The proponents of any expert testimony may supplement initial expert reports with additional information obtained during the final week of fact discovery. |
| **July 31, 2012** | • The parties shall serve their responses to requests for admission. |
| **August 6, 2012** | • The parties shall serve all rebuttal expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| **August 10, 2012** | • Expert discovery closes. |
| **August 17, 2012** | • The parties shall file the Joint Appendix, which must include all the evidence upon which the parties intend to rely, exclusive of live testimony. |
| **August 20, 2012** | • South Carolina, Defendants, and Defendant-Intervenors (as a group) shall each file a trial brief setting forth their principal legal arguments and supporting facts. South Carolina's and Defendants' briefs shall not exceed fifty pages each. Defendant-Intervenors' brief shall not exceed thirty-five pages. |
| **August 27-31, 2012** | • Reserved for live testimony. The Court shall issue a separate order regarding the procedure for live testimony at a later date. |
| **September 7, 2012** | • The parties shall file proposed FoFs/CoLs in the format outlined below. |

| | |
|---|---|
| **September 14, 2012** | • Defendants and Defendant-Intervenors shall each file their opposition to South Carolina's proposed FoFs/CoLs, and South Carolina shall file its opposition to Defendants' proposed FoFs/CoLs and a separate opposition to Defendant-Intervenors' proposed FoFs/CoLs. |
| **September 18, 2012** | • Each party may file a reply in support of their proposed FoFs/CoLs.<br><br>• The parties may not set forth any additional proposed FoFs/CoLs in this submission. |
| **September 24, 2012** | • Reserved for oral argument. |

IT IS **FURTHER ORDERED** that the Court's April 26, 2012 Scheduling and Procedures Order, as amended, is further amended as follows:

5. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.** The parties shall comply with the following instructions when briefing proposed findings of fact and conclusions of law ("FoFs/CoLs"):

    (a)    Page Limits: The parties shall adhere to the following page limits in briefing their proposed FoFs/CoLs:

        (i)    South Carolina shall be allocated one hundred and seventy (170) pages to brief proposed FoFs/CoLs as follows:

            (A)    South Carolina shall have no more than fifty (50) pages to set forth its proposed FoFs/CoLs;

            (B)    South Carolina shall have no more than fifty (50) pages to respond to Defendants' proposed FoFs/CoLs and no more than thirty (30) pages to respond to Defendant-Intervenors' proposed FoFs/CoLs; and

            (C)    South Carolina shall have an additional forty (40) pages for its reply in support of its proposed FoFs/CoLs.

        (ii)    Defendants shall be allocated one hundred and twenty-five (125) pages to brief proposed FoFs/CoLs as follows:

            (A)    Defendants shall have no more than fifty (50) pages to set forth their proposed FoFs/CoLs;

            (B)    Defendants shall have no more than fifty (50) pages to

          respond to South Carolina's proposed FoFs/CoLs; and

      (C)    Defendants shall have an additional twenty-five (25) pages for their reply in support of its proposed FoFs/CoLs.

  (iii)    Defendant-Intervenors shall be allocated a total of seventy-five (75) pages to brief proposed FoFs/CoLs as follows:

      (A)    Defendant-Intervenors shall have no more than thirty (30) pages to set forth their proposed FoFs/CoLs;

      (B)    Defendant-Intervenors shall have no more than thirty (30) pages to respond to South Carolina's proposed FoFs/CoLs; and

      (C)    Defendant-Intervenors shall have an additional fifteen (15) pages for their reply in support of its proposed FoFs/CoLs.

(b)    The parties shall file a single joint appendix with **sequentially numbered pages and exhibits** in accordance with the schedule set forth above.

  (i)    The joint appendix must include **all the evidence upon which the parties intend to rely except for live testimony**. That evidence may include, among other things: affidavits and declarations; deposition testimony; expert reports; jointly stipulated facts; documents and interrogatory responses; and legislative history.

  (ii)    Exhibits shall be **properly edited** to provide the Court with sufficient context, but to exclude irrelevant material.

  (iii)    The parties shall use optical character recognition or an analogous technology to convert scanned images of handwritten, typewritten, or printed text into machine-encoded text.

  (iv)    The parties shall submit three (3) courtesy copies of the Joint Appendix to the Court.

(c)    When proposing FoFs/CoLs, a party shall set forth a statement of any and all proposed FoFs/CoLs in **sequentially numbered paragraphs**.

  (i)    Each paragraph must include **precise citations** to the relevant support. For proposed FoFs, citations should be to the **joint appendix and <u>transcripts</u> of live testimony.** For proposed CoLs, citations should be to the relevant legal authority. In addition, when setting forth proposed CoLs, the parties should include legal argument and should cite back to their **supporting proposed FoFs**,

        correlating their legal argument with the underlying factual support.

    (ii)    Each paragraph of the proposed FoFs must be limited to a single factual assertion or a group of **closely related** assertions.

(d)    When opposing proposed FoFs/CoLs, the opposing party shall respond to each paragraph of the other side's proposed FoFs/CoLs with a **correspondingly numbered paragraph**.

    (i)    For each paragraph, the opposing party must set forth **any and all information directly relevant to its opposition**. That response may include, among other things: any basis for concluding that the materials relied upon do not establish the proffered factual assertion or legal principle, and precise citations to contradictory or competing evidence in the joint appendix or transcripts of live testimony.

    (ii)    If a paragraph is undisputed, in whole or in part, the party must so indicate. **If a party fails to respond to a paragraph, the Court may deem that paragraph to be undisputed**.

(e)    At all times and in all submissions, the parties must furnish **precise citations to the joint appendix and transcripts of live testimony** when proposing FoFs and CoLs; the Court need not consider materials not specifically identified. Following each citation to the joint appendix, the parties shall include a brief parenthetical identifying the exhibit to which the citation refers. Each citation to the transcript of live testimony shall be followed by a brief parenthetical identifying the relevant witness. For example:

(i) J.A. at 237 (Hood Expert Report); or

(ii) 8/31/12 Tr. at 16:1-12 (Rep. Clemmons).

(f)    Courtesy copies of all submissions shall be delivered to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers).

    (i)    All hard copies shall be appropriately bound and tabbed for ease of reference.

    (ii)    Any charts, diagrams, or exhibits initially produced in color shall be provided to the Court in color.

(g)    Within five (5) business days of the deadline for filing their submissions, the parties shall submit hyperlinked versions of their submissions. The hyperlinks should link to the precise page of the appendix or relevant legal

authority cited. Should the parties have any questions about the Court's technological capabilities or preferences, they may contact the Chambers of Judge Kollar-Kotelly.

IT IS **FURTHER ORDERED** that except as explicitly set forth in this Order, all other dates and requirements of the Court's April 26, 2012, as amended, remain in effect.

**SO ORDERED.**

*/s/*
**BRETT M. KAVANAUGH**
UNITED STATES CIRCUIT JUDGE


*/s/*
**JOHN D. BATES**
UNITED STATES DISTRICT JUDGE


*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE