IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>ERIC H. HOLDER, JR.,<br>in his official capacity as Attorney General,<br><br>    *Defendants*,<br><br>and,<br><br>JAMES DUBOSE, *et al*.,<br><br>    *Defendant-Intervenors*. | Case No. 1:12-cv-203 (CKK, BMK, JDB) |

**DEFENDANT-INTERVENORS' MOTION TO STRIKE SOUTH CAROLINA'S DECLARATION AND REBUTTAL EXPERT DISCLOSURE OF DR. SCOTT EUGENE BUCHANAN**

Defendant-Intervenors [1] ("Intervenors") move to strike South Carolina's Declaration and Rebuttal Expert Disclosure of Dr. Scott Eugene Buchanan (the "Report") (Exhibits A and B), served Monday night, August 6. In yet another example of the State ignoring both this Court's Orders and the requirements of the Federal Rules of Civil Procedure, the Report is not a rebuttal at all, but rather an opening, supplemental and rebuttal expert report collapsed into a single document by an expert never previously disclosed or included on any witness list. Moreover, the Report – addressing an issue as to which the State bears the burden of proof – was served one and a half months after the deadline for such disclosures. At this late hour, the State knew that its tardiness would prevent Intervenors (and Defendant) from filing

---

[1] Defendants the United States, et al., do not object to the relief sought by this motion.

expert rebuttals on the issues Dr. Buchanan raises and from deposing Dr. Buchannan before the end of the expert discovery period.[2]

In his report, Dr. Buchanan claims not only that the State has asked him to rebut the opinions on the discriminatory purpose underlying Act R54 expressed by Defendants' and Intervenors' experts (Drs. Theodore Arrington and Vernon Burton, their initial and supplemental reports attached as Exhibits C - F) (Report at 1), but also that he has been asked to assess "whether or not South Carolina's history of racial discrimination will *affect* the ability of African Americans to vote under South Carolina's photo identification law" *Id*. (emphasis added).  The Report then goes on to address these issues for the first time on the State's behalf.  Tellingly, the Report fails to discuss Defendants' or Intervenors' experts' disclosures (except in a footnote) in the first third of the Report.  If the State wished to provide extensive expert opinions in this area it should have followed the procedure that this Court ordered and filed an initial expert report on June 19. *See* June 11, 2012 Order (ECF. No. 100).

The Court's orders on rebuttal experts have cited by reference Fed. R. Civ. P. 26(a)(2)(D)(ii). *See*, *e.g*. Third Revised Scheduling and Procedures Order (ECF No. 121) at 2. That provision of the Federal Rules explicitly limits rebuttal reports to matters "solely to contradict or rebut evidence *on the same subject matter*" of a prior report (emphasis added).  Dr. Buchanan's Report clearly violates this Rule and the Court's Orders by  including substantial material that is not offered in rebuttal.  Indeed, one-third of Dr. Buchanan's report provides Dr. Buchanan's own, previously undisclosed opinions on the history of minority voter turnout, the socioeconomic factors behind voter turnout, and minority voter registration trends.  These points do not even purport to rebut any argument made by Drs. Burton or Arrington on the General

---

[2] Defendants the United States, et al., noticed the deposition of Dr. Buchanan for August 10, the last day of the expert discovery period (ECF No. 121, at 2).  However, South Carolina was unable to schedule Dr. Buchanan's deposition until Thursday, August 16.

Assembly's purpose behind passing Act R54, but rather go directly to issues properly the subject of an initial expert report on retrogressive effect – issues on which South Carolina bears the burden of proof. *City of Pleasant Grove* v. *United States*, 479 U.S. 462, 469 (1987) (In a preclearance action, "[t]he burden of proving absence of discriminatory purpose and effect" is on the covered jurisdiction.). Moreover, of the seven "Opinions" listed on page 3 of the Report, only two even *mention* other experts. The section in the Report entitled "General Rebuttals to Expert Witnesses Reports of Drs. Burton and Arrington" does not even begin until page 16 of the Report, and the section entitled "Specific Rebuttals to Expert Witnesses Drs. Burton and Arrington" does not begin until page 29.

In sum, the Report should be stricken because it is not in any fair sense a true "rebuttal" report, and Dr. Buchanan's disclosure as a rebuttal witness should be stricken for the same reason. *See Fuller* v. *Volvo GM Heavy Truck Corp.*, 1995 U.S. Dist. LEXIS 11638, 5 (N.D. Ill. Aug. 10, 1995) (granting defendant's motion for an order barring plaintiff's newly identified expert witness because the expert was not offered solely for rebuttal); Jay E. Grenig, Fed. Civ. Discovery and Disclosure 93 (2010) (The Rule on timing to disclose expert testimony does contemplate designation of new witnesses, "but only to the extent they are to offer rebuttal evidence, not merely to supplement the prior opinions of timely disclosed experts.") Stripped of its misleading title, Dr. Buchanan's Report is, in fact, a combined initial, supplemental and rebuttal report. The Report is not only improper, but prejudices Intervenors and Defendants by, among other things, (1) expressing opinions that other experts cannot now rebut under this Court's scheduling order and (ii) preventing any meaningful opportunity at this late stage of trial preparation to review the material cited throughout the Report and contest it (The Report includes 59 "Sources Cited" and a dozen graphs). Although South Carolina elected to disclose

Dr. Buchanan's opinions improperly only in a rebuttal report, striking the disclosure and report will not leave the State without recourse.  The State can use the information gathered in the report (as it did during Dr. Burton's deposition) to question Dr. Arrington at his deposition and to question both Drs. Arrington and Burton at trial.

In addition to being replete with opening expert opinions not offered in rebuttal, the Report is untimely and should be stricken for that reason as well. The Court's April 26 Scheduling and Procedures Order required the "proponents of any expert testimony [to] serve their disclosures and reports" on June 15 (a date which was later amended to June 19 (ECF No. 100, at 7)).  Dr. Buchanan should have been identified and the bulk of his report served at that time.  South Carolina served their expert disclosures as required on June 19 and made no mention of Dr. Buchanan.  Nor did South Carolina disclose Dr. Buchanan, or the fact that it intended to submit his "rebuttal" expert report, in any of the many communications among counsel negotiating both the expert deposition schedule (set to close on August 10 (ECF No. 121, at 2) and dates of report submissions of the parties' experts.  *See, e.g.*, E-mail threads among counsel of June 24, July 8, and July 12, 2012 (together, Ex. G).  Moreover, the Courts' April 26 Order required that the parties disclose on June 22 "all witnesses, including experts, the party intends to call as a live witness…" (ECF No. 64, at 2.)  South Carolina did not list Dr. Buchanan in either its original or amended notice of intent to call witnesses for live testimony (ECF Nos. 108, 137).  South Carolina served the latter list on July 20, 17 days before serving the 45 page Report. The failure to identify Dr. Buchanan as a trial witness when the State clearly "intended[ed]" to call him as a witness itself precludes Dr. Buchanan from testifying at trial and renders his report inadmissible.  Regardless of whether the State intentionally hid Dr. Buchanan so that Defendant and Intervenors have no meaningful opportunity to explore his new opinions,

or inadvertently served the Report at this late hour, the Report is untimely and should be stricken.[3]

In conclusion, South Carolina's attempt to add an expert witness a month and a half after the deadline for the bulk of the opinions he offers deprives Defendants and Intervenors of the opportunity to rebut Dr. Buchanan's testimony and otherwise prepare for trial. For the foregoing reasons, Intervenors request that the Court strike South Carolina's Declaration and Rebuttal Expert Disclosure of Dr. Buchanan.

---

[3] South Carolina claims to be adhering to the Court's Third Revised Scheduling Order (No. 121) which allows the "parties to serve all rebuttal expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii)" by August 6. However, Rule 26(a)(2)(D)(ii) defines rebuttal evidence as "evidence intended solely to contradict or rebut evidence on the *same subject matter* identified by another party" (emphasis added). As discussed, Dr. Buchanan's report delves into entirely new subjects (e.g., retrogressive effect) not discussed in the reports he is purporting to rebut.

Dated: August 8, 2012

Respectfully submitted,

/s/Garrard R. Beeney_____

| | |
|---|---|
| Arthur B. Spitzer (DC Bar No. 235960) | Jon M. Greenbaum (D.C. Bar No. 489887) |
| AMERICAN CIVIL LIBERTIES UNION OF THE NATION'S CAPITAL | Mark A. Posner (D.C. Bar No. 457833) |
| 4301 Connecticut Avenue, NW, Suite 434 | Robert A. Kengle |
| Washington, DC 20008 | LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW |
| (202) 457-0800 | 1401 New York Ave. NW |
| (202) 457-0805 (fax) | Ste. 400 |
| artspitzer@gmail.com | Washington, DC 20005 |
| | Tel: (202) 662-8389 |
| Laughlin McDonald | Fax: (202) 628-2858 |
| Nancy Abudu | mposner@lawyerscommittee.org |
| Gerry Hebert | |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC. | Michael A. Cooper *(pro hac vice)* |
| | Garrard R. Beeney *(pro hac vice)* |
| 230 Peachtree Street, N.W., Suite 1440 | Peter A. Steciuk *(pro hac vice)* |
| Atlanta, GA 30303-1227 | Taly Dvorkis *(pro hac vice)* |
| (404) 523-2721 | Theodore A.B. McCombs *(pro hac vice)* |
| (404) 653-0331 (fax) | Sean A. Camoni *(pro hac vice)* |
| Susan Dunn | SULLIVAN & CROMWELL LLP |
| AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA | 125 Broad Street |
| | New York, NY 10004-2498 |
| P.O. Box 20998 | Tel: (212) 558-4000 |
| Charleston, SC 29413 | Fax: (212) 291-9007 |
| sdunn@aclusouthcarolina.org | beeneyg@sullcrom.com |
| | |
| *Attorneys for Defendant-Intervenors James Dubose, et al.* | Wendy R. Weiser *(pro hac vice)* |
| | Keesha M. Gaskins *(pro hac vice)* |
| | Mimi Marziani *(pro hac vice)* |
| Debo P. Adegbile (D.C. Bar No. NY0143) | Elisabeth Genn *(pro hac vice)* |
| Elise C. Boddie | THE BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW |
| Ryan P. Haygood (D.C. Bar No. NY0141) | |
| Dale E. Ho (D.C. Bar No. NY0142) | 161 Avenue of the Americas, Floor 12 |
| Natasha M. Korgaonkar | New York, NY 10013-1205 |
| Leah C. Aden | Tel: (646) 292-8310 |
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. | Fax: (212) 463-7308 |
| | keesha.gaskins@nyu.edu |
| 99 Hudson Street, Suite 1600 | |
| New York, NY 10013 | Armand Derfner (D.C. Bar No. 177204) |
| (212) 965-2200 | DERFNER, ALTMAN & WILBORN |

rhaygood@naacpldf.org
laden@naacpldf.org

Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris
FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

Victor L. Goode
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF
COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215

*Counsel for Defendant-Intervenors South Carolina State Conference of the NAACP,* et al.

575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402
Tel:  (843) 723-9804
Fax:  (843) 723-7446
aderfner@dawlegal.com

*Counsel for Defendant-Intervenors the League of Women Voters of South Carolina,* et al.

## CERTIFICATE OF SERVICE

I certify that on August 8, 2012, I filed the foregoing Defendant-Intervenors' Motion to Strike South Carolina's Declaration and Rebuttal Expert Disclosure of Scott Eugene Buchanan, Ph.D. with the Court's electronic filing system, which will provide notice to all counsel of record.

Dated: August 8, 2012

/s/Sean Camoni
SEAN CAMONI
Sullivan & Cromwell LLP