UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>   Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, and ERIC HIMPTON HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>   Defendants,<br><br>JAMES DUBOSE, *et al.*,<br><br>   Defendant-Intervenors. | Civil Action No. 12-203<br>(BMK) (JDB) (CKK) |

ORDER
(August 15, 2012)

Presently before the Court is the Defendant-Intervenors' [158] Motion to Strike South Carolina's Declaration and Rebuttal Expert Disclosure of Dr. Scott Eugene Buchanan. The Defendant-Intervenors raise two objections to Dr. Buchanan's report: (1) that Dr. Buchanan's report exceeds the scope of proper expert rebuttal testimony; and (2) that South Carolina's disclosure of Dr. Buchanan as an expert on August 6, 2012, violated the Federal Rules of Civil Procedure and the Court's scheduling orders. Neither argument is persuasive.

First, Dr. Buchanan's report generally responds to the issues addressed by the initial and supplemental reports regarding the purported discriminatory purpose of Act R54, submitted by Dr. Theodore S. Arrington and Dr. Orville Vernon Burton on behalf of the Defendants and Defendant-Intervenors respectively. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii),

1

Dr. Buchanan's submission is permissible as a rebuttal report, and thus Dr. Buchanan was not required to submit an initial expert report.  To the limited extent Dr. Buchanan's report can be characterized as straying into "issues properly the subject of an initial expert report on retrogressive effect," Def.-Intervs.' Mot. at 3, the Defendant-Intervenors will not be prejudiced from allowing Dr. Buchanan to opine on such topics.  The Defendant-Intervenors can explore what they believe to be Dr. Buchanan's opinions on retrogressive effect during his deposition on August 16, 2012.  Moreover, the Court will allow the Defendants' and Defendant-Intervenors' experts to address Dr. Buchanan's opinions during their testimony at trial without submitting supplemental or rebuttal reports on the relevant issues.

Second, South Carolina properly disclosed Dr. Buchanan as an expert and served his report in accordance with both the Federal Rules of Civil Procedure and the Court's scheduling orders.  The Federal Rules of Civil Procedure require that rebuttal reports be served "within 30 days after the other party's disclosure," unless otherwise stipulated by the parties or ordered by the court. Fed. R. Civ. P. 26(a)(2)(D)(ii).  The Court originally instructed the parties to serve all rebuttal expert disclosures and reports by no later than June 29, 2012.  4/26/12 Sched. & P. Order, ECF No. [64], at 7.  On June 25, 2012, the Court extended the deadline for fact discovery from June 22 to June 29, 2012, and indicated that a further extension of fact discovery would be provided.  6/25/12 Order, ECF No. [113], at 2.  The Court ultimately vacated the discovery schedule and authorized the parties to pursue further fact discovery until July 20, 2012, with supplemental expert reports due July 28, 2012 and rebuttal reports due August 6, 2012.  07/3/12 Third Revised Sched. & P. Order, ECF No. [121], at 2.  South Carolina disclosed Dr. Buchanan as a rebuttal expert and served his report on August 6, 2012, as required by the current scheduling order. Def.-Intervs.' Ex. A, ECF No. [158-1], at 1.

The Defendant-Intervenors further contend that Dr. Buchanan's report and potential testimony are inadmissible because South Carolina did not disclose Dr. Buchanan as a potential witness as part of its June 22, 2012, or July 20, 2012, notices of potential witnesses.  *See* South Carolina's Notice Identifying Individuals the State Intends to Call for Live Test., ECF No. [108]; South Carolina's Amended Notice Identifying Individuals the State Intends to Call for Live Test., ECF No. [137].  As part of the parties' Joint Pretrial Submission, on August 15, 2012, the parties are required to submit revised notices of witnesses, which will provide the parties with final notice of the witnesses each party intends to present at trial.  Trial P. Order, ECF No. [155], at 2.  The notices submitted at the conclusion of fact discovery were for the Court's scheduling purposes, and the Court did not indicate that a party would be precluded from calling any witnesses not identified in the notices.  The Court may preclude parties from calling witnesses not identified in the Joint Pretrial submission, unless the witness will be called for impeachment purposes only, or the need for the witness was not known at the time the Joint Pretrial Submission was filed.

Accordingly, it is, this 15th day of August, 2012, hereby

**ORDERED** that Defendant-Intervenors' [158] Motion to Strike South Carolina's Declaration and Rebuttal Expert Disclosure of Dr. Scott Eugene Buchanan is DENIED.

**SO ORDERED.**

  */s/*
**JOHN D. BATES**
UNITED STATES DISTRICT JUDGE

  */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE