# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>ERIC H. HOLDER, JR.,<br>in his official capacity as Attorney General,<br><br>*Defendants*,<br><br>and,<br><br>JAMES DUBOSE, JUNIOR GLOVER,<br>FAMILY UNIT, INC., BRENDA C.<br>WILLIAMS, M.D., AMANDA WOLF,<br>DELORES FREELON, NAOMI GORDON,<br>JOSEPH RILEY, RAYMOND<br>RUTHERFORD, and THE SOUTH<br>CAROLINA PROGRESSIVE NETWORK,<br><br>*Defendant-<br>Intervenors*,<br><br>and,<br><br>LEAGUE OF WOMEN VOTERS OF SOUTH<br>CAROLINA and CRAIG DEBOSE,<br><br>*Defendant-<br>Intervenors*,<br><br>and,<br><br>SOUTH CAROLINA STATE CONFERENCE<br>OF THE NAACP and KENYDA BAILEY,<br><br>*Defendant-Intervenors*. | Case No. 1:12-cv-203 (CKK, BMK, JDB) |

**DEFENDANT-INTERVENORS' AMENDED RULE 26(a)(1) DISCLOSURES**

The following routine discovery is provided by Defendant-Intervenors Dubose, *et al.*, (the

"Dubose Defendant-Intervenors")[1], League of Women Voters of South Carolina, *et al.*, (the "League Defendant-Intervenors")[2], and the South Carolina State Conference of the NAACP, *et al.* ("South Carolina NAACP Defendant-Intervenors")[3] (collectively, "Defendant-Intervenors"), pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule 26.2.

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

      a) James Dubose is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. He may be contacted through his undersigned counsel.

      b) Junior Glover is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. He may be contacted through his undersigned counsel.

---

[1] The Dubose Defendant-Intervenors consist of Defendant-Intervenors James Dubose, Junior Glover, Family Unit, Inc., Dr. Brenda C. Williams, Amanda Wolf, Delores Freelon, Naomi Gordon, Joseph Riley, Raymond Rutherford, and the South Carolina Progressive Network ("SCPN").

[2] The League Defendant-Intervenors consist of Defendant-Intervenors the League of Women Voters of South Carolina ("LWVSC") and Craig Debose.

[3] The South Carolina NAACP Defendant-Intervenors consist of Defendant-Intervenors the South Carolina State Conference of the NAACP ("South Carolina NAACP") and Kendya Bailey.

c) Brenda C. Williams, M.D., Family Unit, Inc., is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. Dr. Williams may be contacted through her undersigned counsel.

d) Amanda Wolf is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. She may be contacted through her undersigned counsel.

e) Delores Freelon is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. She may be contacted through her undersigned counsel.

f) Naomi Gordon is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. She may be contacted through her undersigned counsel.

g) Joseph Riley is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the

    requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. He may be contacted through his undersigned counsel.

h) Raymond Rutherford is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. He may be contacted through his undersigned counsel.

i) Brett Bursey, executive director of SCPN, is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID. He may be contacted through his undersigned counsel.

j) Michael Ray Hunt, 220 Stonewall Street, Rock Hill, South Carolina 29730, (803) 616-6284, is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

k) James Lewis Hunter, 1216 Darby Street, Columbia, South Carolina 29203 (843) 425-2338, is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs

    incurred in obtaining the underlying documents needed to obtain such ID.

l) Furman Lee Logan, Post Office Box 99, St. Matthews, South Carolina 29135, is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

m) Andrew Tangredi, 102 Queens Court, Summerville, South Carolina 29485 (617) 275-9759, is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

n) Daisy Keith is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

o) Dinelle James Oliver is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

p) Darleen Washington is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

q) Cathline Jennings is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

r) Cornella Davis is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

s) Thelma Hodge is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

t) Mozelle Hughes is likely to have discoverable information regarding the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, including information regarding the costs incurred in obtaining the underlying documents needed to obtain such ID.

u) Dr. Lonnie Randolph, Jr., President of the South Carolina NAACP, is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. He may be contacted through his undersigned counsel.

v) Ms. Marrian C. Miller, 1st Vice President of the South Carolina NAACP, is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation.

    She may be contacted through her undersigned counsel.

w) Ms. Comilla Sampson, Secretary of the South Carolina NAACP, is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. She may be contacted through her undersigned counsel.

x) Mr. Dwight C. James, Executive Director of the South Carolina NAACP, is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. He may be contacted through his undersigned counsel.

y) Kenyda Bailey is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. She may be contacted through her undersigned counsel.

z) Charmaine Beal is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. She may be contacted through her undersigned counsel.

aa) Kiaka Davis is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. She may be contacted through her undersigned counsel.

bb) Evin Percival is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in this litigation. She may be contacted through her undersigned counsel.

cc) Sequioa Waller is likely to have discoverable information regarding the discriminatory purpose and/or retrogressive effect of Act R54 at issue in

       this litigation. She may be contacted through her undersigned counsel.

dd) Craig Debose is likely to have discoverable information about the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54. He may be contacted through his undersigned counsel.

ee) Individuals affiliated with the League of Women Voters of South Carolina, who are likely to have discoverable information about the difficulty of obtaining government-issued ID that would satisfy the requirements of Act R54, and the discriminatory purpose and retrogressive effect of Act R54. These individuals, who may be contacted through undersigned counsel for the League Defendant-Intervenors , include:

    a. Barbara Zia (Co-President);

    b. Peggy Brown (Co-President);

    c. Carole Cato (former Advocacy Director of Executive Board); and,

    d. Lynn Teague (current Advocacy Director of Executive Board).

ff) The South Carolina Secretary of State ("SOS"), South Carolina State Election Commission ("SEC") and South Carolina Boards of Voter Registration ("BVR") officials and their respective staff who may have information regarding: (i) the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54; ii) the processes, procedures, and costs related to implementing Act R54; iii) the processes, procedures, and costs to apply for any and all forms of identification available through the SEC; (iv) voter registration activities, data, and procedures; (v) voting and

      voter data; (vi) voting problems and alleged voting or voter fraud; (vii) provisional ballot counting procedures; (viii) accessibility of SOS, SEC, and BVR offices to the public; (ix) accessibility of SOS, SEC, and BVR offices to college campuses; (x) training received by SOS, SEC, and BVR staff for any of the foregoing; and (xi) training received by poll workers.

gg) Individuals affiliated with the South Carolina Department of Motor Vehicles ("DMV") who may have information regarding: (i) the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54; (ii) the processes, procedures, and costs related to implementing Act R54; (iii) the processes, procedures, and costs to apply for any and all forms of identification available through DMV, including, but not limited to, birth certificates; (iv) accessibility of DMV offices to the public; (v) accessibility of DMV offices to college campuses; and (vi) training received by DMV staff for any and all of the foregoing.

hh) Individuals affiliated with the South Carolina Department of Health & Environmental Control Board ("DHEC") and South Carolina Vital Records offices, who may have information regarding: (i) the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54; (ii) the processes, procedures, and costs to apply for any and all forms of identification available through DHEC, including, but not limited to, birth certificates; (iii) accessibility of DHEC offices to the public; (iv) accessibility of DHEC offices to college campuses; and (v) training received by DHEC staff for any and all of the foregoing.

ii) Individuals affiliated with any of the offices of county or other local elections officials, who may have information regarding (i) the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54; (ii) the processes and procedures for in-person voting in South Carolina, including the benchmark practices for verifying the identity of voters at the polls; (iii) voting problems, and alleged voting and/or voter fraud; (iv) the need or lack thereof for additional measures to verify the identity of in-person voters; (v) provisional ballot counting procedures; and (vi) training received by the staffs of local elections officials for any and all of the foregoing.

jj) Individuals affiliated with the South Carolina Attorney General's Office who provided official opinions and guidance concerning "reasonable impediment" and other terms within Act R54.

kk) Members of the South Carolina House of Representatives who may have information regarding the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54 and predecessor legislation, including, but not limited to:

   a. Representative Gilda Cobb-Hunter, 309C Blatt Building, Columbia, SC 29201, (803) 734-2809; and

   b. Representative J. David Weeks, 330C Blatt Building, Columbia, SC 29201 (803) 734-3102.

ll) Members of the South Carolina State Senate who may have information regarding the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54 and predecessor legislation, including, but not limited to:

    a. Senator C. Bradley Hutto, 510 Gressette Senate Office Building, Columbia, SC (803) 212-6140;

    b. Senator Gerald Malloy, 502 Gressette Senate Office Building, Columbia, SC 29202, (803) 212-6148; and

    c. Senator John L. Scott, Jr. 612 Gressette Senate Office Building, Columbia, SC, (803) 212-6048.

mm) Staff members for the South Carolina State House of Representatives, the South Carolina State Senate, and/or the South Carolina Governor who may have information regarding the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54.

nn) Third-party voter education and empowerment organizations who have not yet been identified and who may have information about the discriminatory purpose and/or retrogressive effect of Act R54, the manner in which voter registration activities are undertaken, and the specific minority and/or student groups that the organizations serve.

oo) Expert witnesses, identified pursuant to the Court's Scheduling Order.

pp) Those individuals identified in the Initial Disclosures of Eric Holder, Jr., Attorney General, for the reasons identified by him, and those individuals identified in the Initial Disclosure of the State of South Carolina, for the

reasons identified by it, are likely to have discoverable information.

qq) Karen Rutherford, who may have discoverable information about the discriminatory purpose and/or retrogressive effect of Act R54, including information about her experiences as an employee at Benedict College, a historically black college in South Carolina, as a voting activist, and as a poll worker.in Columbia, South Carolina.

rr) Nancy Bloodgood, who may have discoverable information about the discriminatory purpose and/or retrogressive effect of Act R54, including information about her experiences on the Election Commission for the City of Charleston, training poll workers, and as an attorney representing Democrats and Republicans in election challenges.

ss) Representative J. Seth Whipper, 328C Blatt Building, Columbia, SC 29201, (803) 734-3191, who may have discoverable information regarding the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54 including the lack of public transportation for voters in the various counties of South Carolina to locations where they can obtain a form of photo ID that would satisfy the requirements of Act R54.

tt) John Ruoff, who may have knowledge about public transit systems in South Carolina.

uu) Additional third parties who have not yet been identified and who have information regarding the legislative history, discriminatory purpose, and/or retrogressive effect of Act R54.

**(ii) a copy—or a description by category and location—of all documents,**

**electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Defendant-Intervenors may rely upon:

a) United States House and Senate Committee documents relating to the legislative history of the Voting Rights Act proceedings in 2004-2006, including all exhibits and testimony offered relating to the extension. *See generally*:

   a. http://judiciary.senate.gov/index.cfm;

   b. http://judiciary.house.gov/; and,

   c. http://judiciary.senate.gov/hearing.cfm?id=2434 (Oversight).

b) Letters from the Department of Justice objecting to Section 5 submissions made by the State of South Carolina, and the documents cited therein, available for inspection at the Atlanta, Georgia office of the ACLU Voting Rights Project.

c) Documents that are in the possession of individual Defendant-Intervenors, including:

   a. Documents related to attempts to obtain a form of ID that would be acceptable under Act R54;

   b. Documents related to attempts to obtain any of the underlying documents necessary to secure an acceptable form of ID under Act R54; and/or

   c. Documents received from South Carolina state agencies related to

        Act R54.

d) Documents that are in the possession of organizational Defendant-Intervenors, including:

    a. Mission statements and bylaws;

    b. Memoranda, minutes, and other organizational documents relating to voter registration or get-out-the-vote policies and activities and/or voting in South Carolina;

    c. Memoranda, minutes, and other organizational documents regarding advocacy and/or educational efforts concerning Act R54, the prior version of South Carolina's voter identification bill (the "2009 Bill"), and/or voter identification laws in general;

    d. Manuals, brochures, and guides detailing voter registration or get-out-the-vote activity, training, and/or protocols;

    e. Correspondence regarding election administration policies and activities and/or voting in South Carolina;

    f. Correspondence regarding Act R54, the 2009 Bill, and/or voter identification laws in general;

    g. Organizational correspondence with the State of South Carolina;

    h. Written testimony offered during legislative or rulemaking hearings;

    i. Press releases, newsletters, and/or other public statements regarding Act R54, the 2009 Bill, and/or related regulations and provisions; and

    j. Quantitative data and analyses relating to voter registration and/or voting in South Carolina, as well as the anticipated impact of Act R54.

**(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant-Intervenors make no claim for damages.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant-Intervenors are not aware of any insurance agreement relevant to this action.

(v) Defendant-Intervenors reserve the right to supplement the foregoing as additional information is learned through discovery or otherwise.

Dated: July 17, 2012

                   Respectfully submitted,

                   /s/ Garrard R. Beeney_____

| | |
|---|---|
| Arthur B. Spitzer (DC Bar No. 235960) | Jon M. Greenbaum (D.C. Bar No. 489887) |
| AMERICAN CIVIL LIBERTIES UNION OF THE NATION'S CAPITAL | Mark A. Posner (D.C. Bar No. 457833) |
| | Robert A. Kengle |
| 4301 Connecticut Avenue, NW, Suite 434 | LAWYERS' COMMITTEE FOR |
| Washington, DC 20008 | CIVIL RIGHTS UNDER LAW |
| (202) 457-0800 | 1401 New York Ave. NW |
| (202) 457-0805 (fax) | Ste. 400 |
| artspitzer@gmail.com | Washington, DC  20005 |
| | Tel:  (202) 662-8389 |

Laughlin McDonald
Nancy Abudu
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
230 Peachtree Street, N.W., Suite 1440
Atlanta, GA 30303-1227
(404) 523-2721
(404) 653-0331 (fax)
Susan Dunn
AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
sdunn@aclusouthcarolina.org

*Attorneys for Defendant-Intervenors James Dubose,* et al.

Debo P. Adegbile (D.C. Bar No. NY0143)
Elise C. Boddie
Ryan P. Haygood
Dale E. Ho (D.C. Bar No. NY0142)
Natasha M. Korgaonkar
Leah C. Aden
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, NY 10013
(212) 965-2200
rhaygood@naacpldf.org
laden@naacpldf.org

Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

Victor L. Goode
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.

Fax: (202) 628-2858
mposner@lawyerscommittee.org

Michael A. Cooper *(pro hac vice)*
Garrard R. Beeney *(pro hac vice)*
Peter A. Steciuk *(pro hac vice)*
Taly Dvorkis *(pro hac vice)*
Theodore A.B. McCombs *(pro hac vice)*
Sean A. Camoni *(pro hac vice)*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 291-9007
beeneyg@sullcrom.com

Wendy R. Weiser *(pro hac vice)*
Keesha M. Gaskins *(pro hac vice)*
Mimi Marziani *(pro hac vice)*
Elisabeth Genn *(pro hac vice)*
THE BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
161 Avenue of the Americas, Floor 12
New York, NY 10013-1205
Tel: (646) 292-8310
Fax: (212) 463-7308
keesha.gaskins@nyu.edu

Armand Derfner (D.C. Bar No. 177204)
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402
Tel: (843) 723-9804
Fax: (843) 723-7446
aderfner@dawlegal.com

*Counsel for Defendant-Intervenors the League of Women Voters of South Carolina,* et al.

Baltimore, MD 21215

*Counsel for Defendant-Intervenors South Carolina State Conference of the NAACP,* et al.

## CERTIFICATE OF SERVICE

This will certify that I have this day caused to be served a copy of the within and foregoing **Defendant-Intervenors' Amended Rule 26(a)(1) Disclosures** upon the following counsel of record by electronic mail.

Bradley E. Heard
Catherine Meza
Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Paul D. Clement
H. Christopher Bartolomucci
BANCROFT PLLC
1919 M Street NW
Washington, DC 20036

Nancy Abudu
Katie O'Connor
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
230 Peachtree Street NW, Suite 1440
Atlanta, GA 30303-1227

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION OF THE NATION'S CAPITAL
4301 Connecticut Avenue NW, Suite 434
Washington, DC 20008

Wendy R. Weiser
Keesha M. Gaskins
Mimi Marziani
Elisabeth Genn
THE BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
161 Avenue of the Americas, Floor 12
New York, NY 10013-1205

Jon M. Greenbaum
Mark A. Posner,
Robert A. Kengle
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005

Armand Derfner
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402

Debo P. Abegbile
Elise C. Boddie
Ryan P. Haygood
Dale E. Ho
Natasha M. Korgaonkar
Leah C. Aden
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, NY 10013

Douglas H. Flaum  
Michael B. de Leeuw  
Adam M. Harris  
FRIED, FRANK, HARRIS  
 SHRIVER & JACOBSON LLP  
One New York Plaza  
New York, NY 10004-1980  

Victor L. Goode  
NATIONAL ASSOCIATION FOR THE  
 ADVANCEMENT OF COLORED  
 PEOPLE  
4805 Mt. Hope Drive  
Baltimore, MD 21215  

Dated: July 17, 2012

/s/ Garrard R. Beeney /AA  
GARRARD R. BEENEY  
Sullivan & Cromwell LLP