# EXHIBIT 5

**GERALD MALLOY**
SENATOR, DISTRICT NO. 29

SENATE ADDRESS:
P. O. BOX 142
GRESSETTE SENATE OFFICE BUILDING
COLUMBIA, SC 29202
(803) 212-6148

HOME ADDRESS:
POST OFFICE BOX 1200
HARTSVILLE, SC 29550
(843) 339-3000 (OFFICE)
(843) 332-5533 (HOME)

GERALDMALLOY@SCSENATE.GOV

COMMITTEES:
BANKING AND INSURANCE
EDUCATION
JUDICIARY
RULES
TRANSPORTATION



December 20, 2011

Via Email (vot1973c@usdoj.gov) and Overnight Delivery
Chief, Voting Section
Civil Rights Division
Room 7254 - NWB
Department of Justice
1800 G St., N.W.
Washington, DC 20006

Re:  SUPPLEMENTAL COMMENT UNDER SECTION 5
     2011-2495 South Carolina Voter ID Act 27 of 2011

Dear Mr. Herren,

This is a follow-up response to the State of South Carolina's second attempt at satisfying its burden of proof under Section 5 review of the drastic change to voting rights of minority voters in South Carolina under the new Voter Identification law, Act 27 of 2011.[1]

**The new Voter ID law in South Carolina is retrogressive under Section 5 of the Voting Rights Act because of the discriminatory and disparate impact on minority registered voters and the discriminatory intent of these voting changes.**

The changes include the highly restricted forms of acceptable identification, the unnecessary additional requirement of every identification being valid and current, the refusal to extend absentee voting to everyone, and the failure to preserve or provide a fail-safe method of voting for in-person voters to mitigate these new burdens and without requiring the voter to return days later to defend a provisional ballot. **The evidence is clear that minority registered voters are more likely than white voters:**
  not to have acceptable photo identification;
  not to be able to remedy the new hurdle of photo identification without overcoming
    burdens—like poverty, access to birth certificate, and transportation
    hurdles—that disproportionately plague minorities in South Carolina;
  not to overcome decades of discrimination in voting practices so as not to be chilled
    from voting when forced to submit to a subjective comparison of their face
    and skin color to a photo identification card is required, and

---

[1] The undersigned specifically references and incorporates the earlier Comments submitted in opposition to preclearance and dated August 25, 2011.

1

Highly Confidential                                                    USA_00000482

> not to have a "current and valid" drivers license based on the reasons for suspension of drivers licenses.

The State submitted additional information from the South Carolina Election Commission, but the state Election Commission does not control the local county boards of election commissioners or for voter registration. In fact, state law requires[2] and the state Election Commission acknowledges[3] the local boards will enforce the subjective comparison of the voter's face and skin color with the photo identification and also the provisional ballot reviews, including the supposed fail-safe affidavit based on a reasonable impediment. The State's submission implicitly acknowledges the local authority over enforcement but also claims to allow "poll managers to allow votes who have not obtained ID because they did not know they were required to have one to complete the 'reasonable impediment' affidavit and vote a provisional ballot."[4] This explanation conflicts with the South Carolina Attorney General Opinion on the issue.

**Additional Evidence**

Additional evidence is also being offered in opposition to preclearance. The first three of six additional submissions come from public statements and a study done by the Associated Press. First, the Governor of South Carolina took to her Facebook page to try to justify the new law based on unrelated voter fraud in Mississippi and took liberties to try to link the fraud to the NAACP.[5] Second, the political director for the South Carolina Senate Republican Caucus tweeted that an AP article about voter ID suppressing voting by students at a Columbia, South Carolina HBCU "proves EXACTLY why we need Voter ID in SC."[6] It is hard to imagine more damning and direct evidence of discriminatory intent by the proponents of the new voter identification law. Third, Politico had an article about a study showing the new law "is impacting predominantly black precincts more than others."[7]

The second three of six additional evidentiary submissions also prove the discriminatory impact and purpose of the new law. Fourth, Dr. John Ruoff, an experienced demographer and expert in voting rights analyzed and concluded the new voter identification law is retrogressive and

---

[2] See S.C. Code § 7-13-70 to -160 (making the county election commissions, through the appointed managers, responsible for conducting the election, including control of law enforcement within the polling places).

[3] See http://www.scvotes.org/about_the_sec ("Reminder: Most election questions can be more directly answered by contacting your county voter registration and elections office. ... Primary elections [are] conducted by the county election commissions ....").

[4] See S.C. Additional Information dated Oct. 26, 2011, response by Election Commission to question 8.

[5] See attached Exhibit in [redacted]; see also http://electionlawblog.org/?p=21119 ("No evidence of any NAACP complicity offered. No evidence of any in-person voter impersonation fraud, which would support the voter id law ....").

[6] See attached Exhibit in [redacted], "South Carolina GOP operative admits suppressing black vote is goal of voter ID law," posted October 19, 2011.

[7] See attached Exhibit in [redacted], "Study: S.C. ID law hits black voters," Oct. 19, 2011.

Highly Confidential                                                                                             USA_00000483

discriminates against minority voters in South Carolina.[8] Fifth, the ACLU and others submitted a letter in opposition to the new law on August 5, 2011, in which they detailed some evidence that "suggests the law was enacted for a discriminatory purpose."[9] The proponents of the voter identification law refused to evaluate or consider the disparate impact the law would have on minority voters and failed to consider the concerns expressed by minority representatives and their efforts to mitigate the discriminatory impact on minority voters.[10]

And finally, sixth, the affidavits of state Senators[11] clearly demonstrate not only the discriminatory impact on minority voters but also the discriminatory method by which the new law was debated and passed by the all-white, Republican majorities in both legislative chambers in South Carolina without a single vote or amendment by a single minority representative or representative from a district with a majority of minority voters. When the minority representatives raised the problems with the new law being discriminatory, the proponents refused all mitigation and failed to craft the law in a way that would not have a discriminatory impact and retrogressive effect on minority voters. Instead, it is obvious the proponents ignored their responsibility to comply with Section 5 and made the new photo voter identification law as bad as possible, even after being put on notice of the racial impacts caused by and the racial disparities exploited by the new law.

**Conclusion**

For the reasons set forth in the Comments dated August 25, 2011, and above, the Attorney General should object to the South Carolina Voter ID. The Attorney General should not give the submitting authority a pass for failing to meet its burden of proof. The Attorney General should object to the new Voter ID law because this is the most restrictive photo identification law, as currently enacted, and it unnecessarily restricts the voting rights of racial minority voting groups in South Carolina without adequate mitigation for properly registered and qualified electors. Please accept this submission as "information indicating the possibility of the prohibited discriminatory purpose or effect."[12]

Most respectfully,

*Gerald Malloy*
Senator Gerald Malloy
S.C. Senate District 29

---

[8] See attached Exhibit in Tab 32, "The Retrogressive Effect of South Carolina's Photo Voter ID Law," Oct. 19, 2011.
[9] See Ltr. by ACLU, et al. dated Aug. 5, 2011, Part B.2 on pages 12-14.
[10] See also the original Comments in opposition by the undersigned dated August 25, 2011.
[11] See attached Exhibits in Tab 33.
[12] 28 C.F.R. 51-43.

3

Highly Confidential                                                                 USA_00000484

Enclosures

cc: Arati Jain, Esquire
    Members of the S.C. Legislative Black Caucus
    Members of the S.C. Senate Democratic Caucus

Highly Confidential

USA_00000485