# EXHIBIT H

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 1 | Bailey | Kendya | 6/12/2012 | 5:17-48:9 | | | |
| 2 | Dennis | Patrick | 6/4/2012 | 1:1-3:5; 20:5-100:18; 116:4-150:16 | | 42:18-22: Calls for speculation<br>51:18-25: Compound; vague ("sticking points"); calls for hearsay<br>77:18-79:14 (all questions): Relevance of redistricting<br>85:16-19: mischaracterizes testimony ("prop documents")<br>86:9-12: mischaracterizes testimony ("prop documents")<br>90:20-22: Relevance (witness' intent)<br>116:4-118:19: Relevance<br>121:16-129:18: Relevance (recording practices of legislature, redistricting)<br>139:8-143:15: Calls for hearsay; speculation | 42:18-22: Ground for objection not stated on the record. In any event, the witness stated he did not know, and provided a clear answer once the question was rephrased.<br>51:18-25: Ground for objection not stated on the record. Question is not compound or vague. In any event, witness's answer was clear and unaffected by the form of the question. Not hearsay because question calls for statement of party-opponent.<br>77:18-79:14: Probative of legislative purpose in that overlap of redistricting with consideration of voter ID legislation provides evidence of legislators' awareness of impact of voting changes on minority populations. Further probative of purpose as to procedural irregularities in consideration of voter ID.<br>85:16-19: Does not mischaracterize prior testimony. In any event, the witness's answer was clear and unaffected by the form of the question.<br>86:9-12: Does not mischaracterize prior testimony. In any event, the witness's answer was clear and unaffected by the form of the question.<br>90:20-22: Relevant because witness's intent in drafting (and interpretation of) the reasonable impediment provision is probative of legislative purpose and legislators' understanding of the operation and breadth of the provision.<br>116:4-118:19: Relevant as to the sufficiency of the state's search for responsive documents.<br>121:16-129:18: Recording practices of the legislature and practices with respect to redistricting are probative of legislative purpose in enacting Act R54, as they tend to show departures from regular procedures in consideration and passage of Act R54.<br>139:8-143:15: Ground for objection is not stated in the record. Objection regarding speculation is improper because question specifically asks what gave witness his stated impression. Answer is not hearsay because it provides statement of party-opponent. |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 3 | Lowe | Philip | 6/13/2012 | 1:1-2:18; 7:7-13:12; 22:18-28:9; 34:3-25; 46:6-52:11; 68:12-25; 75:1-18; 80:3-83:23; 90:11-98:20; 99:4-109:18; 115:2-116:24; 126:21-127:3; 129:23-130:15 | | 52:1-52:2: Calls for speculation; vague<br>68:19-68:20: Vague; calls for speculation<br>81:16-81:18: Mischaracterizes prior testimony; compound; vague | 52:1-52:2: Ground for objection not stated on the record. Does not call for speculation because it asks for witness's views regarding incidents he has witnessed. Answer is not speculative. Question is not vague and answer is clear.<br>68:19-68:20: Ground for objection not stated on the record. Does not call for speculation, but rather witness's observations. Quesiton is not vague. In any event, witness's answer is clear and unaffected by the form of the question.<br>81:16-81:18: Ground for objection not stated on the record. Does not mischaracterize prior testimony. In any event, the witness's answer was clear and unaffected by the form of the question. |
| 4 | Riley | Joseph | 6/6/2012 | 7:4-9:14; 11:12- | | | |
| 5 | Rutherford | Karen | 7/13/2012 | 7:19-9:21.; 18:4- | | | |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 6 | Brannon | Norman | 6/14/2012 | 9:7-18:10; 20:15-23:8; 28:7-30:15; 32:2-36:7; 37:10-47:6; 51:6-51:24; 52:1-52:21; 53:3-53:19; 55:1-58:3; 58:5-58:25; 59:1-59:15; 61:4-61:20; 64:4-69:2; 70:8-82:3; 85:5-86:2; 87:7-88:9; 88:15-90:14 | | 13:6-13:8: Compound<br>28:12-28:14: Compound; vague<br>28:20-29:2: Compound; vague<br>29:22-30:7: Mischaracterizes prior testimony; assumes facts not in the record; compound<br>32:18-32:20: Compound<br>41:14-41:18: Calls for speculation; Compound; Assumes facts not in the record; Mischaracterizes prior testimony<br>43:7-43:12: Compound<br>45:13-45:15: Calls for speculation; Lack of personal knowledge<br>46:3-46:9: Compound; Calls for speculation; Lack of personal knowledge<br>52:1-52:3: Compound; Lack of foundation<br>53:3-53:6: Compound; Vague<br>57:15-57:18: Vague; Compound; Hearsay<br>61:8-61:9: Calls for speculation<br>64:4-64:5: Vague; Lack of foundation<br>64:13: Vague; Lack of foundation<br>64:19-64:20: Vague; Lack of foundation<br>66:1-66:3: Vague; calls for speculation; Assumes facts not in the record<br>71:14-71:15: Vague | 13:6-13:8: Ground for objection not stated on the record. Question is not compound. Witness's answer was clear and unaffected by the form of the question. [] 28:12-28:14: Not compound or vague. Witness's answer was clear and unaffected by the form of the question. [] 28:20-29:2: Ground for objection not stated on the record. Question is not compound or vague. Witness's answer was clear and unaffected by the form of the question. [] 29:22-30:7: Ground for objection not stated on the record. Does not mischaracterize prior testimony or assume facts in the record. Question is not compound. Witness's answer was clear and unaffected by the form of the question. [] 32:18-32:20: Ground for objection not stated on the record. The question is not compound merely because it asked whether the function of the affidavit is twofold. [] 41:14-41:18: Ground for objection not stated on the record. Witness's answer was clear and unaffected by the form of the question. [] 43:7-43:12: Ground for objection not stated on the record. Not compound because presenting one substantive question. Witness's answer was clear and unaffected by the form of the question. [] 45:13-45:15: Ground for objection not stated on the record. Does not call for speculation because asks if witness knows. [] 46:3-46:9: Ground for objection not stated on the record. Not compound because asking one substantive question. Question specifically asks if the witness knows. [] 52:1-52:3: Ground for objection not stated on the record. Question is not compound merely because it provides examples for clarification. Lack of foundation is not an appropriate objection for a question about whether or not statistics were discussed during the debates over voter ID. [] 53:3-53:6: Ground for objection not stated on the record. Witness's answer was clear and unaffected by the form of the question. [] 57:15-57:18: Ground for objection not stated on the record. Question is neither vague nor compound. In any event, the witness's answer was clear and unaffected by the form of the question. Witness's answer not hearsay because would not be used to show truth of the matter asserted.<br><br>[] 61:8-61:9: Ground for objection not stated on the record. Does not call for speculation and answer is not speculative. [] 64:4-64:5: Ground for objection not stated on the record. Not vague and answer is clear. Objection for lack of foundation is inappropriate because witness has foundation for testifying regarding about his conduct. [] 64:13: Ground for objection not stated on the record. Not vague and answer is clear. Witness has foundation for testifying about his conduct. [] 64:19-64:20: Ground for objection not stated on the record. Not vague and answer is clear. Witness has foundation for testifying about his conduct. [] 66:1-66:3: Objection waived because not made at time of deposition. Question is not vague and does not call for speculation. Question does not assume any facts. [] 71:14-71:15: Objection waived because not made at time of deposition. Question is not vague and answer is clear. |
| 7 | Bursey | Brett | 7/13/2012 | 12:12-18:4; 19:10-20:4; 24:1-24:24; | | | |
| 8 | Calkins | Patricia | 7/16/2012 | 9:3-10, 10:5-12, 11:10-12:12, 17:5-20:12, 28:15-33:13, 34:12- | | | |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 9 | Cleary | Raymond | 6/14/2012 and 7/18/2012 | 8:19-23; 9:25-13:12; 15:10-21; 17:7-20:12; 21:22-22:4; 23:7-31:5; 37:1-20; 38:5-48:17; 50:5-55:21; 57:25-79:5; 79:24-186:25; 187:15-245:17; 255:17-303:16 | | 17:7-20:12: Relevance<br>24:5-24:25: Calls for legal conclusion<br>29:14-23: Calls for speculation<br>42:13-44:10: Hearsay<br>50:7-50:19: Hearsay<br>91:1-4: Hearsay<br>91:13-92:24: Hearsay<br>22:5<br>99:15-105:12: Relevance of Voter Citizenship Verification Act<br>105:10-12: Calls for speculation<br>127:23-130:17: Foundation<br>162:14-167:4: Relevance, calls for a legal conclusion and for speculation about reasonable impediment<br>211:12-212:11: Foundation, calls for speculation<br>212:12-19: Calls for speculation<br>219:4-225:7; 226:19-228:17: Relevance, calls for a legal conclusion and for speculation about reasonable impediment<br>234:11-238:20: Relevance, calls for a legal conclusion and for speculation about reasonable impediment<br>256:19-256:21: Vague<br>262:20-262:22: Compound; Vague<br><br>263:7-263:10: Mischaracterizes testimony in the record<br>272:16-272:17: Compound<br>277:22-278:2: Asked and answered<br>280:8-280:10: Vague; Calls for speculation | 17:7-20:12: Issue of the State's incomplete document collection and the completeness of the record before the Court continues to be relevant.<br>24:5-24:25: Objection waived because not stated on the record. Calls for witness's understanding.<br>29:14-23: Calls for witness's understanding.<br>42:13-44:10: Not hearsay to the extent offered to show knowledge of information provided to legislators as to the disparate impact of Act R54.<br>50:7-50:19: This appears to be an erroneous deposition citation. Please advise. Testimony to the Senate Judiciary Commmittee is not offered to show truth of the matter asserted.<br>91:1-4: Opposing party statement<br>91:13-92:24: Opposing party statement, statement of intent or belief<br>22:5: No objection stated<br>99:15-105:12: Probative of legislative purpose to the extent it shows contemporaneous actions of legislators to restrict voting. [] 105:10-12: Question calls for witness's own understanding, witness provides it.<br>127:23-130:17: Witness understood the question and identified document (50:17-19).<br>162:14-167:4: Probative of legislative intent as to the breadth of the Act's purported ameliorative provision. Objections to form waived where not stated in the record.<br>211:12-212:11: Witness understood the question, calls for witness's understanding, witness testified about that which he has foundational knowledge.<br>212:12-19: Witness understood the question, calls for witness's understanding, witness testified about that which he has foundational knowledge.<br>219:4-225:7; 226:19-228:17: Probative of legislative intent as to the breadth of the Act's purported ameliorative provision. Objections to form waived because not stated on the record.<br>234:11-238:20: Probative of legislative intent as to the breadth of the Act's purported ameliorative provision. Objections to form waived where not stated on the record.<br>256:19-256:21: Witness understood question and answered by reference to the legislative transcript.<br>262:20-262:22: Witness understood question and answered clearly, by reference to the legislative transcript.<br>263:7-263:10: Without conceding mischaracterization, Intervenors strike designation on the State's objection.<br>272:16-272:17: The question is not compound; it asks specifically about the combination of early voting with photo ID, not each one independently. Witness understood question and answered clearly.<br>277:22-278:2: The complete question had not been asked previously.<br>280:8-280:10: Question called for witness's knowledge. Witness understood question and answered non-speculatively. |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 10 | Debney | Joseph | 7/16/2012 | 6:8-8:2, 10:15-21, 12:10-14:16, 18:12-21:13, 24:2-33:6, 35:1-41:1, 41:16-43:12, 45:15-52:25, 58:11-23, 59:7-12, 62:22-64:14, 77:16-79:4, 80:5-12, 80:22-24, 82:3-85:1, 110:9-111:25, 126:5-127:19, 132:14-137:13 | | 31:24-32:6 – Calls for legal conclusions<br>32:16-32:22 – Calls for speculation<br>35:24-36:12 - Hearsay<br>47:8-47:19 – Hearsay<br>49:1-52:25 – Calls for speculation; calls for legal conclusions<br>58:11-23 – Calls for speculation; calls for a legal conclusion<br>62:22-64:14 – Relevance; Hearsay<br>77:16-79:4 – Calls for legal conclusions<br>80:5-12 – Lack of foundation; calls for speculation<br>82:3-83:1 – Calls for legal conclusions; calls for speculation<br>84:9-85:1 – Calls for speculation; calls for legal conclusions<br>110:9-111:25 – Relevance; hearsay<br>126:5-127:6 – Relevance<br>127:7-19 – Calls for a legal conclusion<br>132:14-134:13 – Calls for legal conclusions | 31:24-32:6: Objection waived because not stated in the record. [] 32:16-32:22: Objection waived [] 35:24-36:12: To the extent offered for the truth of the matter asserted, the statements of poll workers are opposing party statements and statements of then-existing state of mind. [] 49:1-52:25: Question calls for witness's factual understanding of polling place procedures and their vulnerability to fraud, based on his experience as a poll manager, trainer, and county executive director. [] 58:11-23: Calls for witness's understanding of existing practice and policy. [] 62:22-64:14 - SCARE's official position is not offered for truth of the matter asserted, and is highly relevant to legislators' disregard for election officials' opinions in passing R54; county election staff's conversations are opposing party statements and relevant to same. [] 77:16-79:4: Question specifically asks about "current practice," does not call for a legal conclusion; the objection is waived except for 77:16-19 and 78:8-13. [] 80:5-12: Witness's experience as poll worker, trainer, and county exec. director is sufficient foundation; the question asks for a non-speculative logical truth. [] 82:3-83:1: Objection waived; question asks about county election officials' implementation of reasonable impediment exception. [] 84:9-85:1: Same response as 82:3-83:1. [] Same response as 62:22-64:14. [] Same relevance response as 62:22-64:14. [] 127:7-19: Objection waived; the election official's understanding of state law and policy is at issue, not any legal conclusion. [] 132:14-134:13: Same response as 127:7-19. |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 11 | Donehue | Wesley | 6/20/2012 | 5:19-9:3; 9:12-12:8; 25:12-27:21; 28:8-31:23; 34:4-36:18; 41:10-44:25; 45:10-47:3; 52:9-57:13; 61:18-69:22; 80:22-84:23; 86:17-86:22; 87:18-95:8; 107:16-109:15; 115:4-122:8; 123:13-130:5; 131:19-141:5; | | 31:12-23: Calls for speculation<br>31:4-18: Calls for speculation, vague, hearsay<br>31:25-32:18: Calls for speculation<br>33:4-34:10: Calls for speculation, vague<br>53:3-55:2: Hearsay<br>62:10-22: Hearsay<br>65:5-21: Calls for speculation<br>83:10-18: Hearsay<br>115:18-120:13: Lack of foundation, calls for speculation<br>120:15-122:8: Hearsay | 31:12-23: Does not call for speculation.  Not hearsay because would not be introduced for truth of matter asserted.<br>31:4-18: Does not call for speculation.  Not hearsay because would not be introduced for truth of matter asserted.  Not vague, and in any event the witness's answer is clear and unaffected by tfhe form of the question.<br>31:25-32:18: Ground for objection not stated on the record.  Does not call for speculation.  Mr. Donehue was a political consultant for members of the General Assembly and was competent to answer the question.<br>33:4-34:10: Does not call for speculation.  Mr. Donehue was a political consultant for members of the General Assembly and was competent to answer the question.  Not vague.  In any event the witness's answer is clear and unaffected by tfhe form of the question.<br>53:3-55:2: Not hearsay because statement of party opponent.<br>62:10-22: Not hearsay because statement of party opponent.<br>65:5-21: Does not call for speculation.  Mr. Donehue was a political consultant who discussed matters of this sort with members of the General Assembly.  Also, the witness's answer is not speculative.<br>83:10-18: Not hearsay because statement of party opponent.<br>115:18-120:13: Objection not stated on the record.  Questions do not call for speculation and witness's answers are not speculative.  Objection for lack of foundation is inappropriate because the witness was testifying from personal knowledge.<br>120:15-122:8: Not hearsay because statement of party opponent. |
| 12 | Glover | Junior | 6/5/12 | 6:6-17:1; 19:10-20:9; 21:7-25:7; 26:18-27:4. | | | |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 13 | Harrison | James | 6/12/2012 | 19:2-25:22; 32:3–34:8;35:5–11; 52:13-57:10; 58:1-63:24; 65:5-66:1; 76:1-77:10; 88:14-90:25; 92:10-93:24; 94:20-97:12; 98:2-99:21; 101:8-107:25;109:12-111:25; 115:19-117:13; 118:17-22;123:6-23; 127:10-128:19; 129:17-130:22; 133:4-136:8; 140:12-143:7; 144:3-146:2; 154:3-21 | | 20:22-20:23: Calls for speculation<br>53:9-53:12: Calls for speculation; vague<br>53:18-53:20: Vague; Calls for speculation; assumes facts not in evidence<br>55:20-55:24: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>56:5-56:9: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>56:16-56:18: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>58:17-58:21: Calls for speculation; Assumes fact not in evidence<br>59:2-59:59:6: Calls for a legal conclusion; calls for speculation<br>60:17-60:19: Calls for a legal standard; Not relevant; calls for speculation<br>61:13-61:15: Calls for speculation; vague; hearsay<br>61:20-61:25: Calls for speculation; calls for a legal conclusion; vague; assumes facts not in evidence; not relevant<br>62:22-62:23: Calls for a legal conclusion; calls for speculation; irrelevant<br>65:22-65:24: Calls for speculation<br>76:1-76:5: Assumes facts not in the record; vague<br>76:12-76:16: Vague; calls for speculation | 20:22-20:23: Question clearly asked for witness's understanding, and witness did not speculate.<br>53:9-53:12: Question calls for witness's understanding of the law's burden; witness understood question and answered clearly.<br>53:18-53:20: Same response as 53:9-12; hypothetical was fully apparent to witness.<br>55:20-55:24: Calls for legislator's understanding of reasonable impediment exception, which is relevant to the confusion this exception causes as well as to legislative purpose.<br>56:5-56:9: Same response as 55:20-24.<br>56:16-56:18: Objection waived because not stated in record.  Same response as 55:20-24.<br>58:17-58:21: Calls for legislator's understanding of reasonable impediment exception; hypothetical was fully apparent to witness.<br>59:2-59:6: Specifically does not call for a legal conclusion.  Asks for witness's understanding of the law he voted for.<br>60:17-60:19: Same response as 55:20-24.<br>61:13-61:15: Question asks for a fact about the legislative history, which is highly relevant to purpose.  Not hearsay because it calls for a party opponent statement.<br>61:20-61:25: Calls for current implementation procedures, which are relevant to retrogressive effect, and are in no sense speculative, legal, or not in evidence.  Witness understood question and answered clearly.<br>62:22-62:23: Calls for witness's understanding of the burden R54 imposes on those who must make use of the reasonable impdiment exception.<br>65:22-65:24: Calls for witness's understanding of legislative intent, and witness answered accordingly.<br>76:1-76:5: Witness understood question and answered clearly; there is no assumption of facts not in record. |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| | | | | | | 88:14-88:15: calls for a legal conclusion; vague; calls for speculation<br>90:21-90:23: calls for speculation; vague; assumes facts not in the record; mischaracterizes prior testimony<br>94:20-94:23: Mischaracterizes prior testimony<br>101:14-101:17: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>101:25-102:1: Calls for speculation; calls for a legal conclusion; vague<br>102:21-102:24: Calls for speculation; calls for a legal conclusion; vague<br>104:21-104:23: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>104:8-104:19: Calls for speculation; Vague; Calls for a legal conclusion; Not relevant<br>106:4-106:6: Calls for speculation; not relevant; vague<br>106:10-106:11: Calls for speculation; not relevant; vague<br>110:23-111:2: Calls for speculation; vague<br>111:16-111:18: Calls for speculation; calls for a legal conclusion<br>117:4-117:6: Assume facts not in the record; calls for speculation<br>127:14-127:16: Vague<br><br>154:3-154:6: not relevant<br>154:15-154:18: not relevant | 76:12-76:16: Called for witness's knowledge and memory of legislative debates. Witness understood question and answered clearly.<br>88:14-88:15: Calls for witness's understanding of how the law he helped pass accomplishes what he claimed it does, which goes to legislative purpose.<br>90:21-90:23: Same response as to 88:14-15. Witness understood the question and answered clearly. Question did not characterize testimony at all.<br>94:20-94:23: Question called for witness to characterize his own testimony, and witness answered accordingly.<br>101:14-101:17: Same response as 55:20-24.<br>101:25-102:1: Same response as 55:20-24; witness understood question and answered clearly.<br>102:21-102:24: Same response as to 101:25-102:1.<br>104:21-104:23: This appears to be an erroneous deposition citation. Please advise. If the objection refers to 103:21-23, then the Intervenors' response is the same as for 55:20-24.<br>104:8-104:19: Same response as 55:20-24.<br>106:4-106:6: Asked for witness's understanding, which goes to legislative intent.<br>106:10-106:11: Same response as 106:4-6.<br>110:23-111:2: Question calls for witness's understanding and belief regarding what levels of retrogressive effects are tolerable.<br>111:16-111:18: Same response as 55:20-24.<br>117:4-117:6: Question calls for witness's understanding and belief regarding the effects of the early voting period passed in House's version of H.3418.<br>127:14-127:16: Witness understood question and answered clearly.<br>154:3-154:6: Relevant to legislative purpose -- undercuts State's claim that R54 responded to public demand.<br>154:15-154:18: Same response as 154:3-6. |

**South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)**
**Defendant-Intervenors' Deposition Designations**

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 14 | Knotts | Jake | 7/19/2012 | 1:1-2:19; 9:11-24; 12:8-87:3 | | 19:16-19:19: Lack of foundation<br>23:7-23:11: Compound; vague<br>28:23-29:1: Assumes facts not in the record; vague<br>34:13-34:14: Vague; assumes facts not in evidence<br>40:2-40:8: Vague; compound; assumes facts not in the record<br>40:23-40:14: Vague<br>53:18-53:23: Assumes facts not in the record; compound; vague<br>54:18-54:19: Vague<br>55:11-55:14: Lack of foundation; assumes facts not in the record<br>61:23-61:24: Calls for speculation<br>64:7-64:7: Vague; compound; assumes facts not in the record<br>66:10-66:12: Lack of foundation<br>67:14-67:16: Not relevant<br>67:21-68:2: Not relevant<br>77:18-77:20: Lack of foundation<br>79:13-79:16: Lack of foundation; assumes facts not in the record<br>79:20-79:23: Calls for speculation<br>82:1-82:6: Calls for speculation | 19:16-19:19: Witness can testify based on personal knowledge of his thoughts about R54.<br>23:7-23:11: Grounds for objection not stated on the record.  Question is not vague or compound.  Witness's answer was clear and was unaffected by the form of the question.<br>28:23-29:1: Grounds for objection not stated on the record.  Question is not vague, and in any event the answer is clear and unaffected by the form of the question.  The dates of elections in South Carolina are a matter of public record.<br>34:13-34:14: Grounds for objection not stated on the record.  Question is not vague, and the answer is clear and unaffected by the form of the question.  The factual predicate for the question is in this deposition at 34:5-10, and Senator Knotts' vote on cloture is a matter of public record.<br>40:2-40:8: Grounds for objection not stated on the record.  Question is not vague, and answer is clear and unaffected by the form of the question.  Question is not compound.  Question does not assume facts; it offers a statement and asks if that correctly reflects the witness's understanding.<br>40:23-40:14: This appears to be an erroneous deposition citation.  The questions surrounding the cited lines are not vague.  In any event, the witness's answers are clear and unaffected by the form of the question.<br>53:18-53:23: Grounds for objection not stated on the record.  Question is not compound or vague.  In any event, the witness's answers are clear and unaffected by the form of the question.  Question assumes no evidentiary facts.<br>54:18-54:19: Grounds for objection not stated on the record.  Question is not vague.<br>55:11-55:14: Objection regarding assumption of facts not in evidence was not stated on the record.  Defendant-Intervenors will offer evidence that voter ID bill was a priority.  The witness's answer reflects that that was the case.  Witness's answer is clear and unaffected by the form of the question. |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| | | | | | | 83:6-83:9: Vague; Mischaracterizes prior testimony<br>83:24: Compound | 61:23-61:24: Grounds for objection not stated on the record.  Does not call for speculation; as a member of the General Assembly, witness may be asked questions about the House and can answer if he has personal knowledge.<br>64:7-64:7: This appears to be an erroneous deposition citation.  Question is not vague or compound.  Witness's answer is clear and unaffected by the form of the question.  Basis for question is at 64:2-6.  Requirements of R54 are matter of public record.<br>66:10-66:12: Evidentiary basis at 65:22-66:3.<br>67:14-67:16: Grounds for objection not stated on the record.  Comparison of demographic information considered in context of reapportionment and voter ID is relevant to discriminatory purpose.<br>67:21-68:2: Comparison of demographic information considered in context of reapportionment and voter ID is relevant to discriminatory purpose.<br>77:18-77:20: The State had an obligation to request responsive documents from its clients in the Senate.  Unless the State asserts that it did not so, it cannot object to this question.  Further, the witness is competent to testify based on personal knowledge whether he turned over a particular document for production.<br>79:13-79:16: Grounds for objection not stated on the record.  Witness is competent to testify regarding whether something concerned him.<br>79:20-79:23: Grounds for objection not stated on the record.  Does not call for speculation.<br>82:1-82:6: Does not call for speculation.<br>83:6-83:9: Grounds for objection not stated on the record.  Question is not vague.  Basis in prior testimony is 82:1-83:4.  In any event, the answer is clear and unaffected by the form of the question.<br>83:24: Grounds for objection not stated on the record.  The question and answer are clear, and the answer is unaffected by the form of the question. |
| 15 | Limehouse | Harry , III | 6/14/2012 | 1:1-2:19; 6:3-8:25; 13:16-19:16; 25:5-27:23; 31:1-16; 40:3-47:10; 52:9-57:20; 59:7-61:25; 63:6-64:16 | | 19:5-19:10: Calls for speculation; mischaracterizes prior testimony<br>40:3-40:5: Vague<br>40:24-41:1: Vague; Not relevant<br>41:23-41:25: Not relevant; calls for speculation<br>42:17-42:20: compound; mischaracterizes prior testimony<br>57:17-57:18: Vague | 19:5-19:10: Calls for witness's impressions and understanding; there is no characterization of prior testimony.<br>40:3-40:5: Grounds for objection not stated on the record.  Question is not vague and witness answered clearly.<br>40:24-41:1:  Witness understood question and answered clearly.  Poll worker discretion goes to the effect of R54 on voters, and witness's understanding of that discretion in enacting the law goes to purpose.<br>41:23-41:25: Calls for witness's understanding of the law he voted for.  Same response as to relevance as 40:24-41:1.<br>42:17-42:20: Grounds for objection not stated on the record.  Question calls for witness's clarification of his testimony, and answer was not affected by form of question.<br>57:17-57:18: Question not vague in light of prior colloquy at 57:13-16. |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 16 | Martin | Larry | 6/13/2012 | 15:17-17:4; 20:8-22:23; 26:20-29:20; 31:11-35:10; 35:17-55:22; 56:6-60:16; 61:1-74:16; 74:25-111:13; 111:24-136:10; 137:3-189:11; 189:17-195:10; 197:16-200:7 | | 15:17-17:4 – Relevance<br>28:20-29:20 – Calls for a legal conclusion<br>33:18-35:10 – Calls for a legal conclusion<br>58:1-60:1 – Relevance<br>67:10-67:25 – Hearsay<br>70:22-71:11 - Calls for a legal conclusion<br>76:20-76:23 - Form<br>78:14-79:25 – Form<br>83:12-83:20 - Calls for speculation<br>94:12-94:21 – Calls for speculation<br>94:22-95:12 – Calls for speculation<br>107:5-109:11 – Call for legal conclusions<br>110:3-110:14 – Calls for speculation<br>110:5-113:12 – Call for legal conclusions<br>113:20-114:21 – Call for speculation; call for legal conclusions<br>114:22-115:24 – Call for speculation; Call for legal conclusions<br>116:1-117:20 – Call for speculation; Call for legal conclusions<br>125:24-128:6 - Call for legal conclusions<br>130:3-131:14 - Call for legal conclusions<br>134:25-136:9 - Call for legal conclusions<br>156:12-157:17 – Hearsay<br>162:6-165:1 – Relevance | 15:17-17:4 – Purging of emails among legislators is relevant because legislator emails are one of the most likely sources for evidence concerning discriminatory purpose.<br>28:20-29:20 – Objection waived because not stated on the record. The degree to which legislators educated themselves about the legal requirements for photo ID laws is probative of discriminatory purpose.<br>33:18-35:10 – Ground for objection not stated on the record. The degree to which legislators educated themselves about the legal requirements for photo ID laws and the requirements of South Carolina's election laws is probative of discriminatory purpose.<br>58:1-60:1 – Recordings of legislative proceedings are relevant because they are a likely source of evidence concerning discriminatory purpose.<br>67:10-67:25 – Not hearsay because does not call for statements. Also would not be used for truth of matter asserted and would be statement of party opponent.<br>70:22-71:11 - Ground for objection not stated in the record. The degree to which legislators educated themselves about the legal requirements for photo ID laws is probative of discriminatory purpose.<br>76:20-76:23 - Objection waived because not stated on the record. The objection to "form" is inadequate because it does not provide sufficient notice of basis for the objection.<br>78:14-79:25 – The objection to "form" is inadequate because it does not provide sufficient notice of basis for the objection. In any event, the witness's answer is clear and unaffected by the form of the question.<br>83:12-83:20 - Objection waived because not stated on the record. Neither the question nor the answer is speculative.<br>94:12-94:21 – Objection waived because not stated on the record. Neither the question nor the answer is speculative. |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 167:23-172:25 –Relevance<br>176:8-177:21 – Relevance<br>176:20-178:23 – Hearsay<br>179:20-180:1 – Hearsay<br>186:14-188:17 – Relevance; Hearsay | 94:22-95:12 – Objection waived as to certain questions because not stated on the record.  Where stated on the record, objection is inadequate because grounds are not stated on the record.  Neither the questions nor the answers are speculative.<br>107:5-109:11 – Objection waived because not stated on the record.  Asking the legislators about the requirements of R54 is probative of discriminatory purpose.<br>110:3-110:14 – Objection waived as to certain questions because not stated on the record.  Where stated on the record, objection is inadequate because grounds are not stated on the record.  Neither the questions nor the answers are speculative.<br>110:5-113:12 – Objection waived because not stated on the record.  Legislators' understanding of the requirements of Act R54 is probative of discriminatory purpose and is not an inappropriate legal conclusion.<br>113:20-114:21 – Objection waived as to certain questions because not stated on the record.  Where stated on the record, objection is inadequate because grounds are not stated on the record.  Questions do not call for speculation.  Legislators' understanding of the requirements of Act R54 is probative of discriminatory purpose and is not an inappropriate legal conclusion.<br>114:22-115:24 – Ground for objection not stated in the record.   Questions do not call for speculation.  Legislators' understanding of the requirements of Act R54 is probative of discriminatory purpose and is not an inappropriate legal conclusion.<br>116:1-117:20 – Objection waived as to certain questions because not stated on the record.  Where stated on the record, objection is inadequate because grounds are not stated on the record.  Questions do not call for speculation.  Legislators' understanding of the requirements of Act R54 is probative of discriminatory purpose and is not an inappropriate legal conclusion. |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| | | | | | | | 125:24-128:6 - Objection waived as to certain questions because not stated on the record.  Where stated on the record, objection is inadequate because grounds are not stated on the record.  Legislators' understanding of the requirements of R54 are probative of discriminatory purpose . 130:3-131:14 - Ground for objection not stated in the record.  The degree to which legislators educated themselves about the legal requirements for photo ID laws is probative of discriminatory purpose. 134:25-136:9 - Ground for objection not stated in the record.  The degree to which legislators educated themselves about the legal requirements for photo ID laws is probative of discriminatory purpose. 156:12-157:17 – Not offered for truth of matter asserted. 162:6-165:1 – Relevant because procedural irregularities are probative of discriminatory purpose. 167:23-172:25 – Recordings of proceedings are relevant because they are a likely source of evidence concerning discriminatory purpose.  Time at which General Assembly expected litigation is relevant to existence of duty to preserve evidence. 176:8-177:21 – Comparison of demographic information considered in voter ID context and reapportionment context is relevant to discriminatory purpose. 176:20-178:23 – Not hearsay because does not call for statements.  In any event, would be statement of party opponent. 179:20-180:1 – Party opponent statement or not offered for truth of matter asserted. 186:14-188:17 – Where stated on the record, objection is inadequate because grounds are not stated on the record.  Not hearsay because statement of party opponent.  Debates regarding cost of voter ID bill are relevant to discriminatory purpose. |
| 17 | Pearson | Tim | 6/15/2012 | 1:1-2:24; 7:2-10:11; 17:19-23:12; 42:11-44:22; 50:3-24; 55:1-57:21; 62:2-25; 66:2-8; 71:12-72:25; 75:7-81:10; 82:2-85:21; 95:10-96:5; 99:7-100:23; 113:10-114:22; 132:1-134:20; 142:1-152:5 | | 7:2-10:11 – Relevance 17:19-23:12 – Hearsay; Relevance 55:1-57:21 – Hearsay 82:2-82:8 – Compound Question; Hearsay 99:16-100:1 – Calls for speculation 132:1-134:20 – Relevance 145:1-147:1 – Calls for speculation 148:23-149:8 – Calls for speculation | 7:2-10:11: State's inadequate document collections continue to be relevant to the completeness of the record before the Court; purging of emails in executive branch relevant to discriminatory purpose. [] 17:19-23:12: Opposing party statements; tends to show pretextual nature of "voter fraud" claim and high priority of voter ID to legislature, which is relevant to purpose. [] 55:1-57:21: Opposing party statement. [] 82:2-82:8: Objection inadequate because grounds not stated on the record; question was understood by witness and answer is clear.  Not hearsay because it is an opposing party's statement. [] 99:16-100:1: Question at 99:16-17 is not speculative, but calls for logical understanding of what travel requires. Question at 99:21-24 is not speculative, because it calls for witness's understanding of conditions in effect. [] 132:1-134:20: Questions establish foundation; witness's experience in campaigns is relevant to his lack of awareness of any voter fraud instances; witness's position in Sanford administration is relevant to the completeness of the State's document collection. [] 145:1-147:1: Questions call for witness's understanding of the DMV ID Day program and vital records processes, not speculation. [] 148:23-149:8: Same response as to 145:1-147:1; witness did not speculate, in any event. |

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 18 | Peeler | Harvey | 6/13/2012 | 22:1-32:8; 36:21-38:7; 49:24-51:6; 51:23-55:22; 60:3-70:5; 71:3-77:15; 83:2-84:3; 88:15-94:25 | | 51:2-4: Lack of foundation<br>61:6-62:2, 64:4-3: Lack of foundation, relevance (legislator's interpretation), calls for legal conclusion<br>72:12-16: mischaracterizes testimony<br>75:14-77:12: Lack of foundation, relevance (legislator's interpretation), calls for legal conclusion<br>88:15-93:12: Lack of foundation, calls for speculation | 51:2-4: Asks for witness's own belief, to which he is competent to testify. [] 61:6-62:2, 64:4-3: Objections as to form waived because not stated on the record. The testimony is probative of legislative intent as to the breadth of the Act's purported ameliorative provision, the likelihood of confusion in implementation, and legislative purpose. "64:4-3" appears to be an erroneous deposition citation. Please advise. [] 72:12-16: witness understood question; question necessary to provide context, answer speaks for itself. [] 75:14-77:12: Objections as to form waived because not stated on the record. Questions are probative of legislative intent, as they call for witness's own understanding of what he voted for. [] 88:15-93:12: Objections as to form waived because not stated on the record. Questions call for witness's own understanding and belief about the effect of R54 when he voted for it. Witness understood the questions and identified the document; foundation inherent in the document. |
| 19 | Rutherford | Raymond | 6/6/2012 | 6:16 – 25:22 | | | |
| 20 | Shwedo | Kevin | 6/7/2012 | 6:7-7:5, 8:13-12:3, 15:2-24:13, 25:1-43:10, 44:24-45:13, 47:4-65:12, 66:14-86:10, 87:20-112:13, 115:12-155:18, 157:4-159:5, 162:10-189:4, 193:9-24 | | 90:3-7: Foundation ("experience of your office")<br>90:15: Same objection<br>94:8-10: Vague<br>109:4-8: Mischaracterizes testimony<br>124:18-21: Foundation<br>126:6-9: Calls for speculation<br>127:23-128:7: Hearsay, vague ("problem"), calls for speculation<br>128:21-24: Same objections<br>129:5-8: Calls for speculation<br>129:12-15: Foundation<br>148:15-149:5: Hearsay, vague, calls for speculation<br>154:22-155:9: vague, compound<br>179:7-14: Foundation<br>185:2-6: Foundation, relevance<br>187:20-22: Calls speculation, foundation<br>193:9-24: Relevance | 90:3-7: Without conceding lack of foundation, Intervenors will strike designation on SC's objection. [] 90:15: Deponent asked "do *you* see an uptick" -- no foundation issue. [] 94:8-10: Without conceding vagueness, Intervenors will strike designation on SC's objection. [] 109:4-8: Question is a direct quote of Col. Shwedo's words in U.S. Ex. 4. [] 124:18-21: Sufficient foundation provided at 123:14-124:9 [] 126:6-9: Witness did not speculate, see 126:10-13. [] 127:23-128:7: Opposing party statement, question was clear and understood by witness, witness did not need to speculate to say what problems ID Day was meant to address. [] 128:21-24: Question asks witness to refine what witness meant by "access." Not vague, not speculative, not hearsay. [] 129:12-15: DMV director is competent to testify what was "a concern at the DMV." [] 148:15-149:5: Not offered for truth of matter asserted; witness understood question and answered non-speculatively, by reference to state law and DMV policies. |
| 21 | Whitmire | Chris | 6/8/2012 | 12:17-45:18; 45:24-199:10 | | The United States has designated nearly all of the same parts of this deposition as the Intervenors. Accordingly, the State objects to the same questions and on the same basis as identified in response to the United States' designations and incorporates those objections by reference herein. | Defendant-Intervenors accordingly refer to the United States' responses to the State's objections to the designations from Mr. Whitmire's designations, and incorporate those responses herein. |

South Carolina v. United States, No. 12-cv-203 (CKK-BMK-JDB)
Defendant-Intervenors' Deposition Designations

| # | Deponent Last Name | Deponent First | Date | Defendant-Intervenor | Counter-Designat | Objection(s) | Response(s) |
|---|---|---|---|---|---|---|---|
| 22 | Williams | Zeb | 6/4/2012 | 48:16-51:11; 67:19-68:16; 89:4-89:6; 110:16-113:18. | | | |
| 23 | Wolf | Amanda | 6/7/2012 | 8:8-16; 9:10-11:25; 13:12-14:4; 15:23-18:1; 18:2-19:5; 22:20-26:18 | | | |