**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF SOUTH CAROLINA, | |
| *Plaintiff*, | |
| v. | |
| UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., in his official capacity as Attorney General, | Case No. 1:12-cv-203 (CKK, BMK, JDB) |
| *Defendants*, | |
| and, | |
| JAMES DUBOSE, *et al*., | |
| *Defendant-Intervenors*. | |

**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFF'S
MOTION TO EXCLUDE THE TRIAL TESTIMONY OF DR. JOHN C. RUOFF**

Plaintiff South Carolina ("Plaintiff" or the "State") has mischaracterized the

testimony that Dr. John C. Ruoff would give if Defendant-Intervenors call him as a witness.  If

called, Dr. Ruoff will not offer expert testimony on *any* topic.  He will present only foundation

testimony about five maps that he created applying readily available, standard mapping software

to information concerning public transit routes and systems in South Carolina that is available on

the internet.  Defendant-Intervenors produced the underlying information to Plaintiff in timely

fashion, and the only objection Plaintiff has raised to such documents is "[lack of] relevance."

Defendant-Intervenors also disclosed Dr. Ruoff as a witness in a timely manner pursuant to this

Court's Orders (ECF Nos. 64, 121) and the Federal Rules of Civil Procedure (Fed. R. Civ. P. 26).

In any event, if this Court admits the underlying transit information and the State raises no

1

objection to the maps being proper demonstrative exhibits (or the Court rules that they are

acceptable in advance of trial), Defendant-Intervenors will not call Dr. Ruoff to testify at all.

The State's objection to the transit documents as lacking relevance is nothing

short of frivolous.  (August 17 Joint Pretrial Submission, ECF No. 186, Ex. G, entry 373.)  The

documents, the information in them, and the maps created based on them speak directly to one of

the burdens that Act R54, if precleared, would impose on would-be voters who lack an

acceptable photo ID and  would be compelled to travel to a state office to obtain one.  For

example, one of the five maps demonstrates that a resident of McLellenville in the outer reaches

of Charleston County would have to spend an entire day traveling to the voter registration office

in Charleston and back home.

Notably, Defendant-Intervenors engaged Dr. Ruoff because of the position that

the State took in discovery.  When Defendant-Intervenors requested that the State produce

information regarding public transit in South Carolina, the State objected on the ground that the

information was publicly available (*See* ECF No. 80 at 6; *see also* ECF No. 74 at 8-9), and also

refused to produce a Rule 30(b)(6) witness (Emails exchanged between C. Bartolomucci and G.

Beeney, June 15, 2012, attached as Ex. B).  The Court sustained the State's objection to this

Request for Production, relying on the State's representation that the information was publicly

available.  (Order of June 2, 2012, ECF No. 88.)  Now that Defendant-Intervenors have asked

Dr. Ruoff to obtain the information from publicly available sources and portray that information

on five maps created using "readily available" mapping software (*See* Ex.A, ¶5), the State

objects to the maps as supposedly "expert" evidence.  But using readily available software to

portray in the form of maps information obtained from public sources does not make these

classic demonstratives the product of social science expertise.  If there is "prejudice" to the State, it is only because the maps are persuasive evidence of the burdens imposed by R54.

.

## I.   If Called, Dr. Ruoff Will Offer Only Foundational Testimony, Not Expert Opinion

While Defendant-Intervenors turned to Dr. Ruoff to gather the information that the State declined to produce and to use it to create maps based on counsel's instructions, any individual with the ability to download information from the internet, travel to the transportation offices where information could not be garnered on the internet (Ex. A, fn 1.), and access a "readily available computer software program" that creates maps could have done what Dr. Ruoff did.  (Ex. A, ¶5.)  Now the State seeks to exclude this evidence—collected in the only manner left available to Defendant-Intervenors as a result of the State's objection—based on Dr. Ruoff's prior work experience, which is irrelevant to the preparation of map exhibits in this case.

As Dr. Ruoff explains in his Affirmation (Ex. A, ¶5), he used no expert skills or techniques in preparing these maps (Ex. C).  He followed counsel's instructions to create what are no more than visual aids to communicate data derived from "scores, if not hundreds, of bits of information."  (Ex. A, ¶5.)  Those bits of information have been produced to all parties and are listed on Intervenors' exhibit list.  (*See* Joint Pretrial Submission, Aug.17, 2012, ECF No. 186, Ex. G, entry 373.)  Therefore, Dr. Ruoff's submission is no surprise to the State and will cause the State no prejudice because the State possesses the information portrayed on the maps.

## II.  The State's Arguments Are Irrelevant and Unfounded

The State argues in its Motion that because Dr. Ruoff once prepared a report regarding Act R54 (prior to the State filing its Complaint in this case), Dr. Ruoff should be

precluded from testifying in the instant case about his creation of maps in an altogether different context.  The State appears to be arguing that Dr. Ruoff's past work in the field of voting rights means that any and all testimony that he might give in a voting rights case will necessarily be expert testimony.  Both of these arguments are baseless.

Defendant-Intervenors did not submit an expert report from Dr. Ruoff because Dr. Ruoff is not testifying as an expert in this case.  Exhibit A defines the scope of the testimony that Dr. Ruoff is prepared to give; testimony that would be given only if necessary to lay a foundation for underlying information and demonstratives that Intervenors intend to use during the examination of various witnesses.

The State's opposition is based on fanciful and inaccurate speculation.  (*See, e.g.* Pl. Motion at 5 ("Indeed, Intervenors now propose to have Dr. Ruoff present written testimony. . . which **presumably** will be an expanded and elaborated version of his already-prepared report." (emphasis added)).  Defendant-Intervenors disclaim any intention of offering any opinions of Dr. Ruoff regarding R54 or any other matter, and will not seek to admit or refer to any part of the report submitted to the DOJ prior to the State filing suit in the instant case.  (*See* Ex. 3 to Pl. Motion.)

Defendant-Intervenors' disclosure of Dr. Ruoff as a potential witness was timely pursuant to this Court's Third Revised Scheduling Order (ECF No. 121) and Fed. R. Civ. P. 26. In compliance with that Order, Defendant-Intervenors submitted a revised Notice of Intent to Call Live Witnesses on July 20, and a further revised notice the following day to correct the inadvertent omission of Dr. Ruoff.  (ECF No. 136.)  Furthermore, Defendant-Intervenors served a supplemental initial disclosure on July 17, pursuant to Fed. R. Civ. P. 26(e), giving parties notice of Dr. Ruoff as a potential witness once Intervenors knew that  the maps and the

underlying transit information would be offered into evidence, and that such evidence might

require foundation testimony.  Contrary to the State's assertion, Fed. R. Civ. P. 37 is inapplicable

here, because Defendant-Intervenors did not fail to supplement their initial disclosure and did not

violate this Court's Scheduling Orders.

### CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion and allow Dr.

Ruoff to give foundational non-expert testimony, if needed, related to the demonstrative maps

that he prepared at counsel's direction.

Dated: August 20, 2012

Respectfully submitted,

/s/  Garrard R. Beeney

| | |
|---|---|
| Arthur B. Spitzer (DC Bar No. 235960) | Jon M. Greenbaum (D.C. Bar No. 489887) |
| AMERICAN CIVIL LIBERTIES UNION OF | Mark A. Posner (D.C. Bar No. 457833) |
| THE NATION'S CAPITAL | Robert A. Kengle |
| 4301 Connecticut Avenue, NW, Suite 434 | LAWYERS' COMMITTEE FOR |
| Washington, DC 20008 | CIVIL RIGHTS UNDER LAW |
| (202) 457-0800 | 1401 New York Ave. NW |
| (202) 457-0805 (fax) | Ste. 400 |
| artspitzer@gmail.com | Washington, DC  20005 |
| | Tel:  (202) 662-8389 |
| Laughlin McDonald | Fax:  (202) 628-2858 |
| Nancy Abudu | mposner@lawyerscommittee.org |
| Katie O'Connor | |
| AMERICAN CIVIL LIBERTIES UNION | Michael A. Cooper *(pro hac vice)* |
| FOUNDATION, INC. | Garrard R. Beeney *(pro hac vice)* |
| 230 Peachtree Street, N.W., Suite 1440 | Peter A. Steciuk *(pro hac vice)* |
| Atlanta, GA 30303-1227 | Taly Dvorkis *(pro hac vice)* |
| (404) 523-2721 | Theodore A.B. McCombs *(pro hac vice)* |
| (404) 653-0331 (fax) | Sean A. Camoni *(pro hac vice)* |
| koconnor@aclu.org | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| Susan Dunn | New York, NY  10004-2498 |
| AMERICAN CIVIL LIBERTIES UNION OF | Tel:  (212) 558-4000 |
| SOUTH CAROLINA | Fax:  (212) 291-9007 |

5

P.O. Box 20998
Charleston, SC 29413
sdunn@aclusouthcarolina.org

J. Gerald Hebert
DC Bar No. 447676
Campaign Legal Center
215 E Street, NE
Washington, DC 20002
(202) 736-2200
ghebert@campaignlegalcenter.org

*Attorneys for Defendant-Intervenors James Dubose,* et al.

Debo P. Adegbile (D.C. Bar No. NY0143)
Elise C. Boddie
Ryan P. Haygood (D.C. Bar No. NY0141)
Dale E. Ho (D.C. Bar No. NY0142)
Natasha M. Korgaonkar
Leah C. Aden
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, NY 10013
(212) 965-2200
rhaygood@naacpldf.org
laden@naacpldf.org

Douglas H. Flaum
Michael B. de Leeuw
Adam M. Harris
FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000

Victor L. Goode
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF
COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215

*Counsel for Defendant-Intervenors South*

beeneyg@sullcrom.com

Wendy R. Weiser (*pro hac vice)*
Keesha M. Gaskins (*pro hac vice*)
Mimi Marziani (*pro hac vice*)
Elisabeth Genn (*pro hac vice*)
THE BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
161 Avenue of the Americas, Floor 12
New York, NY  10013-1205
Tel:  (646) 292-8310
Fax:  (212) 463-7308
keesha.gaskins@nyu.edu

Armand Derfner (D.C. Bar No. 177204)
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
P.O. Box 600
Charleston, SC 29402
Tel:  (843) 723-9804
Fax:  (843) 723-7446
aderfner@dawlegal.com

*Counsel for Defendant-Intervenors the League of Women Voters of South Carolina,* et al.

*Carolina State Conference of the NAACP,* et al.

## CERTIFICATION PURSUANT TO THE COURT'S APRIL 4, 2012 ORDER

Pursuant to the Court's Minute Order of April 4, 2012, the Defendant-Intervenors have consolidated their request for relief into a single motion.  Further consolidation with the United States is inappropriate in this instance because Plaintiff has challenged Defendant-Intervenors' witness.

Dated: August 20, 2012

Respectfully submitted,

/s/ Garrard R. Beeney_____
Garrard R. Beeney
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 291-9007
beeneyg@sullcrom.com

9

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2012, I filed the foregoing Statement with the Court's

electronic filing system, which will provide notice to all counsel of record.

/s/ Sean August Camoni

Sean August Camoni