**Exhibit 1**

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


STATE OF TEXAS,                    :
                                   :
        Plaintiff,                 :
      vs.                          :    Docket No. CA 11-1303
                                   :
UNITED STATES OF AMERICA and       :       Washington, D.C.
ERIC H. HOLDER, in his official    :    Tuesday, January 17, 2012
capacity as Attorney General of    :          8:00 a.m.
the United States                  :          Day One
                                   :
        Defendants, and            :
                                   :
Wendy Davis, et al.,               :
                                   :
        Intervenor-Defendants      :
-------------------------------------x
```

                          A.M. SESSION
                 TRANSCRIPT OF BENCH TRIAL
         BEFORE THE HONORABLE THOMAS B. GRIFFITH
             UNITED STATES CIRCUIT JUDGE   and
     HONORABLES ROSEMARY M. COLLYER and BERYL A. HOWELL
                UNITED STATES DISTRICT JUDGES


APPEARANCES:

For the Plaintiff:          ADAM K. MORTARA, Esquire
                            REED CLAY, Esquire
                            JOHN M. HUGHES, Esquire
                            ASHLEY C. KELLER, Esquire
                            Bartlit Beck Herman
                            Palenchar & Scott LLP


                            STACEY NAPIER, Esquire
                            ANGELA V. COLMENERO, Esquire
                            MATTHEW H. FREDERICK, Esquire
                            Office of Attorney General of Texas
                            P.O. Box 12548
                            Austin, TX 78711-2548

```
 1            JUDGE GRIFFITH:  Good morning.
 2       Good morning, welcome, glad that we're all finally here
 3  together and that I can be part of this.
 4       I'm Judge Griffith.  By statute I'm the Presiding Judge
 5  of the Three Judge District Court.  I am exercising my
 6  authority as the Presiding Judge to delegate the running of
 7  this event to Judge Collyer and we'll turn the time over to
 8  her.  Glad to do so.
 9            JUDGE COLLYER:  Thank you, sir.
10            JUDGE GRIFFITH:  We're going to switch seats because
11  the microphone here is better for her voice.
12            JUDGE COLLYER:  Thank you, sir.
13       I have half, I have half a paralyzed larynx, and so
14  therefore, I don't speak as loudly or as well as I use to.  I
15  use to scare people, but I don't do it as well anymore.
16       The only thing, we started at eight and the clock starts
17  at 8:15 in case there are last minute things.
18       The only thing that I know of is the Court's ruling;
19  that is, the three of us on the motion to exclude the defense
20  expert witnesses.
21       Is there anything else that needs to be raised before we
22  start the evidence?
23            MR. MORTARA:  From the State of Texas, no, Your
24  Honor.
25            JUDGE COLLYER:  All right.
```

1          MR. MELLETT:  Your Honor, Tim Mellett for the United
2  States.  There are a couple of points that I'd wish to make.
3          The United States and Defendant Intervenors will be
4  moving in exhibits in batches as opposed to individually.
5  We're going to make sure that we confer with the State so as to
6  economize on time.
7          The other thing that we wanted to make the Court aware
8  of is because of the tight time strictures that we have here,
9  you know, the eleven and a half hours with witnesses for time,
10 what we are planning on doing is that we are going to be
11 letting people know via time cards and stuff.  I wanted to let
12 the Court know that what that means occasionally is we will be
13 handing somebody a card up here, putting it up here.  I just
14 wanted to let the Court to know and we will try to be as
15 inobtrusive as possible.
16         JUDGE COLLYER:  That's fine.
17     I will say that I will be keeping track of the time and
18 there are no appeals.
19         MR. MELLETT:  Thank you, Your Honor.
20         JUDGE COLLYER:  You're welcome.
21      Anything else?
22         MR. MORTARA:  Your Honor --
23         JUDGE COLLYER:  Could you come forward and introduce
24 yourself?
25         MR. MORTARA:  Your Honor, Adam Mortara for the State

```
 1  of Texas.
 2        We have a few hands ups, folders with some slip sheets
 3  for Your Honors that are some helpful laments that will
 4  illustrate some of the key points in the case.  We'll give them
 5  to the other side.  They are just listings of the incumbents in
 6  various districts.  It can get quite confusing every time a
 7  member gets mentioned.
 8        We saw in the Section 2 trial one of the judges would
 9  ask what party is that member in.  So we created some lament
10  guides.
11        May we hand those up?
12           JUDGE COLLYER:  Yes, thank you.
13        All right, let me tell you what the Court's ruling is on
14  the motion to exclude expert witnesses for the defense.
15        I'm, I don't usually do this, but since there are three
16  of us who are agreeing, I'm going to actually read what we
17  three have agreed to.  Isn't that handy.
18        Texas asked the Court to exclude the testimony of
19  defendants' experts Dr. Theodore Arrington, Dr. Alan Lichtman,
20  Dr. Henry Flores and Professor J. Morgan Kousser for two
21  reasons.
22        First, Texas argues that it is not proper for an expert
23  witness to present an opinion on whether Texas enacted
24  redistricting plans with discriminatory intent because this is
25  an issue for the fact finder to determine.
```

1       And second, Texas contends these individuals are not
2  state of mind experts and offer little more than a summary of
3  defendants' evidence.
4       The motion will be granted only in part because it
5  reflects a stingy reading of the Federal Rules of Evidence and
6  the testimony of these experts intend to offer.
7       Federal Rule of Evidence 702 governs the admissibility
8  of expert testimony.  An expert is allowed to offer his opinion
9  if he is qualified by an, as an expert by knowledge, skill,
10 experience, training or education under Rule 702, and if his
11 testimony is relevant and reliable pursuant to Kumho Tire
12 versus Carmichael 526 U.S. 137.
13      The presumption under the federal rules is that expert
14 testimony is admissible.  Citing Daubert v. Merrell Dow
15 Pharmaceutical 509 U.S. 579.  Expert testimony is relevant if
16 it will assist the trier of fact to understand the evidence or
17 determine a fact in issue.  That's also Daubert.
18      Contrary to the argument presented by Texas, Rule 704 of
19 the Federal Rules of Evidence expressly provides that an
20 opinion is not objectionable just because it embraces an
21 ultimate issue.
22      District Courts have broad discretion to admit expert
23 testimony citing U.S. v Miller v Bill Harbor International
24 Construction 608 F.3d 871.  Such discretion is especially
25 brought here because there is no risk of jury confusion in a

bench trial.

Texas gives a narrow reading to the expert reports in deposition testimony when it complains defendants' experts merely summarize easy to understand documents such as e-mails under Texas legislative record.

In fact, the experts have examined mountains of data on demographics, registration records, voting patterns, alternative redistricting plans and the like with respect to multiple voting districts across the expanse of Texas.

To identify facts they believe especially relevant and helpful to the Court's decision here, the e-mails and legislative record constitute but a small part of that data.

However, Texas properly complains that experts can rarely, if ever, offer state of mind testimony.  For this reason expert testimony will be somewhat limited.

Dr. Arrington for instance, will not be allowed to opine on the actual intent of the Texas legislature.  In his declaration paragraph three he said but the actual intent of the legislature is to prevent any reflection of the explosive growth of Hispanic population and the relative decline of voting strength of Anglo voters since the 2000 census.  Close quote.

Actual intent is usually gleaned from direct words of intention expressed by the person or persons quoted reflecting what is in his mind.  Here, we're interested in discerning the

1  purpose of the Texas redistricting plans; that is, the
2  reasoning behind them which is somewhat more objective than
3  actual intent.
4      These experts may testify to what they infer or deduce
5  were the reasons behind Texas redistricting from the
6  application of their expertise to a set of facts, actions and
7  consequences.  Such testimony will reflect their own opinions
8  as to purpose not the quote actual close quote intention of
9  someone else.
10      Thus, to the extent the experts opine on purpose as
11  evidenced by actions and consequences that are deduced from
12  their analyses, their testimony will offer specialized
13  knowledge to help the trier of fact understand complex evidence
14  as contemplated by Rule 702 A.
15      The Court notes experts do not opine on how the law
16  applies to the facts and they will all be limited accordingly.
17      Dr. Arrington for instance, at paragraph 76 of his
18  declaration said such a justification would be a protection
19  against a claim of intentional discrimination under the
20  Arlington Heights approach to intent.  And in paragraph 107
21  such a skewed distribution is not justified on rational grounds
22  as required by the Arlington Heights factors.
23      Texas does not challenge the expertise, credentials or
24  methodology of these experts beyond its two points.
25      This Court is well equipped to appreciate the scope of

```
 1  expert opinion.  The testimony of these four experts will be
 2  admitted at trial.  The Court will make its own findings
 3  concerning the purpose of the plans from the record as a whole.
 4          Therefore, the motion is granted in part and denied in
 5  part.
 6          It's ten after.  We have a whole five extra minutes.
 7          Does anybody have anything to say or do you want to just
 8  get going?
 9          MR. MORTARA:  I have your folders, Your Honor.
10          JUDGE COLLYER:  Thank you, sir.  You can submit the
11  folders.
12          MR. MORTARA:  I have seven copies as with the
13  exhibits.
14          JUDGE COLLYER:  Thank you.
15          MS. PERALES:  Good morning, Your Honor, Nina Perales
16  for the Latino Task Force Defendant Intervenors.
17          JUDGE COLLYER:  Yes.
18          MS. PERALES:  We wanted to alert the Court to an
19  agreed motion that we filed yesterday evening regarding expert
20  witnesses and their last supplemental reports.
21          We've spoken to the State, cordially, and discussed some
22  of their more recent disclosures, those made in January and in
23  order to allow our experts to do their final supplemental
24  analysis and reports on the latter disclosed materials, we came
25  to an agreement that the deadline that the State can live with
```