# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-128 (DST, RMC, RLW) |
| ERIC H. HOLDER, JR., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

The United States has moved to compel the production of three categories of documents: (1) documents held by the Office of the Governor over which Texas asserts a deliberative process privilege; (2) documents held by the Department of Public Safety ("DPS") and the Office of the Secretary of State ("SoS") over which Texas asserts a state legislative privilege; and (3) documents held by the Texas Legislative Council ("TLC") over which Texas asserts an attorney-client privilege. Texas may well, as described below, have one or more privileges to assert. Unfortunately, Texas has failed to provide sufficient and complete privilege logs on which any such privileges may be analyzed. Texas will be granted 48 hours from the time this Order is posted to complete and submit proper privilege logs to the United States and this Court or, pursuant to this Order, the privileges will be deemed waived. At this time, the Court will grant the motion of the United States in part and deny it in part without prejudice.

1

I.   **Office of the Governor: Deliberative Process Privilege**

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotations omitted). The purpose of the privilege is to enhance the quality of agency decisions by promoting open, candid, and frank discussions among decision makers without fear that those discussions will become "front page news." *Id.* at 1066. A document must be both "predecisional" and "deliberative" to be covered by the privilege. *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). "A document is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates. Accordingly, to approve exemption of a document as predecisional, a court must be able to pinpoint an agency decision or policy to which the document contributed." *Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. United States Dept. of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987). The document is "deliberative" if "it reflects the give-and-take of the consultative process." *Id.* The deliberative process privilege is qualified and will yield to a sufficient showing of need. *Id.*

The United States contends that no deliberative process privilege should apply at all because it is inapplicable when a cause of action "turns on the government's intent." *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422 (D.C. Cir. 1998) ("*In re Subpoena I*").[1] The United States, however, misperceives the nature of

---

[1] As Texas points out, the holding in *In re Subpoena I* was narrowed on a petition for rehearing. *See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279 (D.C. Cir. 1998) ("*In re Subpoena II*"). On petition for rehearing, the Court clarified that "our holding that the deliberative process privilege is unavailable is limited to those circumstances in which the cause of action is directed at the agency's subjective motivation." *Id.* at 1280.

"government intent" at issue in a Section 5 case. Section 5 is "directed at," *In re Subpoena II* at 1280, and "turns on," *In re Subpoena I* at 1424, overall legislative purpose and not the purpose or motivation of individual actors. Thus, as the Court has recently directed, legislators and staff are required to testify about general legislative purpose but not individual intent. *See* May 17, 2012 Order [Dkt. # 122]. Similarly, the Governor's "subjective motivation," *In re Subpoena II* at 1280, in facilitating the bill's passage is not discoverable. If Texas provides sufficient detail to affirm a gubernatorial deliberative process over the withheld documents, those documents need not be produced.[2]

Unfortunately, Texas has failed to provide a privilege log sufficient to allow the Court to decide whether the documents from the Office of the Governor are entitled to protection under the deliberative process privilege. *See, e.g., N.L.R.B. v. Jakson Hosp. Corp.*, 257 F.R.D. 302, 309 (D.D.C. 2009) ("the Court . . . must be able to determine, from the privilege log, that the documents withheld are (1) pre-decisional; (2) deliberative; (3) do not 'memorialize or evidence' the agency's final policy; (4) were not shared with the public; and (5) cannot be produced in redacted form."). The majority of the documents Texas withheld are merely described as "bill analyses" of differing bills from differing legislative sessions. Texas offers neither more precise descriptors nor any connection to a specific decision by the Governor, nor is there any evidence that the documents reflect "deliberative" communications as they do not appear to be shared or discussed with anyone.[3] Texas has, accordingly, failed to demonstrate that the documents are either "deliberative" or "predecisional." *See Senate of the Com. of Puerto*

---

[2] Although the deliberative process privilege is qualified and will yield to a sufficient showing of need, the United States has failed to establish such a showing.

[3] The vast majority of the documents withheld under the deliberative process privilege list "N/A" under the recipient column.

*Rico*, 823 F.2d at 585 (agency must pinpoint the decision or policy to which a document contributed). Texas will have 48 hours to supplement its log.

## II. DPS and SoS: State Legislative Privilege

The Court has already held that "[t]he state legislative privilege is well grounded in Supreme Court case law" although the "contours of the privilege remain somewhat uncertain." April 20, 2012 Order [Dkt. # 84] at 1-2. The Court anticipates additional briefing on state legislative privilege following the deposition of State legislators that began on May 14, 2012, and the United States also may seek to compel the production of TLC documents withheld on the basis of state legislative privilege. *See* Reply U.S. Mot. to Compel [Dkt. # 104] at 10 n.11. Given that these outstanding issues have not yet been briefed, the Court finds it prudent to refrain from ruling on the state legislative privilege piecemeal and instead will deny this portion of the motion to compel without prejudice.

The Court, however, has no difficulty ruling that if an individual legislator has waived the legislative privilege, any documents withheld on the basis of that privilege must be produced. Accordingly, to the extent Senator Davis, Senator Gallegos, Senator Van de Putte, Representative Farias, Representative Giddings, and/or Representative Vaught have not asserted a legislative privilege, Texas must produce the documents being withheld on the basis of legislative privilege with respect to these legislators.[4] Similarly, Texas must produce all documents for which it asserted a legislative privilege without connection to a legislator, as lacking entirely any basis for the asserted privilege.

---

[4] While briefing refers to a "state" legislative privilege, the nomenclature only distinguishes it from a federal privilege. The privilege belongs to individual members of the State legislature, not to the State of Texas.

### III. TLC: Attorney-Client Privilege

When asserting attorney-client privilege, a privilege log should include "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Alexander v. F.B.I.*, 186 F.R.D. 102, 106 (D.D.C. 1998) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir.1992)). The privilege log submitted by Texas for the TLC falls well short of this standard. Amongst other omissions, nearly all of the withheld documents simply list "TLC" as either the sender or recipient of the communication. The TLC, however, is comprised of the Lieutenant Governor, the Speaker of the State House of Representatives, the Chair of the State House Administration Committee, six State senators and five other members of the State House of Representatives. Tx. Gov't Code § 323.001(b). It is unclear whether "TLC" referred to in the privilege logs is one of these individuals, a staff attorney in one of TLC's five divisions (only one of which is clearly legal in nature), or even a non-attorney staff member. Because the Court cannot even determine whether an *attorney* sent or received the allegedly privileged communication, let alone whether the attorney was *acting as an attorney* with respect to that communication and providing some type of legal service, the Court is unable to determine the propriety of the claimed privilege. *See In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984).

Texas has also withheld email communications "among Secretary of State Staff and attorneys." TLC Privilege Log at 1. Presumably the "attorneys" are TLC attorneys although the log is not entirely clear. Texas, however, has failed to make *any* argument that communications between TLC attorneys and Secretary of State staff are covered by the attorney-

client privilege and the Court will order the production of these documents. *See* Texas' Opp'n to Mot. to Compel [Dkt. # 98] at 11-20; *Hopkins v. Women's Div., Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (if a party fails to rebut an argument in opposition, the Court may deem it waived).

Finally, Texas argues that many of the withheld TLC documents are covered by a state legislative privilege in addition to an attorney-client privilege. To the extent a TLC employee is engaged in a "legislative act[]" that would have be "privileged if performed by the [legislator] personally," *Gravel v. U.S.*, 408 U.S. 606, 616 (1972), Texas has a strong argument that the communications are privileged. The United States, however, did not move to compel the production of documents that were withheld under a state legislative privilege, only those withheld under an attorney-client privilege. In the absence of a motion seeking to compel their production, the Court will not determine the extent to which each of the claimed documents is appropriately covered by the privilege.

It is hereby **ORDERED** that the United States' motion to compel [Dkt. # 93] is **GRANTED** in part and **DENIED** without prejudice in part; and it is

**FURTHER ORDERED** that Texas shall produce (to the Court and the United States) a complete and sufficient Office of Governor's Privilege Log by no later than 6:00 p.m. EST May 23, 2012; and it is

**FURTHER ORDERED** that Texas shall produce all documents withheld on the basis of legislative privilege where (1) no specific legislator asserting the privilege is identified in its privilege log, and (2) the specific legislators identified have not asserted a legislative privilege. These documents shall be produced no later than May 23, 2012; and it is

**FURTHER ORDERED** that Texas shall produce (to the Court and the United States) a complete and sufficient TLC Privilege Log by no later than 6:00 p.m. EST May 23, 2012; and it is

**FURTHER ORDERED** that the documents withheld on the basis of attorney-client privilege between TLC attorneys and Secretary of State Staff (TX_00032285 – TX_00032290) be produced no later than May 23, 2012; and it is

**FURTHER ORDERED** that failure to timely submit a complete and sufficient Office of the Governor and TLC privilege log for any of the documents withheld shall be deemed a waiver of the asserted privilege such that the documents must be produced; and it is

**FURTHER ORDERED** that to the extent the United States seeks to compel the production of additional documents after it receives the updated privilege logs, it file its motion no later than May 25, 2012. Texas shall respond no later than May 29, 2012, and the United States may reply no later than May 30, 2012.

Date: May 21, 2012

_____/s/_____
DAVID S. TATEL
United States Circuit Judge

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

_____/s/_____
ROBERT L. WILKINS
United States District Judge