UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF SOUTH CAROLINA,

   Plaintiff,

     v.

UNITED STATES OF AMERICA, and
ERIC HIMPTON HOLDER, JR., in his
official capacity as Attorney General of the
United States,

   Defendants,

JAMES DUBOSE, *et al.*,

   Defendant-Intervenors.

Civil Action No. 12-203
(BMK) (JDB) (CKK)

**ORDER**
(August 22, 2012)

Pursuant to the Trial Procedures Order, the parties submitted five motions *in limine* and a number of objections to exhibits and deposition designations for the Court's consideration in advance of the trial set to commence on August 27, 2012.  It is, this 22nd day of August, 2012, hereby

**ORDERED** that Plaintiff's [165] Motion to Exclude Testimony of Theodore Arrington and Orville Burton is DENIED to the extent it seeks to exclude the testimony of Dr. Arrington and Dr. Burton, and otherwise is taken under advisement.  The Court shall consider Plaintiff's methodological objections in evaluating Dr. Arrington's and Dr. Burton's testimony.

IT IS **FURTHER ORDERED** that Plaintiff's [166] Motion to Exclude Testimony of Charles Stewart is DENIED to the extent it seeks to exclude the testimony of Dr. Stewart, and

1

otherwise is taken under advisement.  The Court shall consider Plaintiff's methodological objections in evaluating Dr. Stewart's testimony.

IT IS **FURTHER ORDERED** that Defendant-Intervenors' [169] Motion *in Limine* for an Adverse Inference Due to Plaintiff's Failure to Preserve Evidence is taken under advisement and will be considered in the framework of the trial as a whole.

IT IS **FURTHER ORDERED** that Plaintiff's [170] Motion to Exclude the Trial Testimony of Dr. John C. Ruoff is DENIED.  The Defendant-Intervenors amended their initial disclosures to include Dr. Ruoff within the timeframe proscribed by Federal Rule of Civil Procedure 26(e).  Although the Third Revised Scheduling and Procedures Order, ECF No. [121], required the parties to file revised witness lists by July 20, 2012, a power outage at the Courthouse on that day shutdown the Court's electronic filing system.  None of the parties— including the Plaintiff—were able to file their revised witness lists until July 21, 2012. Moreover, as Dr. Ruoff's written direct testimony demonstrates, Dr. Ruoff is not offering expert testimony, but rather seeks to explain the process he used to create certain demonstrative exhibits regarding public transportation in South Carolina.  Written Direct Test. by Dr. John C. Ruoff, ECF No. [220].

IT IS **FURTHER ORDERED** that all exhibits and deposition designations the parties seek to introduce into evidence shall be admitted subject to the objections stated in the parties' Joint Pretrial Submission, except with regards to demonstrative exhibits.  Pursuant to the Clarification of the Trial Procedures Order, ECF No. [164], the parties shall exchange demonstrative exhibits twenty-four hours prior to the time the exhibits are to be introduced.  The parties shall raise any objections to the demonstratives before trial resumes on the day the exhibits are to be introduced.  The Court will otherwise resolve all objections as part of the

Court's ultimate findings and conclusions in this case.

**SO ORDERED.**

_/s/_
**BRETT M. KAVANAUGH**
UNITED STATES CIRCUIT JUDGE

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE